**SUMMONS - CIVIL**
JD-CV-1  Rev. 4-16
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259,  P.B. §§ 3-1 through 3-21, 8-1, 10-13

STATE OF CONNECTICUT
**SUPERIOR COURT**
www.jud.ct.gov

**See other side for instructions**

☐ "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.

☒ "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.

☐ "X" if claiming other relief in addition to or in lieu of money or damages.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| Address of court clerk where writ and other papers shall be filed *(Number, street, town and zip code)* (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk *(with area code)* | Return Date *(Must be a Tuesday)* |
|---|---|---|
| 70 Huntington Street, New London, CT 06320 | ( 860 ) 443-5363 | September  26 , 2 017 <br> Month  Day  Year |

| ☒ Judicial District | ☐ G.A. | At *(Town in which writ is returnable)* (C.G.S. §§ 51-346, 51-349) | Case type code *(See list on page 2)* |
|---|---|---|---|
| ☐ Housing Session | Number: | New London | Major: V   Minor: 01 |

**For the Plaintiff(s) please enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented  *(Number, street, town and zip code)* | Juris number *(to be entered by attorney only)* |
|---|---|
| The Reardon Law Firm, P.C., 160 Hempstead Street, New London, CT 06320 | 102515 |

| Telephone number *(with area code)* | Signature of Plaintiff *(If self-represented)* |
|---|---|
| ( 860 )  442-0444 | |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. | ☐ Yes ☐ No | Email address for delivery of papers under Section 10-13 *(if agreed to)* |
|---|---|---|

| Number of Plaintiffs: 4 | Number of Defendants: 2 | ☒ Form JD-CV-2 attached for additional parties |
|---|---|---|

| Parties | Name *(Last, First, Middle Initial)* and Address of Each party *(Number; Street; P.O. Box; Town; State; Zip; Country, if not USA)* | |
|---|---|---|
| First Plaintiff | Name: Estate of Ashley Ferguson Jones, by Marshall Jones <br> Address: 2 Walnut Street, Middletown, CT 06457 | P-01 |
| Additional Plaintiff | Name: Jones, Marshall <br> Address: 2 Walnut Street, Middletown, CT 06457 | P-02 |
| First Defendant | Name: MGR Freight System, Inc. <br> Address: 500 West Plainfield Road, Countryside, IL 60525 | D-01 |
| Additional Defendant | Name: Marcu, Nicolae <br> Address: 453 Route 101, Bedford, NH 03110 | D-02 |
| Additional Defendant | Name: <br> Address: | D-03 |
| Additional Defendant | Name: <br> Address: | D-04 |

## Notice to Each Defendant

1. **YOU ARE BEING SUED.** This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at  *www.jud.ct.gov*  under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at *www.jud.ct.gov*  under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly.  **The Clerk of Court is not allowed to give advice on legal questions.**

| Signed *(Sign and "X" proper box)* | ☒ Commissioner of the Superior Court <br> ☐ Assistant Clerk | Name of Person Signing at Left <br> Kelly E. Reardon | Date signed <br> 08/30/2017 |
|---|---|---|---|

| If this Summons is signed by a Clerk: | For Court Use Only |
|---|---|
| a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts. <br> b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law. <br> c. The Clerk is not permitted to give any legal advice in connection with any lawsuit. <br> d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint. | File Date |

| I certify I have read and understand the above: | Signed *(Self-Represented Plaintiff)* | Date | Docket Number |
|---|---|---|---|

Print Form

(Page 1 of 2)

Reset Form

**CIVIL SUMMONS**
**CONTINUATION OF PARTIES**
JD-CV-2    Rev. 9-12

STATE OF CONNECTICUT
**SUPERIOR COURT**

First named Plaintiff *(Last, First, Middle Initial)*
**Estate of Ashley Ferguson Jones, by Marshall Jones**

First named Defendant *(Last, First, Middle Initial)*
**MGR Freight System, Inc.**

## Additional Plaintiffs

| Name *(Last, First, Middle Initial, if individual)*    Address *(Number, Street, Town and Zip Code)* | CODE |
|---|---|
| **Jones, Aaliyah, ppa Marshall Jones, 2 Walnut Street, Middletown, CT 06457** | 03 |
| **Jones, Michael, ppa Marshall Jones, 2 Walnut Street, Middletown, CT 06457** | 04 |
| | 05 |
| | 06 |
| | 07 |
| | 08 |
| | 09 |
| | 10 |
| | 11 |
| | 12 |
| | 13 |

## Additional Defendants

| Name *(Last, First, Middle Initial, if individual)*    Address *(Number, Street, Town and Zip Code)* | CODE |
|---|---|
| | 05 |
| | 06 |
| | 07 |
| | 08 |
| | 09 |
| | 10 |
| | 11 |

| | | FOR COURT USE ONLY - File Date |
|---|---|---|
| | 12 | |
| | 13 | |
| | 14 | Docket number |

CIVIL SUMMONS-Continuation

RETURN DATE: SEPTEMBER 26, 2017

| | | |
|---|---|---|
| ESTATE OF ASHLEY FERGUSON | : | SUPERIOR COURT |
| JONES BY MARSHALL JONES, | : | |
| ADMINISTRATOR, MARSHALL JONES, | : | |
| INDIVIDUALLY, AALIYAH JONES and | : | JUDICIAL DISTRICT OF |
| MICHAEL JONES, PPA MARSHALL JONES | : | NEW LONDON AT |
| | : | NEW LONDON |
| V. | : | |
| | : | |
| MGR FREIGHT SYSTEM, INC. and | : | |
| NICOLAE MARCU | : | AUGUST 30, 2017 |

## COMPLAINT

**FIRST COUNT:**     **(Wrongful Death Action as to MGR Freight System, Inc. and Nicolae Marcu Pursuant to § 52-555 of the Connecticut General Statutes Brought By Estate of Ashley Ferguson Jones)**

1.     On or about December 17, 2016, Marshall Jones was appointed the Administrator of the Estate of Ashley Ferguson Jones, the Plaintiff's decedent, by the Middletown Probate Court and acting as such Administrator brings this action for the injuries and death of his wife, Ashley Ferguson Jones, pursuant to §52-555 of the Connecticut General Statutes.

2.     On December 1, 2016, the Plaintiff's decedent was the operator of a motor vehicle stopped within the emergency shoulder area of Interstate 95 near Old Lyme, Connecticut, for an emergency involving her child.

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

3.     At the same time and place, the Defendant, Nicolae Marcu [hereinafter "Defendant Marcu"], was the operator of a tractor trailer truck traveling on Interstate 95 near Old Lyme, Connecticut.

4.     On December 1, 2016, and at all relevant times, the Defendant, MGR Freight System, Inc. [hereinafter "Defendant MGR"], was and is an Illinois Corporation with its principal place of business in Countryside, Illinois, which owned and operated a trucking company providing transportation and/or shipping services around the country, including in Connecticut.

5.     On December 1, 2016 and at all relevant times, the Defendant Marcu was and is an agent, apparent agent, servant and/or employee of the Defendant MGR and was acting within the scope of his agency, apparent agency, servitude and/or employment with the Defendant MGR by operating a tractor trailer truck in the State of Connecticut and on its roadways and highways.

6.     At the same time and place, the truck operated by the Defendant Marcu was owned by the Defendant MGR.

7.     At all times mentioned herein, the Defendant Marcu was operating said tractor trailer truck with the consent, knowledge, permission and/or authority of the Defendant MGR.

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

8.      At the same time and place, when the Plaintiff's decedent stopped her vehicle in the emergency shoulder area and exited it to attend to her small child who seated in her car seat in the rear of the vehicle experiencing an urgent sickness, the Defendant Marcu suddenly and without warning drove his tractor trailer truck into said shoulder area, striking the Plaintiff's decedent and her vehicle, causing the Plaintiff's decedent's body to be thrown through the air more than 70 feet, slamming her to the ground, and causing her to suffer traumatic injuries that resulted in her untimely death.

9.      Said collision and the resulting injuries and damages to the Plaintiff's decedent were caused by the negligence, carelessness, and statutory violations of the Defendant Marcu in that he:

> a. violated § 14-230 of the Connecticut General Statutes by failing to move his vehicle to the left hand lane when overtaking a parked and/or standing vehicle in the breakdown lane;
>
> b. violated § 14-240 of the Connecticut General Statutes by failing to drive a reasonable distance from other vehicles, including the Plaintiffs' vehicle;
>
> c. violated § 14-218a of the Connecticut General Statutes by operating his motor vehicle at an unreasonable rate of speed without due regard for the width, traffic and use of the roadway and the conditions then and there existing;
>
> d. violated § 14-222 of the Connecticut General Statutes by operating his vehicle recklessly without due regard for the width, traffic and use of the roadway and the conditions then and there existing;

3

e.  violated § 14-80h of the Connecticut General Statutes by failing to equip or maintain his motor vehicle with adequate brakes;

f.  violated § 14-81 of the Connecticut General Statutes by failing to equip his motor vehicle with an adequate braking system on all wheels;

g.  violated § 14-98a of the Connecticut General Statutes by operating his motor vehicle with unsafe tires;

h.  violated § 14-296aa(b) of the Connecticut General Statutes by operating an electronic device while operating a motor vehicle;

i.  violated § 14-296aa(b)(1) of the Connecticut General Statutes by operating a motor vehicle while typing, sending, and/or reading text messages from his cellular telephone;

j.  violated 49 C.F.R. § 392.3 of the by operating his motor vehicle while fatigued and/or ill;

k.  violated 49 C.F.R. § 392.4 by operating his motor vehicle while under the influence of drugs and/or other substances;

l.  violated 49 C.F.R. § 392.5 by operating his motor vehicle while under the influence of alcohol;

m. violated 49 C.F.R. § 392.7 by operating his motor vehicle with parts and/or accessories that were not in good working order;

n.  violated 49 C.F.R. § 392.80 by operating his motor vehicle while texting;

o.  violated 49 C.F.R. § 392.82 by operating his motor vehicle while using a hand-held mobile telephone;

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

p.  violated 49 C.F.R. § 393.40 by operating his motor vehicle without adequate brakes;

q.  violated 49 C.F.R. § 393.42 by operating his motor vehicle without brakes acting on all wheels;

r.  violated 49 C.F.R. § 393.48 by operating his motor vehicle without operative brakes;

s.  violated 49 C.F.R. § 393.75 by operating his motor vehicle with unsafe tires;

t.  violated 49 C.F.R. § 393.81 by operating his motor vehicle with a horn that was not in such condition as to give an adequate and reliable warning signal;

u.  violated 49 C.F.R. §391.41 by operating a commercial motor vehicle without being physically qualified to do so;

v.  violated 49 C.F.R. §  392.2 by failing to obey the traffic laws of the state in which he was operating;

w.  violated 49 C.F.R. § 395.3 by failing to comply with requirements regarding rest periods and maximum consecutive driving hours;

x.  violated 49 C.F.R. §396.1 by failing to comply with the requirements of 49 C.F.R. Subtitle B, Chapter III, Subchapter B, Part 396 regarding inspection, repair and maintenance;

y.  violated 49 C.F.R. § 396.7 by operating a motor vehicle in an unsafe condition;

z.  failed to move his vehicle to the left hand lane when overtaking a parked and/or standing vehicle in the breakdown lane;

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

aa. failed to drive a reasonable distance from other vehicles on the roadway;

bb. operated his motor vehicle at an unreasonable rate of speed without due regard for the width, traffic and use of the roadway and the conditions then and there existing;

cc. operated his motor vehicle in a reckless and dangerous manner;

dd. failed to have and keep his vehicle under reasonable and proper control;

ee. failed to apply his brakes in a timely manner or otherwise turn his vehicle so as to avoid a collision;

ff. failed to sound his horn or otherwise warn of his impending approach;

gg. was inattentive and failed to keep a proper lookout while operating his motor vehicle when he knew said conduct was likely to cause a collision;

hh. failed to exercise due care and caution and drove his vehicle directly into the side of the Plaintiffs' vehicle thereby causing a collision;

ii. failed to make proper use of his faculties and senses so as to avoid a collision;

jj. failed to equip or maintain his motor vehicle with adequate brakes;

kk. failed to equip or maintain his motor vehicle with adequate and safe tires;

ll. operated his motor vehicle while operating a cellular telephone;

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

mm.    operated his motor vehicle while typing, sending, and/or reading text messages from his cellular telephone;

nn. failed under all the circumstances then and there existing to take reasonable and proper precautions to avoid the probability of harm to the Plaintiff;

oo. failed to operate his vehicle so as to avoid endangering other lawful users of the roadway; and

pp. struck the side of the Plaintiff's vehicle.

10.    As a result of the negligence, carelessness and statutory violations of the Defendant Marcu, the Plaintiff's decedent's body was thrown through the air and struck the pavement.  As a further result, she sustained multiple traumatic injuries, including dismemberment of her right leg, which was thrown from her body, lacerations, contusions and abrasions to her head, face, neck, chest, abdomen, liver, spleen, lungs and arms, fractures of the jaw, skull, pelvis, spine, ankle and shin, and hemorrhage of the scalp and brain.  As a further result, she experienced conscious pain and suffering before her death.

11.    As a result of the negligence, carelessness, and statutory violations of the Defendant, the Plaintiff's decedent was required to spend various sums of money for medical care and treatment necessitated by said injuries all to her loss and damage.

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

12.     As a result of the negligence, carelessness and statutory violations of the Defendant, the Plaintiff's decedent suffered physical and mental pain, anguish and anxiety, as well as conscious pain and suffering.

13.     As a further result of the negligence, carelessness and statutory violations of the Defendant, the Plaintiff's decedent suffered the premature loss of the enjoyment of all of life's activities.

14.     As a further result of the negligence, carelessness and statutory violations of the Defendant, her Estate incurred funeral and/or burial expenses necessitated by his death, all to its loss and damage.

15.     As a further result of the negligence, carelessness and statutory violations of the Defendant, the Plaintiff's decedent suffered economic loss in the form of loss of the ability to earn income throughout the course of her lifetime.

**SECOND COUNT:** **(Wrongful Death – Recklessness as to Nicolae Marcu Pursuant to § 14-295 of the Connecticut General Statutes Brought By Estate of Ashley Ferguson Jones)**

1-3.     Paragraphs One (1) through Three (3) of the First Count are incorporated and hereby made Paragraphs One (1) through Three (3) of this the Second Count as if more fully set forth herein.

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

4.      Paragraph Eight (8) of the First Count is incorporated and hereby made Paragraph Four (4) of this the Second Count as if more fully set forth herein.

5.      The collision and resulting injuries and damages to the Plaintiff's decedent were caused by the recklessness and misconduct of the Defendant Marcu in one or more of the following respects, in that he:

a.      operated his vehicle deliberately or with reckless disregard for the safety of others, in violation of § 14-218a of the Connecticut General Statutes by driving at an unreasonable rate of speed on a heavily traveled roadway without due regard for the width, traffic and use of said roadway, even though he knew or should have known his actions presented a high degree of danger, yet ignored said risk and danger resulting in the Defendant driving his vehicle directly into the side of the Plaintiff's decedent's vehicle; and

b.      operated his vehicle deliberately or with reckless disregard for the safety of others, in violation of § 14-222 of the Connecticut General Statutes by operating his motor vehicle recklessly by looking away from the roadway while operating his vehicle at such a rate of speed as to endanger the life of any person other than the operator, thereby causing a collision with the Plaintiff's decedent's vehicle, even though he knew or should have known his actions presented a high degree of danger, yet ignored said risk and danger.

6.      Said reckless conduct and statutory violations were in violation of Connecticut General Statutes § 14-295 and were a substantial factor in causing the collision and the Plaintiff's decedent's injuries and damages resulting therefrom.

7.      As a result of the reckless conduct and statutory violations of the Defendant Marcu, the Plaintiff's decedent's body was thrown through the air and struck

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

the pavement.  As a further result, she sustained multiple traumatic injuries, including dismemberment of her right leg, which was thrown from her body, lacerations, contusions and abrasions to her head, face, neck, chest, abdomen, liver, spleen, lungs and arms, fractures of the jaw, skull, pelvis, spine, ankle and shin, and hemorrhage of the scalp and brain.  As a further result, she experienced conscious pain and suffering before her death.

8.     As a result of the reckless conduct and statutory violations of the Defendant, the Plaintiff's decedent was required to spend various sums of money for medical care and treatment necessitated by said injuries all to her loss and damage.

9.     As a result of the reckless conduct and statutory violations of the Defendant, the Plaintiff's decedent suffered physical and mental pain, anguish and anxiety, as well as conscious pain and suffering.

10.     As a further result of the reckless conduct and statutory violations of the Defendant, the Plaintiff's decedent suffered the premature loss of the enjoyment of all of life's activities.

11.     As a further result of the reckless conduct and statutory violations of the Defendant, her Estate incurred funeral and/or burial expenses necessitated by his death, all to its loss and damage.

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

12.     As a further result of the reckless conduct and statutory violations of the Defendant, the Plaintiff's decedent suffered economic loss in the form of loss of the ability to earn income throughout the course of her lifetime.

**THIRD COUNT:**     **(Wrongful Death – Common Law Recklessness as to Nicolae Marcu Brought By Estate of Ashley Ferguson Jones)**

1-3.     Paragraphs One (1) through Three (3) of the First Count are incorporated and hereby made Paragraphs One (1) through Three (3) of this the Third Count as if more fully set forth herein.

4.     Paragraph Eight (8) of the First Count is incorporated and hereby made Paragraph Four (4) of this the Third Count as if more fully set forth herein.

5.     The collision and resulting injuries and damages to the Plaintiff's decedent were caused by the recklessness and misconduct of the Defendant Marcu in one or more of the following respects, in that he:

　　a.   operated his vehicle deliberately or with reckless disregard for the safety of others, including the Plaintiff's decedent, by driving at a high rate of speed and onto the shoulder of the roadway even though he knew or should have known that there was a stopped and/or disabled vehicle on the shoulder and that his actions presented a high degree of danger, yet ignored said risk and danger thereby driving his vehicle directly into the side of the Plaintiff's decedent's vehicle; and

　　b.   operated his vehicle deliberately or with reckless disregard for the safety of others, including the Plaintiff's decedent, by looking away from the roadway while accelerating and crossing over into the shoulder of the

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

roadway, even though he knew or should have known his actions presented a high degree of danger of striking a disabled vehicle on the shoulder of the roadway, yet ignored said risk and danger.

6.      The reckless and wanton conduct of the Defendant Marcu, as aforesaid, was a substantial factor in causing the collision and the Plaintiff's decedent's injuries and damages resulting therefrom.

7.      As a result of the reckless conduct of the Defendant Marcu, the Plaintiff's decedent's body was thrown through the air and struck the pavement.  As a further result, she sustained multiple traumatic injuries, including dismemberment of her right leg, which was thrown from her body, lacerations, contusions and abrasions to her head, face, neck, chest, abdomen, liver, spleen, lungs and arms, fractures of the jaw, skull, pelvis, spine, ankle and shin, and hemorrhage of the scalp and brain.  As a further result, she experienced conscious pain and suffering before her death.

8.      As a result of the reckless conduct of the Defendant, the Plaintiff's decedent was required to spend various sums of money for medical care and treatment necessitated by said injuries all to her loss and damage.

9.      As a result of the reckless conduct of the Defendant, the Plaintiff's decedent suffered physical and mental pain, anguish and anxiety, as well as conscious pain and suffering.

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

10.    As a further result of the reckless conduct of the Defendant, the Plaintiff's decedent suffered the premature loss of the enjoyment of all of life's activities.

11.    As a further result of the reckless conduct of the Defendant, her Estate incurred funeral and/or burial expenses necessitated by his death, all to its loss and damage.

12.    As a further result of the reckless conduct of the Defendant, the Plaintiff's decedent suffered economic loss in the form of loss of the ability to earn income throughout the course of her lifetime.

**FOURTH COUNT:**    **(Wrongful Death Action as to MGR Freight System, Inc. Brought By Estate of Ashley Ferguson Jones)**

1-8.    Paragraphs One (1) through Eight (8) of the First Count are incorporated and hereby made Paragraphs One (1) through Eight (8) of this the Fourth Count as if more fully set forth herein.

9.    The collision and resulting injuries were caused by the negligence, carelessness and statutory violations of the Defendant MGR and its agents, servants and/or employees, including the Defendant Marcu, in one or more of the following respects, in that they:

a.    violated 49 C.F.R. § 390.3 by failing to teach the Defendant Marcu applicable regulations as provided in 49 C.F.R. Subtitle B, Chapter III, Subchapter B;

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

b.  violated 49 C.F.R. § 390.11 by failing to require observance of all applicable duties and prohibitions by the Defendant Marcu;

c.  violated 49 C.F.R. §391.11 by permitting an unqualified person to drive a commercial motor vehicle;

d.  violated 49 C.F.R. §391.23 by failing to check the Defendant Marcu's driver's history and references;

e.  violated 49 C.F.R. 391.25 by failing to do an annual inquiry and review of driving record for the Defendant Marcu;

f.  violated 49 C.F.R. § 392.3 by permitting the Defendant Marcu to operate a commercial motor vehicle with impaired ability and/or alertness;

g.  violated 49 C.F.R. § 392.6 by permitting and/or requiring the operation of a commercial motor vehicle in such a manner as would necessitate speeding;

h.  violated 49 C.F.R. § 392.80 by permitting the Defendant Marcu to engage in texting while driving a commercial motor vehicle;

i.  violated 49 C.F.R. § 392.82 by permitting the Defendant Marcu to use a hand-held mobile telephone while driving a commercial motor vehicle;

j.  violated 49 C.F.R. § 393.1 by failing to comply with the requirements and specifications of 49 C.F.R. Subtitle B, Chapter III, Subchapter B, Part 393, including but not limited to, Subpart C- Brakes;

k.  violated 49 C.F.R. 395.3 by permitting and/or requiring the Defendant Marcu to operate a motor vehicle without complying with requirements regarding rest periods and maximum consecutive driving hours;

l.  failed to properly train and supervise their employees, agents and/or servants, including the Defendant Marcu, regarding the requirements of 49 C.F.R. § 395.8 and the proper maintenance of a driver duty status record;

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

m.   violated 49 C.F.R. 396.1 by failing to comply with the requirements of 49 C.F.R. Subtitle B, Chapter III, Subchapter B, Part 396, regarding inspection, repair and maintenance;

n.   violated 49 C.F.R. §396.17 by failing to conduct periodic motor vehicle inspections of said commercial motor vehicle;

o.   failed to adequately evaluate and screen employees, agents and/or servants, including the Defendant Marcu, before permitting them to operate a tractor-trailer.

p.   failed to properly maintain and service their tractor-trailer vehicle;

q.   provided their employees, agents and/or servants with improperly maintained, improperly serviced and defective company motor vehicles;

r.   failed to hire an adequate number of employees, agents and/or servants as drivers to safely complete required tasks and responsibilities in a reasonable timeframe thereby preventing the need for said employees, agents and/or servants, including the Defendant Marcu, to rush from one task to another and to work fourteen hours without a break;

s.   allowed driver employees, agents and/or servants, including the Defendant Marcu, to operate company motor vehicles without proper instruction and training regarding the safe operation of a tractor-trailer;

t.   failed to obtain and review driving records for driver employees, agents and/or servants, including the Defendant Marcu, before permitting them to operate a company motor vehicle;

u.   entrusted the Defendant Marcu with a company owned tractor-trailer motor vehicle to operate while in the course of his employ without first verifying and evaluating his ability to operate said motor vehicle safely; and

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

     v.     permitted the Defendant Marcu to drive a commercial motor vehicle without proper knowledge and/or training regarding securing cargo thereon.

10.     As a result of the negligence, carelessness and statutory violations of the Defendant MGR, the Plaintiff's decedent's body was thrown through the air and struck the pavement.  As a further result, she sustained multiple traumatic injuries, including dismemberment of her right leg, which was thrown from her body, lacerations, contusions and abrasions to her head, face, neck, chest, abdomen, liver, spleen, lungs and arms, fractures of the jaw, skull, pelvis, spine, ankle and shin, and hemorrhage of the scalp and brain.  As a further result, she experienced conscious pain and suffering before her death.

11.     As a result of the negligence, carelessness, and statutory violations of the Defendant MGR, the Plaintiff's decedent was required to spend various sums of money for medical care and treatment necessitated by said injuries all to her loss and damage.

12.     As a result of the negligence, carelessness and statutory violations of the Defendant MGR, the Plaintiff's decedent suffered physical and mental pain, anguish and anxiety, as well as conscious pain and suffering.

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

13.     As a further result of the negligence, carelessness and statutory violations of the Defendant MGR, the Plaintiff's decedent suffered the premature loss of the enjoyment of all of life's activities.

14.     As a further result of the negligence, carelessness and statutory violations of the Defendant MGR, her Estate incurred funeral and/or burial expenses necessitated by his death, all to its loss and damage.

15.     As a further result of the negligence, carelessness and statutory violations of the Defendant MGR, the Plaintiff's decedent suffered economic loss in the form of loss of the ability to earn income throughout the course of her lifetime.

**FIFTH COUNT:**          **(Loss of Consortium as to Nicolae Marcu Brought By Marshall Jones)**

1-15.   Paragraphs One (1) through Fifteen (15) of the First Count are incorporated and hereby made Paragraphs One (1) through Fifteen (15) of this the Fifth Count as if more fully set forth herein.

16.     As a result of the negligence and carelessness of the Defendant, as aforesaid, the Plaintiff, Marshall Jones, husband of the Plaintiff's decedent, Ashley Jones, has been and will be deprived of the love, comfort, association, companionship, support, services, care, affection, society and consortium of his wife and will continue to suffer such deprivation in the future.

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

**SIXTH COUNT:**     **(Loss of Consortium as to MGR Freight System, Inc. Brought By Marshall Jones)**

1-15.   Paragraphs One (1) through Fifteen (15) of the Fourth Count are incorporated and hereby made Paragraphs One (1) through Fifteen (15) of this the Sixth Count as if more fully set forth herein.

17.     As a result of the negligence and carelessness of the Defendant, as aforesaid, the Plaintiff, Marshall Jones, husband of the Plaintiff's decedent, Ashley Jones, has been and will be deprived of the love, comfort, association, companionship, support, services, care, affection, society and consortium of his wife and will continue to suffer such deprivation in the future.

**SEVENTH COUNT:**     **(Bystander Emotional Distress as to Nicolae Marcu and MGR Freight System, Inc. Brought By Aaliyah Jones, ppa Marshall Jones)**

1-15.   Paragraphs One (1) through Fifteen (15) of the First Count are incorporated and hereby made Paragraphs One (1) through Fifteen (15) of this the Seventh Count as if more fully set forth herein.

16-30. Paragraphs One (1) through Fifteen (15) of the Fourth Count are incorporated and hereby made Paragraphs Sixteen (6) through Thirty (30) of this the Seventh Count as if more fully set forth herein.

18

31.     At all times mentioned herein, the Plaintiff, Marshall Jones, was and is the father of the Plaintiff, Aaliyah Jones, who, at the time of this incident, was a minor child.

32.     At all times mentioned herein, the Plaintiff's decedent, Ashley Jones, was the mother of the Plaintiff, Aaliyah Jones, who, at the time of this incident, was a minor child.

33.     On December 1, 2016, when the Plaintiff's decedent was killed in a motor vehicle collision and her body from the side of the vehicle, her daughter, the Plaintiff, Aaliyah Jones, was in close proximity to her and contemporaneously witnessed get struck by a vehicle, get thrown a distance and land on the pavement, suffer fatal injuries, suffer conscious pain and suffering and die.  As a result, the Plaintiff, Aaliyah Jones, has suffered from nervous shock, extreme emotional turmoil and mental distress, all caused by the sight of her mother getting killed due to the negligence and carelessness of the Defendants.

34.     As a further result of the Defendants' conduct, the Plaintiff, Aaliyah Jones, has suffered painful psychiatric conditions requiring her to undergo mental health counseling, treatment and to receive prescription medications, and requiring her to spend various sums of money for these treatments.

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street  •  P.O. Drawer 1430  •  New London, CT 06320  •  Tel. (860) 442-0444  •  Juris No. 102515

35.    As a further result, the Plaintiff, Aaliyah Jones, will likely suffer emotional distress and mental pain for the rest of her life, requiring her to spend additional sums of money for psychiatric and psychological care, mental health care and treatment, and prescription medications, all to her loss and damage.

**EIGHTH COUNT:**          **(Loss of Consortium as to Nicolae Marcu and MGR Freight System, Inc. Brought By Michael Jones, ppa Marshall Jones)**

1-15.  Paragraphs One (1) through Fifteen (15) of the First Count are incorporated and hereby made Paragraphs One (1) through Fifteen (15) of this the Eighth Count as if more fully set forth herein.

16-30. Paragraphs One (1) through Fifteen (15) of the Fourth Count are incorporated and hereby made Paragraphs Sixteen (6) through Thirty (30) of this the Eighth Count as if more fully set forth herein.

31.    The Plaintiff, Michael Jones, at all times hereafter mentioned, was the minor child of Ashley Jones.

32.    As a result of the above incident and the negligence and carelessness of the Defendants, the Plaintiff, Michael Jones, was and will in the future be deprived of the financial support, services, care, affection, comfort, companionship, society and consortium of his mother, Ashley Jones, all to his loss and detriment.

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

**NINTH COUNT:**          **(Loss of Consortium as to Nicolae Marcu and MGR Freight System, Inc. Brought By Aaliyah Jones, ppa Marshall Jones)**

1-15.  Paragraphs One (1) through Fifteen (15) of the First Count are incorporated and hereby made Paragraphs One (1) through Fifteen (15) of this the Ninth Count as if more fully set forth herein.

16-30. Paragraphs One (1) through Fifteen (15) of the Fourth Count are incorporated and hereby made Paragraphs Sixteen (6) through Thirty (30) of this the Ninth Count as if more fully set forth herein.

31.     The Plaintiff, Aaliyah Jones, at all times hereafter mentioned, was the minor child of Ashley Jones.

32.     As a result of the above incident and the negligence and carelessness of the Defendants, the Plaintiff, Aaliyah Jones, was and will in the future be deprived of the financial support, services, care, affection, comfort, companionship, society and consortium of her mother, Ashley Jones, all to her loss and detriment.

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

**WHEREFORE**, the Plaintiffs claim:

1.  Fair, just and reasonable money damages;

2.  Punitive and exemplary damages;

3.  Double or treble damages pursuant to § 14-295 of the Connecticut General Statutes; and

4.  Attorneys' fees and costs.

THE PLAINTIFFS,

By _____

Kelly E. Reardon, Esq.
**THE REARDON LAW FIRM, P.C.**
Their Attorneys

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

RETURN DATE: SEPTEMBER 26, 2017

| | | |
|---|---|---|
| ESTATE OF ASHLEY FERGUSON | : | SUPERIOR COURT |
| JONES BY MARSHALL JONES, | : | |
| ADMINISTRATOR, MARSHALL JONES, | : | |
| INDIVIDUALLY, MICHAEL JONES and | : | JUDICIAL DISTRICT OF |
| AALIYAH JONES, PPA MARSHALL JONES | : | NEW LONDON AT |
| | : | NEW LONDON |
| V. | : | |
| | : | |
| MGR FREIGHT SYSTEM, INC. and | : | |
| NICOLAE MARCU | : | AUGUST 30, 2017 |

## STATEMENT RE:  AMOUNT IN DEMAND

The amount, legal interest or property in demand is greater than Fifteen

Thousand and No/100 ($15,000.00) Dollars, exclusive of interest and costs.

THE PLAINTIFFS,


By _Kelly Reardon_

Kelly E. Reardon, Esq.
**THE REARDON LAW FIRM, P.C.**
Their Attorneys

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

## OFFICER'S RETURN

STATE OF CONNECTICUT

ss: Wethersfield,                            September 1, 2017

COUNTY OF HARTFORD

Then and there by virtue hereof, on September 1, 2017, I served the within named out of state defendant one (1) **MGR Freight System, Inc.,** by leaving a true and attested copy of original WRIT, SUMMONS AND COMPLAINT, and a fee of $20.00, with its Agent for Service, **Department of Motor Vehicles, 60 State Street, Wethersfield, CT 06109,** with my endorsements thereon.

Then on September 1, 2017, I served the within named out of state defendant one (1) **MGR Freight System, Inc.,** by depositing at the Wethersfield Post Office, via certified mail, return receipt requested, a true and attested copy of original WRIT, SUMMONS AND COMPLAINT, addressed to: **The Secretary, MGR Freight System, Inc., 500 West Plainfield Road, Countryside, IL 60525,** with my endorsements thereon.

Then on September 1, 2017, I served the within named out of state defendant two (2) **Nicolae Marcu,** by leaving a true and attested copy of original WRIT, SUMMONS AND COMPLAINT, and a fee of $20.00, with its Agent for Service, **Department of Motor Vehicles, 60 State Street, Wethersfield, CT 06109,** with my endorsements thereon.

Then on September 1, 2017, I served the within named out of state defendant two (2) **Nicolae Marcu,** by depositing at the Wethersfield Post Office, via certified mail, return receipt requested, a true and attested copy of original WRIT, SUMMONS AND COMPLAINT, addressed to: **Nicolae Marcu, 453 Route 101, Bedford, NH 03110,** with my endorsements thereon.

The within and foregoing is original WRIT, SUMMONS AND COMPLAINT, with my doings hereon endorsed.

Supplemental Return to Follow

ATTEST:

PETER J. PRIVITERA
CT STATE MARSHAL
HARTFORD COUNTY

| | |
|---|---|
| Service Fee | $120.00 |
| Copy | 100.00 |
| Endorsements | 5.20 |
| DMV (pd) | 40.00 |
| Cert. Mail (pd) | 15.84 |
| Travel | 5.00 |
| $ | 286.04 |

## OFFICER'S RETURN

STATE OF CONNECTICUT

                              ss: Wethersfield,                    September 1, 2017

COUNTY OF HARTFORD

Then and there by virtue hereof, on September 1, 2017, I served the within named out of state defendant one (1) **MGR Freight System, Inc.,** by leaving a true and attested copy of original WRIT, SUMMONS AND COMPLAINT, and a fee of $20.00, with its Agent for Service, **Department of Motor Vehicles, 60 State Street, Wethersfield, CT 06109,** with my endorsements thereon.

Then on September 1, 2017, I served the within named out of state defendant one (1) **MGR Freight System, Inc.,** by depositing at the Wethersfield Post Office, via certified mail, return receipt requested, a true and attested copy of original WRIT, SUMMONS AND COMPLAINT, addressed to: **The Secretary, MGR Freight System, Inc., 500 West Plainfield Road, Countryside, IL 60525,** with my endorsements thereon.

Then on September 1, 2017, I served the within named out of state defendant two (2) **Nicolae Marcu,** by leaving a true and attested copy of original WRIT, SUMMONS AND COMPLAINT, and a fee of $20.00, with its Agent for Service, **Department of Motor Vehicles, 60 State Street, Wethersfield, CT 06109,** with my endorsements thereon.

Then on September 1, 2017, I served the within named out of state defendant two (2) **Nicolae Marcu,** by depositing at the Wethersfield Post Office, via certified mail, return receipt requested, a true and attested copy of original WRIT, SUMMONS AND COMPLAINT, addressed to: **Nicolae Marcu, 453 Route 101, Bedford, NH 03110,** with my endorsements thereon.

The within and foregoing is original WRIT, SUMMONS AND COMPLAINT, with my doings hereon endorsed.

Supplemental Return to Follow

ATTEST:

PETER J. PRIVITERA
CT STATE MARSHAL
HARTFORD COUNTY

| | |
|---|---:|
| Service Fee | $120.00 |
| Copy | 100.00 |
| Endorsements | 5.20 |
| DMV (pd) | 40.00 |
| Cert. Mail (pd) | 15.84 |
| Travel | 5.00 |
| $ | 286.04 |

**JDNO NOTICE**

**KNL-CV-17-6031256-S    JONES, MARSHALL, ADMINISTRATOR OF THE ESTATE OF AS Et Al v. MGR FREIGHT SYSTEM, INC. Et Al**

Notice Issued: **09/28/2017**

**Court Address:**
CLERK, SUPERIOR COURT
JUDICIAL DISTRICT OF NEW LONDON
70 HUNTINGTON STREET
NEW LONDON, CT 06320

**Notice Content:**
Notice Issued: **09/28/2017**
Docket Number: **KNL-CV-17-6031256-S**
Case Caption: **JONES, MARSHALL, ADMINISTRATOR OF THE ESTATE OF AS Et Al v. MGR FREIGHT SYSTEM, INC. Et Al**
Notice Sequence #: **1**

        JDNO NOTICE

10/30/2017 AT 5:00PM
The parties are directed to jointly fill out & file a proposed scheduling order for review & approval by the court by the date & time indicated above. The proposed scheduling order must be submitted on Judicial Branch form JD-CV-141, & filed as V01 SCHEDULING ORDER or T02/T03 SCHEDULING ORDER. Dates selected must be within the ranges below.

*All dispositive motions, including motions for summary judgment (MSJs), must be filed, marked ready & argued by a date at least 120 days before the trial date.

*Dates selected for jury selection or court trial must be between 6-18 months from the return date (select three dates). (Note: After the trial date is determined, a trial management conference (TMC) will be scheduled in advance of the date.

A motion for continuance form (JD-CV-21) must be filed if the parties are seeking to change the filing and response dates for dispositive motions, (including MSJs),the TMC date or the jury selection/trial date. The parties may modify any other dates in the scheduling order by agreement. When the dates are modified, a revised scheduling order must be filed with the court. A Motion for Modification of the Scheduling Order must be filed only if the parties are unable to reach an agreement.

*Parties must indicate whether the case will be claimed to the Jury or Court Trial List

*Jury cases only: Parties must indicate if the verdict will likely be <$50,000 or >$50,000

*Parties must indicate the estimated length of trial. For jury cases, include time required for jury selection in the estimate.

Parties can ask to participate in a status/scheduling conference by videoconference or telephone by filing a Caseflow Request (Form JD-CV-116).

Upon receiving the appearance of any party after the date of this notice, the Plaintiff must notify the newly-appearing party of the scheduling order.

ORDER    435697

DOCKET NO: KNLCV176031256S

JONES, MARSHALL, ADMINISTRATOR
OF THE ESTATE OF AS Et Al
   V.
MGR FREIGHT SYSTEM, INC. Et Al

SUPERIOR COURT

JUDICIAL DISTRICT OF NORWICH/NEW
LONDON
   AT NEW LONDON

10/12/2017

<u>ORDER</u>

ORDER REGARDING:
09/26/2017 101.00 MOTION FOR EXTENSION OF TIME TO PLEAD

The foregoing, having been considered by the Court, is hereby:

ORDER: GRANTED

Short Calendar Results Automated Mailing (SCRAM) Notice was sent on the underlying motion.

435697
_____

Judge: TIMOTHY DEXTER BATES
Processed by: Colleen Deary

**SCHEDULING ORDER BY AGREEMENT -**
**C50, T02, T03, T11, T12, T61, T69,**
**V01, V04, V09 CASES**
JD-CV-141 Rev. 8-17

**SUPERIOR COURT**
**CONNECTICUT JUDICIAL BRANCH**
www.jud.ct.gov

*Court Use Only*

INDICTV

**ADA NOTICE**
The Judicial Branch of the State of Connecticut complies with the Americans with Disabilities Act (ADA). If you need a reasonable accommodation in accordance with the ADA, contact a court clerk or an ADA contact person listed at *www.jud.ct.gov/ADA*.

**Instructions**
*1. Complete all sections and file electronically as Scheduling Order by Agreement - C50, T02, T03, T11, T12, T61, T69, V01, V04, V09 Cases by the date and time set forth in the scheduling notice you received from the court.*
*2. All dates submitted must be within the time limits set forth in the notice you received from the court.*
*3. All counsel and self-represented parties of record must sign the fully completed form and keep a copy for their records.*

| Judicial district | Docket number | Case name | Return date |
|---|---|---|---|
| New London | NL3-KNL-CV-17-6031256 | Marshall Jones, Adm., et al v. MGR Freight, et al | 9/26/17 |

## Case Type:

| | |
|---|---|
| ☐ C50 Uninsured/Underinsured Motorist Coverage | ☐ T61 Animals - Dog |
| ☐ T02 Defective Premises - Private - Snow or Ice | ☐ T69 Animals - Other |
| ☐ T03 Defective Premises - Private - Other | ☒ V01 Motor Vehicles - Driver and/or Passenger(s) vs. Driver(s) |
| ☐ T11 Defective Premises - Public - Snow or Ice | ☐ V04 Motor Vehicles - Pedestrian vs. Driver |
| ☐ T12 Defective Premises - Public - Other | ☐ V09 Motor Vehicles - All Other |

## Scheduling Order

*For any pleading, motion or event that is not covered by this order, the provisions of the Practice Book and/or the General Statutes shall apply.*

File, mark ready and argue all dispositive motions by *(must be argued at least 120 days prior to the proposed trial date)*: **November 28, 2018**

File certificate of closed pleadings (JD-CV-11) by: **February 1, 2018**

Complete all discovery by: **September 1, 2018**

This case will be claimed to *(check applicable)*: ☒ Jury Trial List    ☐ Court Trial List

Jury cases only: Verdict will likely be *(check applicable)*: ☐ Less than $50,000    ☒ More than $50,000

Estimated length of trial *(include jury selection process, if applicable)*: **7-10 days**

Select 3 dates when all parties are available for jury selection or court trial:

(1) **February 8, 2019**

(2) **March 7, 2019**

(3) **March 14, 2019**

Select a date for the pretrial *(if applicable)*: **July 1, 2018**

A trial management conference will be scheduled in advance of the trial.

A Motion for Continuance (Form JD-CV-21) must be filed if the parties are seeking to change the filing and response dates for dispositive motions, including motions for summary judgment, the trial management conference date or the jury selection/trial date. The parties may modify any other dates in the scheduling order by agreement. When the dates are modified, a revised scheduling order must be filed with the court. A Motion for Modification of the Scheduling Order must be filed only if the parties are unable to reach an agreement.

Any party may request a status/scheduling conference with the individually assigned judge at any time by filing a Caseflow Request (Form JD-CV-116).

| Signed *(Judge)* | Date issued |
|---|---|
| | |

| Printed name of attorney/self-represented party | Signature of attorney/self-represented party |
|---|---|
| **Robert I. Reardon, Jr., Esq.** | |
| Printed name of attorney/self-represented party | Signature of attorney/self-represented party |
| **Bryan J. Haas, Esq.** | |
| Printed name of attorney/self-represented party | Signature of attorney/self-represented party |

## OFFICER'S SUPPLEMENTAL RETURN

**RETURN DATE: November 7, 2017**          :          **SUPERIOR COURT**

**Estate of Ashley Ferguson Jones**
**By Marshall Jones, et.al.**                :          **J.D. OF NEW LONDON**

**VS.**                                      :          **AT NEW LONDON**

**MGR Freight System, Inc., et.al.**

**Re: Service for**
**To: The Secretary**
**MGR Freight System, Inc.**
**500 West Plainfield Road**
**Countryside, IL 60525**

**STATE OF CONNECTICUT:**

                    **:ss: Wethersfield,**          **October 20, 2017**

**COUNTY OF HARTFORD:**


     At said Town of Wethersfield, on September 1, 2017, I deposited in a U.S. Post Office a letter certified, postage pre-paid, return receipt requested, in which letter contained a verified true and attested copy of the original civil process in this action.

     And on October 20, 2017, the signed receipt hereto attached was returned to me.


                              ATTEST:


                              PETER J. PRIVITERA
                              CT STATE MARSHAL
                              HARTFORD COUNTY

**SENDER:** *COMPLETE THIS SECTION*

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

To: The Secretary
MGR Freight System, Inc.
500 West Plainfield Road
Countryside, IL 60525



9590 9402 3098 7124 9784 31

2. Article Number *(Transfer from service label)*

7016 1970 0000 5325 7076

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X Cithlali Toledo   ☒ Agent   ☐ Addressee

B. Received by *(Printed Name)*   C. Date of Delivery

Cithlali Toledo   9-7-17

D. Is delivery address different from Item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053   Domestic Return Receipt

ORDER    089996

DOCKET NO: KNLCV176031256S

SUPERIOR COURT

JONES, MARSHALL, ADMINISTRATOR
OF THE ESTATE OF AS Et Al
  V.
MGR FREIGHT SYSTEM, INC. Et Al

JUDICIAL DISTRICT OF NORWICH/NEW
LONDON
   AT NEW LONDON

12/6/2017

<u>ORDER</u>

ORDER REGARDING:
11/20/2017 104.00 MOTION FOR EXTENSION OF TIME TO PLEAD

The foregoing, having been considered by the Court, is hereby:

ORDER: GRANTED

Short Calendar Results Automated Mailing (SCRAM) Notice was sent on the underlying motion.

089996
_____

Judge: BY THE COURT
Processed by: Colleen Deary

ORDER    089996

DOCKET NO: KNLCV176031256S

JONES, MARSHALL, ADMINISTRATOR
OF THE ESTATE OF AS Et Al
   V.
MGR FREIGHT SYSTEM, INC. Et Al

SUPERIOR COURT

JUDICIAL DISTRICT OF NORWICH/NEW
LONDON
   AT NEW LONDON

12/6/2017

ORDER

ORDER REGARDING:
11/20/2017 105.00 MOTION FOR EXTENSION OF TIME RE DISCOVERY MOTION OR
REQUEST PB CH13

The foregoing, having been considered by the Court, is hereby:

ORDER: GRANTED

Short Calendar Results Automated Mailing (SCRAM) Notice was sent on the underlying motion.

089996
_____

Judge: BY THE COURT
Processed by: Colleen Deary

ORDER   415595

DOCKET NO: KNLCV176031256S

SUPERIOR COURT

JONES, MARSHALL, ADMINISTRATOR
OF THE ESTATE OF AS Et Al
   V.
MGR FREIGHT SYSTEM, INC. Et Al

JUDICIAL DISTRICT OF NORWICH/NEW
LONDON
   AT NEW LONDON

12/12/2017

ORDER

ORDER REGARDING:
11/22/2017 106.00 MOTION FOR PERMISSION TO FILE ADDITIONAL INTERROGATORIES PB
SEC 13-6(b)

The foregoing, having been considered by the Court, is hereby:

ORDER: GRANTED

Short Calendar Results Automated Mailing (SCRAM) Notice was sent on the underlying motion.

415595 _____

Judge: JAMES J DEVINE

ORDER   415595

DOCKET NO: KNLCV176031256S                SUPERIOR COURT

JONES, MARSHALL, ADMINISTRATOR            JUDICIAL DISTRICT OF NORWICH/NEW
OF THE ESTATE OF AS Et Al                 LONDON
   V.                                         AT NEW LONDON
MGR FREIGHT SYSTEM, INC. Et Al
                                          12/20/2017

ORDER

ORDER REGARDING:
12/04/2017 107.00 MOTION FOR PROTECTIVE ORDER PB 13-5

The foregoing, having been considered by the Court, is hereby:

ORDER:

A hearing is scheduled for 1/8/18 at 12:00 pm regarding this matter.

Judicial Notice (JDNO) was sent regarding this order.

415595
_____

Judge: JAMES J DEVINE

ORDER    427017

DOCKET NO: KNLCV176031256S

JONES, MARSHALL, ADMINISTRATOR
OF THE ESTATE OF AS Et Al
   V.
MGR FREIGHT SYSTEM, INC. Et Al

SUPERIOR COURT

JUDICIAL DISTRICT OF NORWICH/NEW
LONDON
    AT NEW LONDON

12/28/2017

ORDER

ORDER REGARDING:
12/05/2017 109.00 COMPLEX LITIGATION APPLICATION (JD-CV-39)

The foregoing, having been considered by the Court, is hereby:

ORDER:

The above case is designated as a complex litigation case and it is hereby ordered transferred to the
Complex Litigation Docket in the Judicial District of Hartford pursuant to C.G.S. §51-347b(a), the court
having determined that such a transfer is required for the efficient operation of the courts and to insure
the prompt and proper administration of justice.

Judicial Notice (JDNO) was sent regarding this order.

427017
_____

Judge: JAMES WILSON ABRAMS

NO:  NL3-KNL-CV-17-6031256 S         :         SUPERIOR COURT

ESTATE OF ASHLEY FERGUSON      :         J.D. OF NEW LONDON
JONES BY MARSHALL JONES,       :
ADMINISTRATOR MARSHALL JONES, :         AT NEW LONDON
INDIVIDUALLY, AALIYAH JONES    :
AND MICHAEL JONES, PPA         :
MARSHALL JONES                 :

v.                             :

NICOLAE MARCU AND MGR FREIGHT :
SYSTEM, INC.                   :         DECEMBER 29, 2017

## ANSWER AND SPECIAL DEFENSE

**FIRST COUNT:**      **(Wrongful Death Action As To MGR Freight System, Inc. And
                      Nicolae Marcu Pursuant To §52-555 Of The Connecticut
                      General Statutes Brought By Estate Of Ashley Ferguson
                      Jones)**

1.      As to paragraph 1, the defendants do not have sufficient knowledge or

information upon which to base a belief or opinion about the truth of the matters

contained therein and, therefore, leave the plaintiffs to their burden of proof.

2.      As to paragraph 2, the defendants do not have sufficient knowledge or

information upon which to base a belief or opinion about the truth of the matters

contained therein and, therefore, leave the plaintiffs to their burden of proof.

3.      As to paragraph 3, the defendants do not have sufficient knowledge or

information upon which to base a belief or opinion about the truth of the matters

contained therein and, therefore, leave the plaintiffs to their burden of proof.

4.      Paragraph 4 is admitted.

5.      Paragraph 5 is admitted.

6.      Paragraph 6 is admitted.

7.      Paragraph 7 is admitted.

8.      As to paragraph 8, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiffs to their burden of proof.

9.      Paragraph 9 is denied.

10.     That portion of paragraph 10 which states:  "As a result of the negligence, carelessness and statutory violations of the Defendant" is denied.  As to the remainder of paragraph 11, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiffs to their burden of proof.

11.     That portion of paragraph 11 which states:  "As a result of the negligence, carelessness and statutory violations of the Defendant Marcu" is denied. As to the remainder of paragraph 11, defendant Marcu does not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leaves the plaintiffs to their burden of proof.

12.     That portion of paragraph 12 which states:  "As a result of the negligence, carelessness and statutory violations of the Defendant" is denied.  As to

2

the remainder of paragraph 12, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiffs to their burden of proof.

13.     That portion of paragraph 11 which states:  "As a further result of the negligence, carelessness and statutory violations of the Defendant" is denied.  As to the remainder of paragraph 13, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiffs to their burden of proof.

14.     That portion of paragraph 14 which states:  "As a further result of the negligence, carelessness and statutory violations of the Defendant" is denied.  As to the remainder of paragraph 14, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiffs to their burden of proof.

15.     That portion of paragraph 15 which states:  "As a further result of the negligence, carelessness and statutory violations of the Defendant" is denied.  As to the remainder of paragraph 15, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiffs to their burden of proof.

**SECOND COUNT:  (Wrongful Death –Recklessness As To Nicolae Marcu**
**Pursuant To §14-295 Of The Connecticut General Statutes**
**Brought By Estate Of Ashley Ferguson Jones)**

1-3.    The answers to paragraphs 1-3 of the First Count are hereby incorporated and made the answers to paragraphs 1-3 of the Second Count as if fully set forth herein.

4.      The answer to paragraph 8 of the First Count is hereby incorporated and made the answer to paragraphs 4 of the Second Count as if fully set forth herein.

5.      Paragraph 5 is denied.

6.      Paragraph 6 is denied.

7.      That portion of paragraph 7 which states:  "As a result of the reckless conduct and statutory violations of the Defendant Marcu" is denied.  As to the remainder of paragraph 7, defendant Marcu does not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leaves the plaintiffs to their burden of proof.

8.      That portion of paragraph 8 which states:  "As a result of the reckless conduct and statutory violations of the Defendant" is denied.  As to the remainder of paragraph 8, defendant Marcu does not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leaves the plaintiffs to their burden of proof.

4

9.      That portion of paragraph 9 which states:  "As a result of the reckless conduct and statutory violations of the Defendant" is denied.  As to the remainder of paragraph 9, defendant Marcu does not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leaves the plaintiffs to their burden of proof.

10.     That portion of paragraph 10 which states:  "As a further result of the reckless conduct and statutory violations of the Defendant" is denied.  As to the remainder of paragraph 10, defendant Marcu does not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leaves the plaintiffs to their burden of proof.

11.     That portion of paragraph 11 which states:  "As a further result of the reckless conduct and statutory violations of the Defendant" is denied.  As to the remainder of paragraph 11, defendant Marcu does not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leaves the plaintiffs to their burden of proof.

12.     That portion of paragraph 12 which states:  "As a further result of the reckless conduct and statutory violations of the Defendant" is denied.  As to the remainder of paragraph 11, defendant Marcu does not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leaves the plaintiffs to their burden of proof.

**THIRD COUNT:**     **(Wrongful Death – Common Law Recklessness As To Nicolae Marcu Brought By Estate Of Ashley Ferguson Jones)**

1-3.    The answers to paragraphs 1-3 of the First Count are hereby incorporated and made the answers to paragraphs 1-3 of the Third Count as if fully set forth herein.

4.    The answer to paragraph 8 of the First Count is hereby incorporated and made the answer to paragraphs 4 of the Third Count as if fully set forth herein.

5.    Paragraph 5 is denied.

6.    Paragraph 6 is denied.

7.    That portion of paragraph 7 which states:  "As a result of the reckless conduct of the Defendant Marcu" is denied.  As to the remainder of paragraph 7, defendant Marcu does not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leaves the plaintiffs to their burden of proof.

8.    That portion of paragraph 8 which states:  "As a result of the reckless conduct of the Defendant" is denied.  As to the remainder of paragraph 8, defendant Marcu does not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leaves the plaintiffs to their burden of proof.

6

9.      That portion of paragraph 9 which states:  "As a result of the reckless conduct of the Defendant" is denied.  As to the remainder of paragraph 9, defendant Marcu does not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leaves the plaintiffs to their burden of proof.

10.     That portion of paragraph 10 which states:  "As a further result of the reckless conduct of the Defendant" is denied.  As to the remainder of paragraph 10, defendant Marcu does not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leaves the plaintiffs to their burden of proof.

11.     That portion of paragraph 11 which states:  "As a further result of the reckless conduct of the Defendant" is denied.  As to the remainder of paragraph 11, defendant Marcu does not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leaves the plaintiffs to their burden of proof.

12.     That portion of paragraph 12 which states:  "As a further result of the reckless conduct of the Defendant" is denied.  As to the remainder of paragraph 12, defendant Marcu does not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leaves the plaintiffs to their burden of proof.

7

**FOURTH COUNT:**   **(Wrongful Death Action As To MGR Freight System, Inc.
                      Brought By Estate Of Ashley Ferguson Jones)**

1-8.    The answers to paragraphs 1-8 of the First Count are hereby incorporated and made the answers to paragraphs 1-8 of the Fourth Count as if fully set forth herein.

9.    Paragraph 9 is denied.

10.    That portion of paragraph 10 which states:  "As a result of the negligence, carelessness and statutory violations of the Defendant MGR" is denied. As to the remainder of paragraph 10, defendant MGR does not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leaves the plaintiffs to their burden of proof.

11.    That portion of paragraph 11 which states:  "As a result of the negligence, carelessness, and statutory violations of the Defendant MGR" is denied. As to the remainder of paragraph 11, defendant MGR does not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leaves the plaintiffs to their burden of proof.

12.    That portion of paragraph 12 which states:  "As a result of the negligence, carelessness and statutory violations of the Defendant MGR" is denied. As to the remainder of paragraph 12, defendant MGR does not have sufficient

8

knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leaves the plaintiffs to their burden of proof.

13.     That portion of paragraph 13 which states:  "As a further result of the negligence, carelessness and statutory violations of the Defendant MGR" is denied. As to the remainder of paragraph 13, defendant MGR does not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leaves the plaintiffs to their burden of proof.

14.     That portion of paragraph 14 which states:  "As a further result of the negligence, carelessness and statutory violations of the Defendant MGR" is denied. As to the remainder of paragraph 14, defendant Marcu does not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leaves the plaintiffs to their burden of proof.

15.     That portion of paragraph 15 which states:  "As a further result of the negligence, carelessness and statutory violations of the Defendant MGR" is denied. As to the remainder of paragraph 15, defendant MGR does not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leaves the plaintiffs to their burden of proof.

9

**FIFTH COUNT:**      **(Loss Of Consortium As To Nicolae Marcu Brought By Marshall Jones)**

1-15.   The answers to paragraphs 1-15 of the First Count are hereby incorporated and made the answers to paragraphs 1-15 of the Fifth Count as if fully set forth herein.

16.    That portion of paragraph 16 which states:  "As a result of the negligence, carelessness of the Defendant as aforesaid" is denied.  As to the remainder of paragraph 16, defendant Marcu does not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leaves the plaintiffs to their burden of proof.

**SIXTH COUNT:**      **(Loss Of Consortium As To MGR Freight System, Inc. Brought By Marshall Jones)**

1-15.   The answers to paragraphs 1-15 of the Fourth Count are hereby incorporated and made the answers to paragraphs 1-15 of the Sixth Count as if fully set forth herein.

16.    There is no paragraph 16.

17.    That portion of paragraph 17 which states:  "As a result of the negligence and carelessness of the Defendant as aforesaid" is denied.  As to the remainder of paragraph 17, defendant MGR Freight System, Inc. does not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leaves the plaintiffs to their burden of proof.

10

**SEVENTH COUNT:**      **(Bystander Emotional Distress As To Nicolae Marcu And MGR Freight System, Inc. Brought By Aaliyah Jones, ppa Marshall Jones)**

1-15.   The answers to paragraphs 1-15 of the First Count are hereby incorporated and made the answers to paragraphs 1-15 of the Seventh Count as if fully set forth herein.

16-30. The answers to paragraphs 1-15 of the Fourth Count are hereby incorporated and made the answers to paragraphs 16-30 of the Seventh Count as if fully set forth herein.

31.     As to paragraph 31, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiffs to their burden of proof.

32.     As to paragraph 32, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiffs to their burden of proof.

33.     That portion of paragraph 33 which states: "Due to the negligence and carelessness of the Defendants" is denied.  As to the remainder of paragraph 33, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiffs to their burden of proof.

11

34.     That portion of paragraph 34 which states:  "As a further result of the Defendants' conduct" is denied.  As to the remainder of paragraph 34, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiffs to their burden of proof.

35.     As to paragraph 35, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiffs to their burden of proof.

**EIGHTH COUNT:     (Loss Of Consortium As To Nicolae Marcu And MGR Freight System, Inc. Brought By Michael Jones, ppa Marshall Jones)**

1-15.   The answers to paragraphs 1-15 of the First Count are hereby incorporated and made the answers to paragraphs 1-15 of the Eighth Count as if fully set forth herein.

16-30. The answers to paragraphs 1-15 of the Fourth Count are hereby incorporated and made the answers to paragraphs 16-30 of the Eighth Count as if fully set forth herein.

31.     As to paragraph 31, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiffs to their burden of proof.

32.     That portion of paragraph 32 which states:  "As a result of the above incident and the negligence and carelessness of the Defendants" is denied.  As to paragraph 32, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiffs to their burden of proof.

**NINTH COUNT:**     **(Loss Of Consortium As To Nicolae Marcu And MGR Freight System, Inc. Brought By Aaliyah Jones, ppa Marshall Jones)**

1-15.   The answers to paragraphs 1-15 of the First Count are hereby incorporated and made the answers to paragraphs 1-15 of the Ninth Count as if fully set forth herein.

16-30. The answers to paragraphs 1-15 of the Fourth Count are hereby incorporated and made the answers to paragraphs 16-30 of the Ninth Count as if fully set forth herein.

31.     As to paragraph 31, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiffs to their burden of proof.

32.     That portion of paragraph 32 which states:  "As a result of the above incident and the negligence and carelessness of the Defendants" is denied.  As to the remainder of paragraph 32, the defendants do not have sufficient knowledge or

information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiffs to their burden of proof.

<strong><u>BY WAY OF SPECIAL DEFENSES</u></strong>

**<u>FIRST SPECIAL DEFENSE</u>**:

The decedent's own negligence and carelessness contributed to and was a substantial factor in causing the injuries and losses referred to in the complaint, in that she:

a. Parked her car on the travel portion of the highway in violation of Conn. Gen. Stat. Sec. 14-251;

b. Alighted from her vehicle and walked on the travel portion of the highway when it was unsafe to do so, and

c. Failed to use her faculties and act reasonably for the conditions then and there existing.

DEFENDANTS,
NICOLAE MARCU AND MGR FREIGHT SYSTEM, INC.


By_____426765_____
    Bryan J. Haas
    Howd & Ludorf, LLC
    65 Wethersfield Avenue
    Hartford, CT  06114-1121
    (860) 249-1361
    Juris No.:  28228

14

## **CERTIFICATION**

      This is to certify that a copy of the foregoing Answer and Special Defense was or will immediately be mailed or delivered electronically or non-electronically on December 29, 2017 to all parties and self-represented parties of record and to all parties who have not appeared in this matter and that written consent for electronic delivery was received from all attorneys and self-represented parties receiving electronic delivery.

Robert I. Reardon, Esquire
The Reardon Law Firm, PC
160 Hempstead Street
P.O. Drawer 1430
New London, CT 06320

                                  _____426765_____
                                    Bryan J. Haas

**GENERAL CASE MANAGEMENT ORDER**
**COMPLEX LITIGATION DOCKET (CLD)**

JD-CL-111  Rev. 1-14
P.B. §§ 23-13 to 23-15

STATE OF CONNECTICUT
**SUPERIOR COURT**
*www.jud.ct.gov*



| Docket number | Judicial District of | | Date |
|---|---|---|---|
| **X03 HHD CV 17-6086799 S** | **Hartford** | | **01/02/2018** |
| Plaintiff | | Defendant | |
| **Marshal Jones Administrator** | | VS.  **MGR Freigh Systems, Inc., et al.** | |

Unless otherwise ordered by the court, the following **orders** apply in all cases assigned to the Complex Litigation Docket:

1. Under Practice Book section 23-14, the following procedures for the scheduling and deciding of motions take the place of any conflicting provision of the Connecticut Practice Book, including, but not limited to, Sections 11-13 through 11-17, 17-31 and 17-32. This case is assigned to the judge who issues this order for all purposes, including trial.

2. All motions, pleadings, and any other documents shall have the docket number that appears above on them, shall include the prefix assigned, for example "X___", and shall say "Superior Court, Complex Litigation Docket at _____" at the top.

3. All communications concerning a case assigned to the Complex Litigation Docket shall be in the form of motions; they shall not be in the form of letters to the judge. Communications concerning scheduling may be made by letter to the court officer. Copies of all motions and letters shall be sent to all counsel and self-represented parties of record and the letters and motions shall certify that a copy was sent to all counsel and self-represented parties. Such communications shall not contain information concerning the merits of an issue or the substance of negotiations.

4. The opposing party shall file a response to any motion or objection requiring decision or action by the court within the time set forth in the Practice Book, unless counsel and self-represented parties indicate in the Request For Adjudication or in a written stipulation filed with the court an agreement extending the time within which such response may be filed, or the court, upon motion, extends the time. Any motion for extension of time shall state whether or not the opposing party objects to the extension of time or that the party's position cannot be determined.

5. A Request For Adjudication should be filed **after** the time for filing a response has passed (unless the matter needs immediate action or the parties agree, in which case it may be filed before the time for filing a response has passed). A Request For Adjudication form, JD-CL-77, is available on the judicial website, *www.jud.ct.gov* under "Forms." Except for self-represented parties and attorneys excluded from e-filing, Requests For Adjudication shall be e-filed and the filer shall select "Request for Adjudication Complex Litigation" when naming the form in efiling. When a motion or objection needs to be reviewed quickly, any party may immediately file a Request For Adjudication and may request an immediate conference or hearing.

6. A Request for Adjudication form must be filed for any motion or objection to be decided by the court. The court will not schedule or act on any motion, objection or request unless a Request for Adjudication is filed *(except for motions filed during evidentiary proceedings)*.

7. Motions and objections about discovery will not be considered by the court *(and may be summarily denied without prejudice)* unless an affidavit is filed with the Request for Adjudication that states that counsel and self-represented parties have made good faith efforts to resolve the dispute. See Practice Book Sections 13-8 (b), 13-10 (c).

8. The party filing a Request for Adjudication shall contact the court officer promptly in writing if a motion or objection is resolved or no longer requires adjudication.

9. Oral argument on motions is at the discretion of the court, except as a matter of right under Practice Book Sections 11-18 (a) (2) and (3).

10. At the first status conference, the court may decide any pending motions or objections and may issue a scheduling order and a trial date.

11. The judge who issues this order may issue additional case management orders, scheduling orders, and trial management orders.

The court officer assigned to this case is:

| Court Officer | Telephone number | Fax number |
|---|---|---|
| **Sarah Sia, Esq** | **860-548-2779** | **860-548-2814** |
| Address | E-mail | |
| **95 Washington Street, Hartford, CT  06106** | | |

*Copy mailed : Reardon Law Firm ; Howd & Ludorf LLC*

The Judicial Branch of the State of Connecticut complies with the Americans with Disabilities Act (ADA). If you need a reasonable accommodation in accordance with the ADA, contact the court clerk of the Judicial District above. *www.jud.ct.gov/ADA/*

116.00

STATE OF CONNECTICUT

| | | |
|---|---|---|
| X03 HHD CV 17-6086799-S | : | SUPERIOR COURT |
| | : | |
| Marshall Jones Administrator of | : | HARTFORD JUDICIAL DISTRICT |
| the Estate of Ashley | : | AT HARTFORD |
| Ferguson Jones, Et Al. | : | |
| | : | X03 COMPLEX LITIGATION |
| V. | : | DOCKET |
| | : | |
| MGR Freight Systems, Inc. | : | JANUARY 2, 2018 |

## X03 ADDENDUM TO
## GENERAL CASE MANAGEMENT ORDER

Unless otherwise ordered by the Court, the following orders apply in all cases assigned to the X03 Complex Litigation Docket:

1.  Except by permission of the Court, briefs or memoranda shall not exceed thirty-five (35) pages of double spaced standard typographical print, exclusive of the certification page, exhibits and attachments.

2.  Reply briefs are not required and the absence of a reply brief will not prejudice the moving party. Unless otherwise ordered, any reply brief must be filed within seven (7) days of the pleading to which it is responding, may not exceed 10 pages in length, and must be strictly confined to a discussion of matters raised by the pleading to which it is responding, with each argument specifically referencing the pages of the opposition brief to which it is responding

3.  Any motion for an extension of time to file pleadings or to modify any deadline in a scheduling order must set forth how such request, if granted, will impact other deadlines set by the Court, especially the date of argument for dispositive motions and the date of trial.

4.  If a party seeks immediate adjudication of any motion or objection, the party must explain the basis of the need for immediate adjudication in its Request For Adjudication. Failure to do so will result in a denial of expedited consideration. Any Request for Adjudication seeking immediate adjudication **must** state whether or not the opposing party objects to the motion. If the party's position cannot be determined, the Request for Adjudication **must** state in detail what attempts were made to determine the opposing party's position. If the opposing party objects to the motion, the party requesting adjudication **must** determine whether the opposing party intends to file a written objection or memorandum in opposition and the date when the opposing party will file, and **must** include that information in the Request

for Adjudication.  If the opposing party consents, or if the opposing party does not intend to file written opposition, the matter will be decided on the papers as soon as practicable after the filling of the Request for Adjudication.

5.      Notwithstanding that a request for oral argument has been made in a Request For Adjudication, in those cases where argument is not granted as of right by Practice Book Section11-18(a), the Court may, in the exercise of discretion, decide the matter on the papers.

6.      If a pleading is e-filed with the court that has more than fifty (50) pages of exhibits or other attachments, a chambers copy, with exhibits tabbed accordingly, should be provided for the use of the court.

7.      Communications concerning routine, non-substantive matters such as scheduling may be made by mail, fax or telephone to the Court Officer assigned below.  Such communications shall not contain information concerning the merits of any issue before the court or the substance of negotiations.  All other communications with the court should be made in the form of a motion or pleading, certified to all counsel and self-represented parties of record.

The Court Officer assigned to this case is:

Sarah Sia, Esq.
Hartford Superior Court
95 Washington Street
Hartford, CT 06106
Telephone: (860) 548-2779  Fax: (860) 548-2814

BY THE COURT
Ingrid L. Moll, J.

Date sent: January 2, 2018

ORDER   435703

DOCKET NO: HHDCV176086799S          SUPERIOR COURT

JONES, MARSHALL, ADMINISTRATOR      JUDICIAL DISTRICT OF HARTFORD
OF THE ESTATE OF AS Et Al               AT HARTFORD
  V.
MGR FREIGHT SYSTEM, INC. Et Al      1/5/2018


<u>ORDER</u>


ORDER REGARDING:
01/04/2018 117.00 MOTION FOR CONTINUANCE

The foregoing, having been considered by the Court, is hereby:

ORDER: GRANTED

The hearing on the pending motion for protective order, to be followed by an initial status conference, is rescheduled to January 10, 2018, at 2:00 p.m. Counsel should report directly to Courtroom 312.

Judicial Notice (JDNO) was sent regarding this order.

435703
_____

Judge: INGRID L MOLL

**CERTIFICATE OF
CLOSED PLEADINGS**
JD-CV-11 Rev. 6-12
P.B. Secs. 14-4, 14-8, 14-9

**STATE OF CONNECTICUT
SUPERIOR COURT**
*www.jud.ct.gov*

| Docket number |
| --- |
| **HHD-CV-17-6086799** |

Name of case *(Full name of Plaintiff v. Full name of Defendant)*

**JONES, MARSHALL, ADMINISTRATOR OF THE ESTATE OF AS Et AI v. MGR FREIGHT SYSTEM, INC. Et AI**

| [X] Judicial District | ☐ Housing Session | ☐ Geographical Area number ____ | Address of court *(Number, street, town and zip code)* **95 WASHINGTON STREET HARTFORD, CT 06106** |
| --- | --- | --- | --- |

**I certify that the pleadings have been closed in this case on the issue or issues as to all parties, and I acknowledge that my failure to certify accurately will subject me to sanctions.**

Name of person making certification

**JOSEPH MICHAEL BARNES / REARDON LAW FIRM PC**

| Signature ▶ **426234** | ☐ Plaintiff  ☐ Defendant  [X] Attorney for Plaintiff  ☐ Attorney for Defendant |
| --- | --- |

**The pleadings being closed, the case will proceed as indicated below:** *("X" applicable box(es))*

[X] Jury *(Claim for Jury Trial (Form JD-CL-53) and the appropriate statutory fee must be filed.)*
☐ Hearing in Damages to the Court
☐ Hearing in Damages to the Jury *(Claim for Jury Trial (Form JD-CL-53) and the appropriate statutory fee must be filed.)*
☐ Administrative Appeals: *("X" applicable box)*   ☐ Record   ☐ Non-record
☐ All other Non-Jury Matters *(Court Trials)*

| COURT USE ONLY |
| --- |
| JY _____ |
| HD _____ |
| JY _____ |
| AA _____ |
| CT _____ |

**A. Fill out this section if case is privileged**

1. Basis of Privilege under section 14-9 of the Connecticut Practice Book: *("X" applicable box(es))*

☐ hearing under the fair employment practices act or the labor relations act;
☐ an action brought by or on behalf of the state, other than actions upon probate bonds;
☐ appeal from the employment security board of review;
☐ appeal from probate or from the doings of commissioners appointed by court of probate;
☐ action brought by receiver of insolvent corporation by order of court;
☐ action by or against any person sixty-five years of age or older or who reaches such age while the action is pending;
☐ appeal from findings, orders or other actions of the public utilities control authority;
☐ equitable action tried to the court in which the essential claim asserted is for a permanent injunction and any claim for damages or other relief, legal or equitable, is merely in lieu of, or supplemental to, the claim for injunction;

☐ habeas corpus proceeding;
☐ motion to dissolve temporary injunction;
☐ motion for temporary injunction;
☐ writ of ne exeat, prohibition or mandamus;
☐ application for appointment of receiver;
☐ disclosure by garnishee;
☐ action by or against executor, administrator, or trustee in bankruptcy or insolvency;
☐ hearing to the court in damages on default or case where there is an issue as to damages after the court has granted a summary judgment on the issue of liability;
☐ case remanded by the   ☐ Supreme Court   ☐ Appellate Court for a new trial or case in which a verdict has been set aside, a new trial granted or a mistrial declared.

2. If privilege is other than those specified in section 14-9 of the Connecticut Practice Book, state ground of claim and authority:

**B. Relief Requested - Amount, legal interest or property in demand, exclusive of interest and costs is:**

*("X" applicable box(es))*

[X] $15,000 or more   ☐ less than $15,000   ☐ claiming other relief in addition to or instead of money damages

**Certification**

I certify that this claim is filed in accordance with  section 52-215 of the Connecticut General Statutes and that a copy of this document was mailed or delivered electronically or non-electronically on *(date)*  **Jan-8-2018**  to all attorneys and self-represented parties of record and that written consent for electronic delivery was received from all attorneys and self-represented parties receiving electronic delivery.

Name and address of each party and attorney that copy was mailed or delivered to*

**HOWD & LUDORF LLC - 65 WETHERSFIELD AVENUE/HARTFORD, CT 06114**

*For Court Use Only*

| Signed *(Signature of filer)* ▶ **426234** | Print or type name of person signing **JOSEPH MICHAEL BARNES** | Date signed **Jan-8-2018** |
| --- | --- | --- |
| Mailing address *(Number, street, town, state and zip code)* **160 HEMPSTEAD ST P.O. BOX 1430 NEW LONDON, CT 06320** | | Telephone number **860-442-0444** |

*If necessary, attach additional sheet or sheets with name and address which has been mailed or delivered to.

DOCKET NO.: HHD-CV17-6086799-S

| | | |
|---|---|---|
| ESTATE OF ASHLEY FERGUSON | : | SUPERIOR COURT |
| JONES BY MARSHALL JONES, | : | |
| ADMINISTRATOR, ET AL | : | J.D. OF HARTFORD |
| | : | AT HARTFORD |
| V. | : | |
| | : | |
| MGR FREIGHT SYSTEM, INC., ET AL | : | JANUARY 8, 2018 |

## REPLY TO DEFENDANTS' SPECIAL DEFENSES

The Plaintiffs in the above captioned matter hereby deny each and every

allegation contained in the Special Defenses of the Defendants, dated December 29,

2017.

THE PLAINTIFF

By _~Kelly Reardon~_

Kelly E. Reardon, Esq.
THE REARDON LAW FIRM, P.C.
Their Attorneys

1

## CERTIFICATION

I hereby certify that a copy of the foregoing Plaintiff's **Reply to Defendants'
Special Defenses** was mailed, faxed or electronically delivered on this the 8th day of
January 2018 to all counsel and pro se parties of record and that written consent for
electronic delivery was received from all counsel and pro se parties of record who were
electronically serviced as follows:

Bryn J. Haas, Esq.
Howd & Ludorf, LLC
65 Wethersfield Avenue
Hartford, CT 06114
P: 860-249-1361
F: 860-249-7665
Email: bhass@hl-law.com
*Counsel for Defendants*

Kelly Leach
Commissioner of the Superior Court

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

ORDER    435703

DOCKET NO: HHDCV176086799S                 SUPERIOR COURT

JONES, MARSHALL, ADMINISTRATOR            JUDICIAL DISTRICT OF HARTFORD
OF THE ESTATE OF AS Et Al                      AT HARTFORD
  V.
MGR FREIGHT SYSTEM, INC. Et Al            1/9/2018

## ORDER

ORDER REGARDING:
01/09/2018 120.00 MOTION FOR CONTINUANCE

The foregoing, having been considered by the Court, is hereby:

ORDER: GRANTED

The initial status conference, scheduled for January 10, 2018, is rescheduled to January 31, 2018 at 2:00 p.m. Counsel should report directly to chambers 423.

Judicial Notice (JDNO) was sent regarding this order.

435703
_____

Judge: INGRID L MOLL

ORDER    435703

DOCKET NO: HHDCV176086799S                 SUPERIOR COURT

JONES, MARSHALL, ADMINISTRATOR             JUDICIAL DISTRICT OF HARTFORD
OF THE ESTATE OF AS Et Al                       AT HARTFORD
   V.
MGR FREIGHT SYSTEM, INC. Et Al             1/9/2018


<u>ORDER</u>


ORDER REGARDING:
12/04/2017 107.00 MOTION FOR PROTECTIVE ORDER PB 13-5

The foregoing, having been considered by the Court, is hereby:

ORDER: DENIED

On or about January 2, 2018, this action was assigned to the X03 complex litigation docket. The court has reviewed the instant motion and related briefing and has concluded that oral argument is not necessary. Having reviewed the defendants' motion (#107.00), the plaintiffs' objection thereto (#110.00), and the defendants' reply (#111.00), the court denies the motion.

The motion seeks the entry of an order prohibiting the taking of the deposition of defendant Nicolae Marcu during the pendency of his criminal matter that arises out of the same set of events underlying this civil action. The defendants first rely on the fact that the deposition was noticed for December 5, 2017, the same day as a scheduled pretrial hearing in the criminal proceeding. Because that date has passed, the defendants' first argument has been rendered moot. The defendants next contend that "the information sought by the plaintiff[s] through Mr. Marcu's deposition is protected by the 5th Amendment to the United States Constitution. Accordingly, Mr. Marcu should not be compelled to answer questions or provide information that may incriminate himself while the criminal case is pending." (Defs.' Obj. at 3-4.) However, this argument attempts too much. The question is not whether Mr. Marcu may assert his Fifth Amendment privilege against self-incrimination, but rather whether the pendency of his criminal matter should preclude indefinitely the taking of his deposition in this civil matter. Unlike the situation in Howe v. Aliano, No. CV13-6015807, 2014 WL 2024466 (Conn. Super. April 14, 2014), on which the defendants rely and in which the plaintiff's criminal matter was on the trial list and awaiting scheduling, Mr. Marcu's criminal proceeding is in its relative infancy. The court declines to issue the requested protective order and emphasizes that the conclusion herein leaves entirely intact Mr. Marcu's constitutional privilege against self-incrimination.

For the foregoing reasons, the motion is denied.

Judicial Notice (JDNO) was sent regarding this order.

435703
_____

Judge: INGRID L MOLL

ORDER   435703

DOCKET NO: HHDCV176086799S                SUPERIOR COURT

JONES, MARSHALL, ADMINISTRATOR            JUDICIAL DISTRICT OF HARTFORD
OF THE ESTATE OF AS Et Al                     AT HARTFORD
  V.
MGR FREIGHT SYSTEM, INC. Et Al            1/11/2018

<u>ORDER</u>

ORDER REGARDING:
01/10/2018 121.00 MOTION FOR EXTENSION OF TIME RE DISCOVERY MOTION OR
REQUEST PB CH13

The foregoing, having been considered by the Court, is hereby:

ORDER: GRANTED

No additional extensions of time will be granted for the requested purpose.

Judicial Notice (JDNO) was sent regarding this order.

435703
_____

Judge: INGRID L MOLL

## X03 COMPLEX LITIGATION DOCKET
## SCHEDULING ORDER

| | |
|---|---|
| Marshal Jones, Administrator, et al. v. MGR Freight Systems, Inc., et al. | Superior Court<br>Complex Litigation Docket at Hartford |
| Docket No: (X03) HHD CV 17-6086799S | Conference date: January 31, 2018 |

| | |
|---|---|
| At a status conference, all parties agreed to the schedule which is set forth below as an Order of this Court. | |
| 1. Pleadings closed by: | To be resolved by the parties |
| 2. Written discovery completed by: | To be resolved by the parties |
| 3. Complete depositions of fact witnesses on or before: | To be resolved by the parties |
| 4. Party with burden of proof disclose experts on or before:<br>    Depose experts on or before: | To be resolved by the parties |
| 5. Rebuttal experts disclosed on or before:<br>    Depose rebuttal experts on or before: | To be resolved by the parties |
| 6. Any dispositive motions shall be filed on or before:<br>    Oppositions shall be filed on or before:<br>    Replies, if any, no longer than 10 pgs., on or before: | 6/8/2018<br>7/20/2018<br>8/3/2018 |
| 7. Argument on dispositive motions on:   * | 8/10/2018 @ 10a.m. |
| 8. A request for adjudication for any motion to be heard at the<br>    8/10/2018 argument shall be filed on: | 8/3/2018 |
| 9. File request for J-ADR (form JD-CV-130) on or before: | |
| 10. J-ADR will be completed no later than: | |
| 11. A trial management conference will be held on: | To be provided |
| 12. Next status conference will be held on: | Upon request |
| 13. Jury selection will commence on: | 1/3/2019 |
| 14. Trial will commence on:   * | 1/9/2019 |
| 15. Estimated length of evidence: | 5-6 days |
| BY THE COURT: Ingrid L. Moll, Presiding Judge | DATE: |

PLEASE MARK ALL DATES ON YOUR CALENDAR AS THIS IS THE ONLY NOTICE YOU WILL RECEIVE.

*Claimed difficulties in completing discovery, completing mediation or claims by counsel that they are unavailable for trial due to another trial commitment will not be grounds for a continuance of the date upon which dispositive motions will be argued, or for a continuance of the trial date.

Mailed 1/20/2018: Reardon Law Firm PC; Howd & Ludorf LLC
ss/co

124.00

ORDER    435703

DOCKET NO: HHDCV176086799S        SUPERIOR COURT

JONES, MARSHALL, ADMINISTRATOR        JUDICIAL DISTRICT OF HARTFORD
OF THE ESTATE OF AS Et Al                   AT HARTFORD
  V.
MGR FREIGHT SYSTEM, INC. Et Al        2/1/2018


## ORDER


ORDER REGARDING:
01/23/2018 123.00 MOTION TO CITE ADDITIONAL PARTY

The foregoing, having been considered by the Court, is hereby:

ORDER: GRANTED

The court conducted an initial status conference on January 31, 2018. Defendants, through their counsel, represented to the court that (1) they waive any claim that the certificate of service appended to the motion to cite-in is defective and (2) they have no objection to the granting of the motion.

For the reasons identified in the motion, the motion to cite-in Plan Beta, LLC as a party defendant is hereby granted. It is hereby ordered that plaintiffs amend their complaint and state facts showing the interest of Plan Beta, LLC in this action. Service of process shall be made on Plan Beta, LLC on or before March 1, 2018, with a return date of March 13, 2018.

Judicial Notice (JDNO) was sent regarding this order.

435703

Judge: INGRID L MOLL

X03-DOCKET NO.: HHD-CV17-6086799-S
RETURN DATE: MARCH 13, 2018

| | | |
|---|---|---|
| ESTATE OF ASHLEY FERGUSON | : | SUPERIOR COURT |
| JONES BY MARSHALL JONES, | : | |
| ADMINISTRATOR, ET AL | : | J.D. OF HARTFORD |
| | : | AT HARTFORD |
| V. | : | |
| | : | |
| MGR FREIGHT SYSTEM, INC., | : | |
| NICOLAE MARCU AND | : | |
| PLAN BETA, LLC | : | FEBRUARY 5, 2018 |

## AMENDED COMPLAINT

**FIRST COUNT:**        **(Wrongful Death Action as to MGR Freight System, Inc.
and Nicolae Marcu Pursuant to § 52-555 of the
Connecticut General Statutes Brought By Estate of
Ashley Ferguson Jones)**

1.      On or about December 17, 2016, Marshall Jones was appointed the

Administrator of the Estate of Ashley Ferguson Jones, the Plaintiff's decedent, by the

Middletown Probate Court and acting as such Administrator brings this action for the

injuries and death of his wife, Ashley Ferguson Jones, pursuant to §52-555 of the

Connecticut General Statutes.

2.      On December 1, 2016, the Plaintiff's decedent was the operator of a motor

vehicle stopped within the emergency shoulder area of Interstate 95 near Old Lyme,

Connecticut, for an emergency involving her child.

1

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

ind place, the Defendant, Nicolae Marcu [hereinafter

erator of a tractor trailer truck traveling on Interstate 95

016, and at all relevant times, the Defendant, MGR

· "Defendant MGR"], was and is an Illinois Corporation

ss in Countryside, Illinois, which owned and operated a

sportation and/or shipping services around the country,

016 and at all relevant times, the Defendant Marcu was

, servant and/or employee of the Defendant MGR and

is agency, apparent agency, servitude and/or

MGR by operating a tractor trailer truck in the State of

s and highways.

ind place, the truck operated by the Defendant Marcu

GR.

ned herein, the Defendant Marcu was operating said

ent, knowledge, permission and/or authority of the

3.      At the same time

"Defendant Marcu"], was the op

near Old Lyme, Connecticut.

4.      On December 1, 2

Freight System, Inc. [hereinafte

with its principal place of busine

trucking company providing tran

including in Connecticut.

5.      On December 1, 2

and is an agent, apparent agent

was acting within the scope of h

employment with the Defendant

Connecticut and on its roadway

6.      At the same time

was owned by the Defendant M

7.      At all times mentio

tractor trailer truck with the cons

Defendant MGR.

ON LAW FIRM, P.C.
orneys at Law
w London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

THE REARD
Att
160 Hempstead Street • P.O. Drawer 1430 • Ne

8.   At the same time and place, when the Plaintiff's decedent stopped her vehicle in the emergency shoulder area and exited it to attend to her small child who seated in her car seat in the rear of the vehicle experiencing an urgent sickness, the Defendant Marcu suddenly and without warning drove his tractor trailer truck into said shoulder area, striking the Plaintiff's decedent and her vehicle, causing the Plaintiff's decedent's body to be thrown through the air more than 70 feet, slamming her to the ground, and causing her to suffer traumatic injuries that resulted in her untimely death.

9.   Said collision and the resulting injuries and damages to the Plaintiff's decedent were caused by the negligence, carelessness, and statutory violations of the Defendant Marcu in that he:

a.  violated § 14-230 of the Connecticut General Statutes by failing to move his vehicle to the left hand lane when overtaking a parked and/or standing vehicle in the breakdown lane;

b.  violated § 14-240 of the Connecticut General Statutes by failing to drive a reasonable distance from other vehicles, including the Plaintiffs' vehicle;

c.  violated § 14-218a of the Connecticut General Statutes by operating his motor vehicle at an unreasonable rate of speed without due regard for the width, traffic and use of the roadway and the conditions then and there existing;

d.  violated § 14-222 of the Connecticut General Statutes by operating his vehicle recklessly without due regard for the width, traffic and use of the roadway and the conditions then and there existing;

3

THE REARDON LAW FIRM, P.C.

Attorneys at Law

160 Hempstead Street  •  P.O. Drawer 1430  •  New London, CT 06320  •  Tel. (860) 442-0444  •  Juris No. 102515

e. violated § 14-80h of the Connecticut General Statutes by failing to equip or maintain his motor vehicle with adequate brakes;

f. violated § 14-81 of the Connecticut General Statutes by failing to equip his motor vehicle with an adequate braking system on all wheels;

g. violated § 14-98a of the Connecticut General Statutes by operating his motor vehicle with unsafe tires;

h. violated § 14-296aa(b) of the Connecticut General Statutes by operating an electronic device while operating a motor vehicle;

i. violated § 14-296aa(b)(1) of the Connecticut General Statutes by operating a motor vehicle while typing, sending, and/or reading text messages from his cellular telephone;

j. violated 49 C.F.R. § 392.3 of the by operating his motor vehicle while fatigued and/or ill;

k. violated 49 C.F.R. § 392.4 by operating his motor vehicle while under the influence of drugs and/or other substances;

l. violated 49 C.F.R. § 392.5 by operating his motor vehicle while under the influence of alcohol;

m. violated 49 C.F.R. § 392.7 by operating his motor vehicle with parts and/or accessories that were not in good working order;

n. violated 49 C.F.R. § 392.80 by operating his motor vehicle while texting;

o. violated 49 C.F.R. § 392.82 by operating his motor vehicle while using a hand-held mobile telephone;

p.  violated 49 C.F.R. § 393.40 by operating his motor vehicle without adequate brakes;

q.  violated 49 C.F.R. § 393.42 by operating his motor vehicle without brakes acting on all wheels;

r.  violated 49 C.F.R. § 393.48 by operating his motor vehicle without operative brakes;

s.  violated 49 C.F.R. § 393.75 by operating his motor vehicle with unsafe tires;

t.  violated 49 C.F.R. § 393.81 by operating his motor vehicle with a horn that was not in such condition as to give an adequate and reliable warning signal;

u.  violated 49 C.F.R. §391.41 by operating a commercial motor vehicle without being physically qualified to do so;

v.  violated 49 C.F.R. §  392.2 by failing to obey the traffic laws of the state in which he was operating;

w.  violated 49 C.F.R. § 395.3 by failing to comply with requirements regarding rest periods and maximum consecutive driving hours;

x.  violated 49 C.F.R. §396.1 by failing to comply with the requirements of 49 C.F.R. Subtitle B, Chapter III, Subchapter B, Part 396 regarding inspection, repair and maintenance;

y.  violated 49 C.F.R. § 396.7 by operating a motor vehicle in an unsafe condition;

z.  failed to move his vehicle to the left hand lane when overtaking a parked and/or standing vehicle in the breakdown lane;

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

aa. failed to drive a reasonable distance from other vehicles on the roadway;

bb. operated his motor vehicle at an unreasonable rate of speed without due regard for the width, traffic and use of the roadway and the conditions then and there existing;

cc. operated his motor vehicle in a reckless and dangerous manner;

dd. failed to have and keep his vehicle under reasonable and proper control;

ee. failed to apply his brakes in a timely manner or otherwise turn his vehicle so as to avoid a collision;

ff. failed to sound his horn or otherwise warn of his impending approach;

gg. was inattentive and failed to keep a proper lookout while operating his motor vehicle when he knew said conduct was likely to cause a collision;

hh. failed to exercise due care and caution and drove his vehicle directly into the side of the Plaintiffs' vehicle thereby causing a collision;

ii. failed to make proper use of his faculties and senses so as to avoid a collision;

jj. failed to equip or maintain his motor vehicle with adequate brakes;

kk. failed to equip or maintain his motor vehicle with adequate and safe tires;

ll. operated his motor vehicle while operating a cellular telephone;

      mm.     operated his motor vehicle while typing, sending, and/or reading text messages from his cellular telephone;

      nn. failed under all the circumstances then and there existing to take reasonable and proper precautions to avoid the probability of harm to the Plaintiff;

      oo. failed to operate his vehicle so as to avoid endangering other lawful users of the roadway; and

      pp. struck the side of the Plaintiff's vehicle.

    10.    As a result of the negligence, carelessness and statutory violations of the Defendant Marcu, the Plaintiff's decedent's body was thrown through the air and struck the pavement.  As a further result, she sustained multiple traumatic injuries, including dismemberment of her right leg, which was thrown from her body, lacerations, contusions and abrasions to her head, face, neck, chest, abdomen, liver, spleen, lungs and arms, fractures of the jaw, skull, pelvis, spine, ankle and shin, and hemorrhage of the scalp and brain.  As a further result, she experienced conscious pain and suffering before her death.

    11.    As a result of the negligence, carelessness, and statutory violations of the Defendant, the Plaintiff's decedent was required to spend various sums of money for medical care and treatment necessitated by said injuries all to her loss and damage.

7

12.     As a result of the negligence, carelessness and statutory violations of the Defendant, the Plaintiff's decedent suffered physical and mental pain, anguish and anxiety, as well as conscious pain and suffering.

13.     As a further result of the negligence, carelessness and statutory violations of the Defendant, the Plaintiff's decedent suffered the premature loss of the enjoyment of all of life's activities.

14.     As a further result of the negligence, carelessness and statutory violations of the Defendant, her Estate incurred funeral and/or burial expenses necessitated by his death, all to its loss and damage.

15.     As a further result of the negligence, carelessness and statutory violations of the Defendant, the Plaintiff's decedent suffered economic loss in the form of loss of the ability to earn income throughout the course of her lifetime.

**SECOND COUNT:**  **(Wrongful Death – Recklessness as to Nicolae Marcu Pursuant to § 14-295 of the Connecticut General Statutes Brought By Estate of Ashley Ferguson Jones)**

1-3.    Paragraphs One (1) through Three (3) of the First Count are incorporated and hereby made Paragraphs One (1) through Three (3) of this the Second Count as if more fully set forth herein.

4.  Paragraph Eight (8) of the First Count is incorporated and hereby made

Paragraph Four (4) of this the Second Count as if more fully set forth herein.

5.  The collision and resulting injuries and damages to the Plaintiff's decedent

were caused by the recklessness and misconduct of the Defendant Marcu in one or

more of the following respects, in that he:

a.  operated his vehicle deliberately or with reckless disregard for the safety
of others, in violation of § 14-218a of the Connecticut General Statutes by
driving at an unreasonable rate of speed on a heavily traveled roadway
without due regard for the width, traffic and use of said roadway, even
though he knew or should have known his actions presented a high
degree of danger, yet ignored said risk and danger resulting in the
Defendant driving his vehicle directly into the side of the Plaintiff's
decedent's vehicle; and

b.  operated his vehicle deliberately or with reckless disregard for the safety
of others, in violation of § 14-222 of the Connecticut General Statutes by
operating his motor vehicle recklessly by looking away from the roadway
while operating his vehicle at such a rate of speed as to endanger the life
of any person other than the operator, thereby causing a collision with the
Plaintiff's decedent's vehicle, even though he knew or should have known
his actions presented a high degree of danger, yet ignored said risk and
danger.

6.  Said reckless conduct and statutory violations were in violation of

Connecticut General Statutes § 14-295 and were a substantial factor in causing the

collision and the Plaintiff's decedent's injuries and damages resulting therefrom.

7.  As a result of the reckless conduct and statutory violations of the

Defendant Marcu, the Plaintiff's decedent's body was thrown through the air and struck

the pavement.  As a further result, she sustained multiple traumatic injuries, including dismemberment of her right leg, which was thrown from her body, lacerations, contusions and abrasions to her head, face, neck, chest, abdomen, liver, spleen, lungs and arms, fractures of the jaw, skull, pelvis, spine, ankle and shin, and hemorrhage of the scalp and brain.  As a further result, she experienced conscious pain and suffering before her death.

8.     As a result of the reckless conduct and statutory violations of the Defendant, the Plaintiff's decedent was required to spend various sums of money for medical care and treatment necessitated by said injuries all to her loss and damage.

9.     As a result of the reckless conduct and statutory violations of the Defendant, the Plaintiff's decedent suffered physical and mental pain, anguish and anxiety, as well as conscious pain and suffering.

10.    As a further result of the reckless conduct and statutory violations of the Defendant, the Plaintiff's decedent suffered the premature loss of the enjoyment of all of life's activities.

11.    As a further result of the reckless conduct and statutory violations of the Defendant, her Estate incurred funeral and/or burial expenses necessitated by his death, all to its loss and damage.

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

12.    As a further result of the reckless conduct and statutory violations of the

Defendant, the Plaintiff's decedent suffered economic loss in the form of loss of the

ability to earn income throughout the course of her lifetime.

**THIRD COUNT:**    **(Wrongful Death – Common Law Recklessness as to Nicolae Marcu Brought By Estate of Ashley Ferguson Jones)**

1-3.    Paragraphs One (1) through Three (3) of the First Count are incorporated

and hereby made Paragraphs One (1) through Three (3) of this the Third Count as if

more fully set forth herein.

4.    Paragraph Eight (8) of the First Count is incorporated and hereby made

Paragraph Four (4) of this the Third Count as if more fully set forth herein.

5.    The collision and resulting injuries and damages to the Plaintiff's decedent

were caused by the recklessness and misconduct of the Defendant Marcu in one or

more of the following respects, in that he:

a.    operated his vehicle deliberately or with reckless disregard for the safety of others, including the Plaintiff's decedent, by driving at a high rate of speed and onto the shoulder of the roadway even though he knew or should have known that there was a stopped and/or disabled vehicle on the shoulder and that his actions presented a high degree of danger, yet ignored said risk and danger thereby driving his vehicle directly into the side of the Plaintiff's decedent's vehicle; and

b.    operated his vehicle deliberately or with reckless disregard for the safety of others, including the Plaintiff's decedent, by looking away from the roadway while accelerating and crossing over into the shoulder of the

11

roadway, even though he knew or should have known his actions presented a high degree of danger of striking a disabled vehicle on the shoulder of the roadway, yet ignored said risk and danger.

6.   The reckless and wanton conduct of the Defendant Marcu, as aforesaid, was a substantial factor in causing the collision and the Plaintiff's decedent's injuries and damages resulting therefrom.

7.   As a result of the reckless conduct of the Defendant Marcu, the Plaintiff's decedent's body was thrown through the air and struck the pavement.  As a further result, she sustained multiple traumatic injuries, including dismemberment of her right leg, which was thrown from her body, lacerations, contusions and abrasions to her head, face, neck, chest, abdomen, liver, spleen, lungs and arms, fractures of the jaw, skull, pelvis, spine, ankle and shin, and hemorrhage of the scalp and brain.  As a further result, she experienced conscious pain and suffering before her death.

8.   As a result of the reckless conduct of the Defendant, the Plaintiff's decedent was required to spend various sums of money for medical care and treatment necessitated by said injuries all to her loss and damage.

9.   As a result of the reckless conduct of the Defendant, the Plaintiff's decedent suffered physical and mental pain, anguish and anxiety, as well as conscious pain and suffering.

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street  •  P.O. Drawer 1430  •  New London, CT 06320  •  Tel. (860) 442-0444  •  Juris No. 102515

10.     As a further result of the reckless conduct of the Defendant, the Plaintiff's decedent suffered the premature loss of the enjoyment of all of life's activities.

11.     As a further result of the reckless conduct of the Defendant, her Estate incurred funeral and/or burial expenses necessitated by his death, all to its loss and damage.

12.     As a further result of the reckless conduct of the Defendant, the Plaintiff's decedent suffered economic loss in the form of loss of the ability to earn income throughout the course of her lifetime.

**FOURTH COUNT:**          **(Wrongful Death Action as to MGR Freight System, Inc. Brought By Estate of Ashley Ferguson Jones)**

1-8.     Paragraphs One (1) through Eight (8) of the First Count are incorporated and hereby made Paragraphs One (1) through Eight (8) of this the Fourth Count as if more fully set forth herein.

9.     The collision and resulting injuries were caused by the negligence, carelessness and statutory violations of the Defendant MGR and its agents, servants and/or employees, including the Defendant Marcu, in one or more of the following respects, in that they:

   a.     violated 49 C.F.R. § 390.3 by failing to teach the Defendant Marcu applicable regulations as provided in 49 C.F.R. Subtitle B, Chapter III, Subchapter B;

13

b.  violated 49 C.F.R. § 390.11 by failing to require observance of all applicable duties and prohibitions by the Defendant Marcu;

c.  violated 49 C.F.R. §391.11 by permitting an unqualified person to drive a commercial motor vehicle;

d.  violated 49 C.F.R. §391.23 by failing to check the Defendant Marcu's driver's history and references;

e.  violated 49 C.F.R. 391.25 by failing to do an annual inquiry and review of driving record for the Defendant Marcu;

f.  violated 49 C.F.R. § 392.3 by permitting the Defendant Marcu to operate a commercial motor vehicle with impaired ability and/or alertness;

g.  violated 49 C.F.R. § 392.6 by permitting and/or requiring the operation of a commercial motor vehicle in such a manner as would necessitate speeding;

h.  violated 49 C.F.R. § 392.80 by permitting the Defendant Marcu to engage in texting while driving a commercial motor vehicle;

i.  violated 49 C.F.R. § 392.82 by permitting the Defendant Marcu to use a hand-held mobile telephone while driving a commercial motor vehicle;

j.  violated 49 C.F.R. § 393.1 by failing to comply with the requirements and specifications of 49 C.F.R. Subtitle B, Chapter III, Subchapter B, Part 393, including but not limited to, Subpart C- Brakes;

k.  violated 49 C.F.R. 395.3 by permitting and/or requiring the Defendant Marcu to operate a motor vehicle without complying with requirements regarding rest periods and maximum consecutive driving hours;

l.  failed to properly train and supervise their employees, agents and/or servants, including the Defendant Marcu, regarding the requirements of 49 C.F.R. § 395.8 and the proper maintenance of a driver duty status record;

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

m.     violated 49 C.F.R. 396.1 by failing to comply with the requirements of 49 C.F.R. Subtitle B, Chapter III, Subchapter B, Part 396, regarding inspection, repair and maintenance;

n.     violated 49 C.F.R. §396.17 by failing to conduct periodic motor vehicle inspections of said commercial motor vehicle;

o.     failed to adequately evaluate and screen employees, agents and/or servants, including the Defendant Marcu, before permitting them to operate a tractor-trailer.

p.     failed to properly maintain and service their tractor-trailer vehicle;

q.     provided their employees, agents and/or servants with improperly maintained, improperly serviced and defective company motor vehicles;

r.     failed to hire an adequate number of employees, agents and/or servants as drivers to safely complete required tasks and responsibilities in a reasonable timeframe thereby preventing the need for said employees, agents and/or servants, including the Defendant Marcu, to rush from one task to another and to work fourteen hours without a break;

s.     allowed driver employees, agents and/or servants, including the Defendant Marcu, to operate company motor vehicles without proper instruction and training regarding the safe operation of a tractor-trailer;

t.     failed to obtain and review driving records for driver employees, agents and/or servants, including the Defendant Marcu, before permitting them to operate a company motor vehicle;

u.     entrusted the Defendant Marcu with a company owned tractor-trailer motor vehicle to operate while in the course of his employ without first verifying and evaluating his ability to operate said motor vehicle safely; and

THE REARDON LAW FIRM, P.C.

Attorneys at Law

160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

v.      permitted the Defendant Marcu to drive a commercial motor vehicle without proper knowledge and/or training regarding securing cargo thereon.

10.     As a result of the negligence, carelessness and statutory violations of the Defendant MGR, the Plaintiff's decedent's body was thrown through the air and struck the pavement.  As a further result, she sustained multiple traumatic injuries, including dismemberment of her right leg, which was thrown from her body, lacerations, contusions and abrasions to her head, face, neck, chest, abdomen, liver, spleen, lungs and arms, fractures of the jaw, skull, pelvis, spine, ankle and shin, and hemorrhage of the scalp and brain.  As a further result, she experienced conscious pain and suffering before her death.

11.     As a result of the negligence, carelessness, and statutory violations of the Defendant MGR, the Plaintiff's decedent was required to spend various sums of money for medical care and treatment necessitated by said injuries all to her loss and damage.

12.     As a result of the negligence, carelessness and statutory violations of the Defendant MGR, the Plaintiff's decedent suffered physical and mental pain, anguish and anxiety, as well as conscious pain and suffering.

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

13.     As a further result of the negligence, carelessness and statutory violations of the Defendant MGR, the Plaintiff's decedent suffered the premature loss of the enjoyment of all of life's activities.

14.     As a further result of the negligence, carelessness and statutory violations of the Defendant MGR, her Estate incurred funeral and/or burial expenses necessitated by his death, all to its loss and damage.

15.     As a further result of the negligence, carelessness and statutory violations of the Defendant MGR, the Plaintiff's decedent suffered economic loss in the form of loss of the ability to earn income throughout the course of her lifetime.

**FIFTH COUNT:**          **(Loss of Consortium as to Nicolae Marcu Brought By Marshall Jones)**

1-15.   Paragraphs One (1) through Fifteen (15) of the First Count are incorporated and hereby made Paragraphs One (1) through Fifteen (15) of this the Fifth Count as if more fully set forth herein.

16.     As a result of the negligence and carelessness of the Defendant, as aforesaid, the Plaintiff, Marshall Jones, husband of the Plaintiff's decedent, Ashley Jones, has been and will be deprived of the love, comfort, association, companionship, support, services, care, affection, society and consortium of his wife and will continue to suffer such deprivation in the future.

**SIXTH COUNT:**          **(Loss of Consortium as to MGR Freight System, Inc.
                          Brought By Marshall Jones)**

1-15.   Paragraphs One (1) through Fifteen (15) of the Fourth Count are

incorporated and hereby made Paragraphs One (1) through Fifteen (15) of this the Sixth

Count as if more fully set forth herein.

17.   As a result of the negligence and carelessness of the Defendant, as

aforesaid, the Plaintiff, Marshall Jones, husband of the Plaintiff's decedent, Ashley

Jones, has been and will be deprived of the love, comfort, association, companionship,

support, services, care, affection, society and consortium of his wife and will continue to

suffer such deprivation in the future.

**SEVENTH COUNT:**          **(Bystander Emotional Distress as to Nicolae Marcu and
                            MGR Freight System, Inc. Brought By Aaliyah Jones,
                            ppa Marshall Jones)**

1-15.   Paragraphs One (1) through Fifteen (15) of the First Count are

incorporated and hereby made Paragraphs One (1) through Fifteen (15) of this the

Seventh Count as if more fully set forth herein.

16-30. Paragraphs One (1) through Fifteen (15) of the Fourth Count are

incorporated and hereby made Paragraphs Sixteen (6) through Thirty (30) of this the

Seventh Count as if more fully set forth herein.

31.     At all times mentioned herein, the Plaintiff, Marshall Jones, was and is the father of the Plaintiff, Aaliyah Jones, who, at the time of this incident, was a minor child.

32.     At all times mentioned herein, the Plaintiff's decedent, Ashley Jones, was the mother of the Plaintiff, Aaliyah Jones, who, at the time of this incident, was a minor child.

33.     On December 1, 2016, when the Plaintiff's decedent was killed in a motor vehicle collision and her body from the side of the vehicle, her daughter, the Plaintiff, Aaliyah Jones, was in close proximity to her and contemporaneously witnessed get struck by a vehicle, get thrown a distance and land on the pavement, suffer fatal injuries, suffer conscious pain and suffering and die.  As a result, the Plaintiff, Aaliyah Jones, has suffered from nervous shock, extreme emotional turmoil and mental distress, all caused by the sight of her mother getting killed due to the negligence and carelessness of the Defendants.

34.     As a further result of the Defendants' conduct, the Plaintiff, Aaliyah Jones, has suffered painful psychiatric conditions requiring her to undergo mental health counseling, treatment and to receive prescription medications, and requiring her to spend various sums of money for these treatments.

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

35.    As a further result, the Plaintiff, Aaliyah Jones, will likely suffer emotional distress and mental pain for the rest of her life, requiring her to spend additional sums of money for psychiatric and psychological care, mental health care and treatment, and prescription medications, all to her loss and damage.

**EIGHTH COUNT:**          **(Loss of Consortium as to Nicolae Marcu and MGR Freight System, Inc. Brought By Michael Jones, ppa Marshall Jones)**

1-15.  Paragraphs One (1) through Fifteen (15) of the First Count are incorporated and hereby made Paragraphs One (1) through Fifteen (15) of this the Eighth Count as if more fully set forth herein.

16-30. Paragraphs One (1) through Fifteen (15) of the Fourth Count are incorporated and hereby made Paragraphs Sixteen (6) through Thirty (30) of this the Eighth Count as if more fully set forth herein.

31.    The Plaintiff, Michael Jones, at all times hereafter mentioned, was the minor child of Ashley Jones.

32.    As a result of the above incident and the negligence and carelessness of the Defendants, the Plaintiff, Michael Jones, was and will in the future be deprived of the financial support, services, care, affection, comfort, companionship, society and consortium of his mother, Ashley Jones, all to his loss and detriment.

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

**NINTH COUNT:**          **(Loss of Consortium as to Nicolae Marcu and MGR Freight System, Inc. Brought By Aaliyah Jones, ppa Marshall Jones)**

1-15.   Paragraphs One (1) through Fifteen (15) of the First Count are incorporated and hereby made Paragraphs One (1) through Fifteen (15) of this the Ninth Count as if more fully set forth herein.

16-30. Paragraphs One (1) through Fifteen (15) of the Fourth Count are incorporated and hereby made Paragraphs Sixteen (6) through Thirty (30) of this the Ninth Count as if more fully set forth herein.

31.   The Plaintiff, Aaliyah Jones, at all times hereafter mentioned, was the minor child of Ashley Jones.

32.   As a result of the above incident and the negligence and carelessness of the Defendants, the Plaintiff, Aaliyah Jones, was and will in the future be deprived of the financial support, services, care, affection, comfort, companionship, society and consortium of her mother, Ashley Jones, all to her loss and detriment.

**TENTH COUNT:**          **(Wrongful Death Action as to Plan Beta, LLC and Nicolae Marcu Pursuant to § 52-555 of the Connecticut General Statutes Brought By Estate of Ashley Ferguson Jones)**

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

1-3. Paragraphs One (1) through Three (3) of the First Count are incorporated and hereby made Paragraphs One (1) through Three (3) of this the Tenth Count as if more fully set forth herein.

4. On December 1, 2016 and at all relevant times herein, the Defendant, Plan Beta, LLC, [hereinafter "Defendant Plan Beta"] was and is a New Hampshire Corporation with its principal place of business in Bedford, New Hampshire.

5. On December 1, 2016 and at all relevant times herein, the Defendant Marcu was and is the principal and sole owner of the Defendant Plan Beta.

6. On December 1, 2016 was and is an agent, apparent agent, servant and/or employee of the Defendant Plan Beta and was acting within the scope of his agency, apparent agency, servitude and/or employment with the Defendant Plan Beta by operating a tractor trailer truck in the State of Connecticut and on its roadways and highways.

7. At the same time and place, when the Plaintiff's decedent stopped her vehicle in the emergency shoulder area and exited it to attend to her small child who seated in her car seat in the rear of the vehicle experiencing an urgent sickness, the Defendant Marcu suddenly and without warning drove his tractor trailer truck into said shoulder area, striking the Plaintiff's decedent and her vehicle, causing the Plaintiff's

decedent's body to be thrown through the air more than 70 feet, slamming her to the

ground, and causing her to suffer traumatic injuries that resulted in her untimely death.

       8.     Said collision and the resulting injuries and damages to the Plaintiff's

decedent were caused by the negligence, carelessness, and statutory violations of the

Defendant Marcu in that he:

    a.  violated § 14-230 of the Connecticut General Statutes by failing to move his vehicle to the left hand lane when overtaking a parked and/or standing vehicle in the breakdown lane;

    b.  violated § 14-240 of the Connecticut General Statutes by failing to drive a reasonable distance from other vehicles, including the Plaintiffs' vehicle;

    c.  violated § 14-218a of the Connecticut General Statutes by operating his motor vehicle at an unreasonable rate of speed without due regard for the width, traffic and use of the roadway and the conditions then and there existing;

    d.  violated § 14-222 of the Connecticut General Statutes by operating his vehicle recklessly without due regard for the width, traffic and use of the roadway and the conditions then and there existing;

    e.  violated § 14-80h of the Connecticut General Statutes by failing to equip or maintain his motor vehicle with adequate brakes;

    f.  violated § 14-81 of the Connecticut General Statutes by failing to equip his motor vehicle with an adequate braking system on all wheels;

    g.  violated § 14-98a of the Connecticut General Statutes by operating his motor vehicle with unsafe tires;

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

h. violated § 14-296aa(b) of the Connecticut General Statutes by operating an electronic device while operating a motor vehicle;

i. violated § 14-296aa(b)(1) of the Connecticut General Statutes by operating a motor vehicle while typing, sending, and/or reading text messages from his cellular telephone;

j. violated 49 C.F.R. § 392.3 of the by operating his motor vehicle while fatigued and/or ill;

k. violated 49 C.F.R. § 392.4 by operating his motor vehicle while under the influence of drugs and/or other substances;

l. violated 49 C.F.R. § 392.5 by operating his motor vehicle while under the influence of alcohol;

m. violated 49 C.F.R. § 392.7 by operating his motor vehicle with parts and/or accessories that were not in good working order;

n. violated 49 C.F.R. § 392.80 by operating his motor vehicle while texting;

o. violated 49 C.F.R. § 392.82 by operating his motor vehicle while using a hand-held mobile telephone;

p. violated 49 C.F.R. § 393.40 by operating his motor vehicle without adequate brakes;

q. violated 49 C.F.R. § 393.42 by operating his motor vehicle without brakes acting on all wheels;

r. violated 49 C.F.R. § 393.48 by operating his motor vehicle without operative brakes;

s. violated 49 C.F.R. § 393.75 by operating his motor vehicle with unsafe tires;

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

t.  violated 49 C.F.R. § 393.81 by operating his motor vehicle with a horn that was not in such condition as to give an adequate and reliable warning signal;

u.  violated 49 C.F.R. §391.41 by operating a commercial motor vehicle without being physically qualified to do so;

v.  violated 49 C.F.R. § 392.2 by failing to obey the traffic laws of the state in which he was operating;

w.  violated 49 C.F.R. § 395.3 by failing to comply with requirements regarding rest periods and maximum consecutive driving hours;

x.  violated 49 C.F.R. §396.1 by failing to comply with the requirements of 49 C.F.R. Subtitle B, Chapter III, Subchapter B, Part 396 regarding inspection, repair and maintenance;

y.  violated 49 C.F.R. § 396.7 by operating a motor vehicle in an unsafe condition;

z.  failed to move his vehicle to the left hand lane when overtaking a parked and/or standing vehicle in the breakdown lane;

aa. failed to drive a reasonable distance from other vehicles on the roadway;

bb. operated his motor vehicle at an unreasonable rate of speed without due regard for the width, traffic and use of the roadway and the conditions then and there existing;

cc. operated his motor vehicle in a reckless and dangerous manner;

dd. failed to have and keep his vehicle under reasonable and proper control;

ee. failed to apply his brakes in a timely manner or otherwise turn his vehicle so as to avoid a collision;

ff.  failed to sound his horn or otherwise warn of his impending approach;

gg. was inattentive and failed to keep a proper lookout while operating his motor vehicle when he knew said conduct was likely to cause a collision;

hh. failed to exercise due care and caution and drove his vehicle directly into the side of the Plaintiffs' vehicle thereby causing a collision;

ii.  failed to make proper use of his faculties and senses so as to avoid a collision;

jj.  failed to equip or maintain his motor vehicle with adequate brakes;

kk. failed to equip or maintain his motor vehicle with adequate and safe tires;

ll.  operated his motor vehicle while operating a cellular telephone;

mm.     operated his motor vehicle while typing, sending, and/or reading text messages from his cellular telephone;

nn. failed under all the circumstances then and there existing to take reasonable and proper precautions to avoid the probability of harm to the Plaintiff;

oo. failed to operate his vehicle so as to avoid endangering other lawful users of the roadway; and

pp. struck the side of the Plaintiff's vehicle.

9.     As a result of the negligence, carelessness and statutory violations of the

Defendant Marcu, the Plaintiff's decedent's body was thrown through the air and struck

the pavement.  As a further result, she sustained multiple traumatic injuries, including

dismemberment of her right leg, which was thrown from her body, lacerations,

contusions and abrasions to her head, face, neck, chest, abdomen, liver, spleen, lungs and arms, fractures of the jaw, skull, pelvis, spine, ankle and shin, and hemorrhage of the scalp and brain.  As a further result, she experienced conscious pain and suffering before her death.

10.     As a result of the negligence, carelessness, and statutory violations of the Defendant, the Plaintiff's decedent was required to spend various sums of money for medical care and treatment necessitated by said injuries all to her loss and damage.

11.     As a result of the negligence, carelessness and statutory violations of the Defendant, the Plaintiff's decedent suffered physical and mental pain, anguish and anxiety, as well as conscious pain and suffering.

12.     As a further result of the negligence, carelessness and statutory violations of the Defendant, the Plaintiff's decedent suffered the premature loss of the enjoyment of all of life's activities.

13.     As a further result of the negligence, carelessness and statutory violations of the Defendant, her Estate incurred funeral and/or burial expenses necessitated by his death, all to its loss and damage.

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

14.     As a further result of the negligence, carelessness and statutory violations

of the Defendant, the Plaintiff's decedent suffered economic loss in the form of loss of

the ability to earn income throughout the course of her lifetime.

**ELEVENTH COUNT:**          **(Wrongful Death Action as to Plan Beta, LLC, Inc.**
                            **Brought By Estate of Ashley Ferguson Jones)**

1-7.     Paragraphs One (1) through Seven (7) of the Tenth Count are

incorporated and hereby made Paragraphs One (1) through Seven (7) of this the

Eleventh Count as if more fully set forth herein.

8.     The collision and resulting injuries were caused by the negligence,

carelessness and statutory violations of the Defendant Plan Beta and its agents,

servants and/or employees, including the Defendant Marcu, in one or more of the

following respects, in that they:

   a.     violated 49 C.F.R. § 390.3 by failing to teach the Defendant Marcu
          applicable regulations as provided in 49 C.F.R. Subtitle B, Chapter III,
          Subchapter B;

   b.     violated 49 C.F.R. § 390.11 by failing to require observance of all
          applicable duties and prohibitions by the Defendant Marcu;

   c.     violated 49 C.F.R. §391.11 by permitting an unqualified person to drive a
          commercial motor vehicle;

   d.     violated 49 C.F.R. §391.23 by failing to check the Defendant Marcu's
          driver's history and references;

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

e.   violated 49 C.F.R. 391.25 by failing to do an annual inquiry and review of driving record for the Defendant Marcu;

f.   violated 49 C.F.R. § 392.3 by permitting the Defendant Marcu to operate a commercial motor vehicle with impaired ability and/or alertness;

g.   violated 49 C.F.R. § 392.6 by permitting and/or requiring the operation of a commercial motor vehicle in such a manner as would necessitate speeding;

h.   violated 49 C.F.R. § 392.80 by permitting the Defendant Marcu to engage in texting while driving a commercial motor vehicle;

i.   violated 49 C.F.R. § 392.82 by permitting the Defendant Marcu to use a hand-held mobile telephone while driving a commercial motor vehicle;

j.   violated 49 C.F.R. § 393.1 by failing to comply with the requirements and specifications of 49 C.F.R. Subtitle B, Chapter III, Subchapter B, Part 393, including but not limited to, Subpart C- Brakes;

k.   violated 49 C.F.R. 395.3 by permitting and/or requiring the Defendant Marcu to operate a motor vehicle without complying with requirements regarding rest periods and maximum consecutive driving hours;

l.   failed to properly train and supervise their employees, agents and/or servants, including the Defendant Marcu, regarding the requirements of 49 C.F.R. § 395.8 and the proper maintenance of a driver duty status record;

m.   violated 49 C.F.R. 396.1 by failing to comply with the requirements of 49 C.F.R. Subtitle B, Chapter III, Subchapter B, Part 396, regarding inspection, repair and maintenance;

n.   violated 49 C.F.R. §396.17 by failing to conduct periodic motor vehicle inspections of said commercial motor vehicle;

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

o.   failed to adequately evaluate and screen employees, agents and/or servants, including the Defendant Marcu, before permitting them to operate a tractor-trailer.

p.   failed to properly maintain and service their tractor-trailer vehicle;

q.   provided their employees, agents and/or servants with improperly maintained, improperly serviced and defective company motor vehicles;

r.   failed to hire an adequate number of employees, agents and/or servants as drivers to safely complete required tasks and responsibilities in a reasonable timeframe thereby preventing the need for said employees, agents and/or servants, including the Defendant Marcu, to rush from one task to another and to work fourteen hours without a break;

s.   allowed driver employees, agents and/or servants, including the Defendant Marcu, to operate company motor vehicles without proper instruction and training regarding the safe operation of a tractor-trailer;

t.   failed to obtain and review driving records for driver employees, agents and/or servants, including the Defendant Marcu, before permitting them to operate a company motor vehicle;

u.   entrusted the Defendant Marcu with a company owned tractor-trailer motor vehicle to operate while in the course of his employ without first verifying and evaluating his ability to operate said motor vehicle safely; and

v.   permitted the Defendant Marcu to drive a commercial motor vehicle without proper knowledge and/or training regarding securing cargo thereon.

9.   As a result of the negligence, carelessness and statutory violations of the

Defendant Plan Beta, the Plaintiff's decedent's body was thrown through the air and

struck the pavement.  As a further result, she sustained multiple traumatic injuries, including dismemberment of her right leg, which was thrown from her body, lacerations, contusions and abrasions to her head, face, neck, chest, abdomen, liver, spleen, lungs and arms, fractures of the jaw, skull, pelvis, spine, ankle and shin, and hemorrhage of the scalp and brain.  As a further result, she experienced conscious pain and suffering before her death.

      10.     As a result of the negligence, carelessness, and statutory violations of the Defendant Plan Beta, the Plaintiff's decedent was required to spend various sums of money for medical care and treatment necessitated by said injuries all to her loss and damage.

      11.     As a result of the negligence, carelessness and statutory violations of the Defendant Plan Beta, the Plaintiff's decedent suffered physical and mental pain, anguish and anxiety, as well as conscious pain and suffering.

      12.     As a further result of the negligence, carelessness and statutory violations of the Defendant Plan Beta, the Plaintiff's decedent suffered the premature loss of the enjoyment of all of life's activities.

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

13.    As a further result of the negligence, carelessness and statutory violations of the Defendant Plan Beta, her Estate incurred funeral and/or burial expenses necessitated by his death, all to its loss and damage.

14.    As a further result of the negligence, carelessness and statutory violations of the Defendant Plan Beta, the Plaintiff's decedent suffered economic loss in the form of loss of the ability to earn income throughout the course of her lifetime.

**TWELFTH COUNT:**    **(Loss of Consortium as to Plan Beta, LLC Brought By Marshall Jones)**

1-14.    Paragraphs One (1) through Fourteen (14) of the Eleventh Count are incorporated and hereby made Paragraphs One (1) through Fourteen (14) of this the Twelfth Count as if more fully set forth herein.

15.    As a result of the negligence and carelessness of the Defendant, as aforesaid, the Plaintiff, Marshall Jones, husband of the Plaintiff's decedent, Ashley Jones, has been and will be deprived of the love, comfort, association, companionship, support, services, care, affection, society and consortium of his wife and will continue to suffer such deprivation in the future.

**THIRTEENTH COUNT:**    **(Bystander Emotional Distress as to Nicolae Marcu and Plan Beta, LLC Brought By Aaliyah Jones, ppa Marshall Jones)**

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

1-14.   Paragraphs One (1) through Fourteen (14) of the Tenth Count are incorporated and hereby made Paragraphs One (1) through Fourteen (14) of this the Thirteenth Count as if more fully set forth herein.

15-28. Paragraphs One (1) through Fourteen (14) of the Eleventh Count are incorporated and hereby made Paragraphs Fifteen (15) through Twenty-Eight (28) of this the Thirteenth Count as if more fully set forth herein.

29.   At all times mentioned herein, the Plaintiff, Marshall Jones, was and is the father of the Plaintiff, Aaliyah Jones, who, at the time of this incident, was a minor child.

30.   At all times mentioned herein, the Plaintiff's decedent, Ashley Jones, was the mother of the Plaintiff, Aaliyah Jones, who, at the time of this incident, was a minor child.

31.   On December 1, 2016, when the Plaintiff's decedent was killed in a motor vehicle collision and her body from the side of the vehicle, her daughter, the Plaintiff, Aaliyah Jones, was in close proximity to her and contemporaneously witnessed get struck by a vehicle, get thrown a distance and land on the pavement, suffer fatal injuries, suffer conscious pain and suffering and die.  As a result, the Plaintiff, Aaliyah Jones, has suffered from nervous shock, extreme emotional turmoil and mental

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

distress, all caused by the sight of her mother getting killed due to the negligence and carelessness of the Defendants.

32.     As a further result of the Defendants' conduct, the Plaintiff, Aaliyah Jones, has suffered painful psychiatric conditions requiring her to undergo mental health counseling, treatment and to receive prescription medications, and requiring her to spend various sums of money for these treatments.

33.     As a further result, the Plaintiff, Aaliyah Jones, will likely suffer emotional distress and mental pain for the rest of her life, requiring her to spend additional sums of money for psychiatric and psychological care, mental health care and treatment, and prescription medications, all to her loss and damage.

**FOURTEENTH COUNT:**   **(Loss of Consortium as to Nicolae Marcu and Plan Beta, LLC Brought By Michael Jones, ppa Marshall Jones)**

1-14.   Paragraphs One (1) through Fourteen (14) of the Tenth Count are incorporated and hereby made Paragraphs One (1) through Fourteen (14) of this the Fourteenth Count as if more fully set forth herein.

15-28. Paragraphs One (1) through Fourteen (14) of the Eleventh Count are incorporated and hereby made Paragraphs Fifteen (15) through Twenty-Eight (28) of this the Fourteenth Count as if more fully set forth herein.

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

29.    The Plaintiff, Michael Jones, at all times hereafter mentioned, was the minor child of Ashley Jones.

30.    As a result of the above incident and the negligence and carelessness of the Defendants, the Plaintiff, Michael Jones, was and will in the future be deprived of the financial support, services, care, affection, comfort, companionship, society and consortium of his mother, Ashley Jones, all to his loss and detriment.

**FIFTEENTH COUNT:**      **(Loss of Consortium as to Nicolae Marcu and Plan Beta, LLC Brought By Aaliyah Jones, ppa Marshall Jones)**

1-14.   Paragraphs One (1) through Fourteen (14) of the Tenth Count are incorporated and hereby made Paragraphs One (1) through Fourteen (14) of this the Fifteenth Count as if more fully set forth herein.

15-28. Paragraphs One (1) through Fourteen (14) of the Eleventh Count are incorporated and hereby made Paragraphs Fifteen (15) through Twenty-Eight (28) of this the Fifteenth Count as if more fully set forth herein.

29.    The Plaintiff, Aaliyah Jones, at all times hereafter mentioned, was the minor child of Ashley Jones.

30    As a result of the above incident and the negligence and carelessness of the Defendants, the Plaintiff, Aaliyah Jones, was and will in the future be deprived of the

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

financial support, services, care, affection, comfort, companionship, society and consortium of her mother, Ashley Jones, all to her loss and detriment.

**WHEREFORE**, the Plaintiffs claim:

1.    Fair, just and reasonable money damages;

2.    Punitive and exemplary damages;

3.    Double or treble damages pursuant to § 14-295 of the Connecticut General Statutes; and

4.    Attorneys' fees and costs.

THE PLAINTIFFS,

By _____
Kelly E. Reardon, Esq.
**THE REARDON LAW FIRM, P.C.**
Their Attorneys

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

X03-DOCKET NO.: HHD-CV17-6086799-S
RETURN DATE: MARCH 13, 2018

| | | |
|---|---|---|
| ESTATE OF ASHLEY FERGUSON | : | SUPERIOR COURT |
| JONES BY MARSHALL JONES, | : | |
| ADMINISTRATOR, ET AL | : | J.D. OF HARTFORD |
| | : | AT HARTFORD |
| V. | : | |
| | : | |
| MGR FREIGHT SYSTEM, INC., | : | |
| NICOLAE MARCU AND | : | |
| PLAN BETA, LLC | : | FEBRUARY 5, 2018 |

## STATEMENT RE:  AMOUNT IN DEMAND

The amount, legal interest or property in demand is greater than Fifteen

Thousand and No/100 ($15,000.00) Dollars, exclusive of interest and costs.

THE PLAINTIFFS,

By _____

Kelly E. Reardon, Esq.
**THE REARDON LAW FIRM, P.C.**
Their Attorneys

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed, faxed or electronically delivered on this the 5th day of February 2018 to all counsel and pro se parties of record and that written consent for electronic delivery was received from all counsel and pro se parties of record who were electronically serviced as follows:

Bryn J. Haas, Esq.
Howd & Ludorf, LLC
65 Wethersfield Avenue
Hartford, CT 06114
P: 860-249-1361
F: 860-249-7665
Email: bhass@hl-law.com
*Counsel for Defendants*
*MGR Freight System and*
*Nicolae Marcu*

_____
Commissioner of the Superior Court

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

ORDER   435703

DOCKET NO: HHDCV176086799S                    SUPERIOR COURT

JONES, MARSHALL, ADMINISTRATOR                JUDICIAL DISTRICT OF HARTFORD
OF THE ESTATE OF AS Et Al                          AT HARTFORD
   V.
MGR FREIGHT SYSTEM, INC. Et Al                2/1/2018

## ORDER

ORDER REGARDING:
01/23/2018 123.00 MOTION TO CITE ADDITIONAL PARTY

The foregoing, having been considered by the Court, is hereby:

ORDER: GRANTED

The court conducted an initial status conference on January 31, 2018. Defendants, through their counsel, represented to the court that (1) they waive any claim that the certificate of service appended to the motion to cite-in is defective and (2) they have no objection to the granting of the motion.

For the reasons identified in the motion, the motion to cite-in Plan Beta, LLC as a party defendant is hereby granted. It is hereby ordered that plaintiffs amend their complaint and state facts showing the interest of Plan Beta, LLC in this action. Service of process shall be made on Plan Beta, LLC on or before March 1, 2018, with a return date of March 13, 2018.

Judicial Notice (JDNO) was sent regarding this order.

                                        435703
                                        _____

                                        Judge: INGRID L MOLL

## SUMMONS - CIVIL

JD-CV-1 Rev. 10-15
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. §§ 3-1 through 3-21, 8-1, 10-13

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
www.jud.ct.gov



### See other side for instructions

☐ "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.

☒ "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.

☐ "X" if claiming other relief in addition to or in lieu of money or damages.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| Address of court clerk where writ and other papers shall be filed *(Number, street, town and zip code)* *(C.G.S. §§ 51-346, 51-350)* | Telephone number of clerk *(with area code)* | Return Date *(Must be a Tuesday)* | | |
|---|---|---|---|---|
| 95 Washington Street, Hartford, CT 06106 | ( 860 )548-2700 | March | 13 , 2 018 | |
| | | Month | Day | Year |

| ☒ Judicial District | G.A. | At *(Town in which writ is returnable) (C.G.S. §§ 51-346, 51-349)* | Case type code *(See list on page 2)* | |
|---|---|---|---|---|
| ☐ Housing Session | Number: | Hartford | Major: **V** | Minor: **01** |

### For the Plaintiff(s) please enter the appearance of:

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)* | Juris number *(to be entered by attorney only)* |
|---|---|
| The Reardon Law Firm, P.C., 160 Hempstead Street, New London, CT 06320 | 102515 |

| Telephone number *(with area code)* | Signature of Plaintiff *(If self-represented)* |
|---|---|
| ( 860 )  442-0444 | |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. ☐ Yes ☐ No | Email address for delivery of papers under Section 10-13 *(if agreed to)* |
|---|---|

| Number of Plaintiffs: 4 | Number of Defendants: 3 | ☒ Form JD-CV-2 attached for additional parties |
|---|---|---|

| Parties | Name *(Last, First, Middle Initial) and Address of Each party (Number; Street; P.O. Box; Town; State; Zip; Country, if not USA)* | |
|---|---|---|
| First Plaintiff | Name: **Estate of Ashley Ferguson Jones, by Marshall Jones** Address: **2 Walnut Street, Middletown, CT 06457** | P-01 |
| Additional Plaintiff | Name: **Jones, Marshall** Address: **2 Walnut Street, Middletown, CT 06457** | P-02 |
| First Defendant | Name: **MGR Freight System, Inc.** Address: **500 West Plainfield Road, Countryside, IL 60525** | D-01 |
| Additional Defendant | Name: **Marcu, Nicolae** Address: **453 Route 101, Bedford, NH 03110** | D-02 |
| Additional Defendant | Name: **Plan Beta, LLC** Address: **453 Route 101, Bedford, NH 03110** | D-03 |
| Additional Defendant | Name: Address: | D-04 |

## Notice to Each Defendant

1. **YOU ARE BEING SUED.** This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at *www.jud.ct.gov* under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at *www.jud.ct.gov* under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. **The Clerk of Court is not allowed to give advice on legal questions.**

| Signed *(Sign and "X" proper box)* | ☒ Commissioner of the Superior Court | Name of Person Signing at Left | Date signed |
|---|---|---|---|
| *[signature]* | ☐ Assistant Clerk | Kelly E. Reardon, Esq. | 02/05/2018 |

| If this Summons is signed by a Clerk: | For Court Use Only |
|---|---|
| a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts. | File Date |
| b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law. | |
| c. The Clerk is not permitted to give any legal advice in connection with any lawsuit. | |
| d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint. | |

| I certify I have read and understand the above: | Signed *(Self-Represented Plaintiff)* | Date | Docket Number |
|---|---|---|---|

**CIVIL SUMMONS**
**CONTINUATION OF PARTIES**
JD-CV-2    Rev. 9-12

STATE OF CONNECTICUT
**SUPERIOR COURT**

First named Plaintiff  *(Last, First, Middle Initial)*
**Estate of Ashley Ferguson Jones, by Marshall Jones**

First named Defendant  *(Last, First, Middle Initial)*
**MGR Freight System, Inc.**

## Additional Plaintiffs

| Name  *(Last, First, Middle Initial, if individual)* | Address  *(Number, Street, Town and Zip Code)* | CODE |
|---|---|---|
| **Jones, Aaliyah, ppa Marshall Jones, 2 Walnut Street, Middletown, CT 06457** | | 03 |
| **Jones, Michael, ppa Marshall Jones, 2 Walnut Street, Middletown, CT 06457** | | 04 |
| | | 05 |
| | | 06 |
| | | 07 |
| | | 08 |
| | | 09 |
| | | 10 |
| | | 11 |
| | | 12 |
| | | 13 |

## Additional Defendants

| Name  *(Last, First, Middle Initial, if individual)* | Address  *(Number, Street, Town and Zip Code)* | CODE |
|---|---|---|
| | | 05 |
| | | 06 |
| | | 07 |
| | | 08 |
| | | 09 |
| | | 10 |
| | | 11 |
| | 12 | *FOR COURT USE ONLY - File Date* |
| | 13 | |
| | 14 | Docket number |

**CIVIL SUMMONS-Continuation**

ORDER   435703

DOCKET NO: HHDCV176086799S                SUPERIOR COURT

JONES, MARSHALL, ADMINISTRATOR            JUDICIAL DISTRICT OF HARTFORD
OF THE ESTATE OF AS Et Al                     AT HARTFORD
  V.
MGR FREIGHT SYSTEM, INC. Et Al            2/9/2018


<u>ORDER</u>


ORDER REGARDING:
02/05/2018 127.00 MOTION TO CITE ADDITIONAL PARTY

The foregoing, having been considered by the Court, is hereby:

ORDER: GRANTED

Absent objection, and for the reasons identified in the motion, the motion to cite-in Total Quality
Logistics, LLC as a party defendant is hereby granted. It is hereby ordered that plaintiffs amend their
complaint and state facts showing the interest of Total Quality Logistics, LLC in this action. Service of
process shall be made on Total Quality Logistics, LLC on or before March 1, 2018, with a return date of
March 13, 2018.

Judicial Notice (JDNO) was sent regarding this order.

435703
_____

Judge: INGRID L MOLL

ORDER   435703

DOCKET NO: HHDCV176086799S                SUPERIOR COURT

JONES, MARSHALL, ADMINISTRATOR            JUDICIAL DISTRICT OF HARTFORD
OF THE ESTATE OF AS Et Al                     AT HARTFORD
  V.
MGR FREIGHT SYSTEM, INC. Et Al            2/14/2018


<u>ORDER</u>


ORDER REGARDING:
02/13/2018 128.00 MOTION FOR PROTECTIVE ORDER PB 13-5

The foregoing, having been considered by the Court, is hereby:

ORDER: GRANTED

In light of the court's recent granting of plaintiff's two motions to cite-in additional defendants, the
instant motion for protective order is granted. Defendant Marcu shall not be deposed until after the date
on which the cited-in defendants are required to appear.

Judicial Notice (JDNO) was sent regarding this order.

435703
_____

Judge: INGRID L MOLL

329 MAST ROAD
GOFFSTOWN, NH 03045

SHERIFF WRIT 18-1194-CP

DOCKET NUMBER

ESTATE OF ASHLEY JONES V. PLAN BETA, LLC

AFFIDAVIT OF SERVICE

STATE OF NEW HAMPSHIRE
HILLSBOROUGH, SS                                          02/09/2018

    I, DEPUTY SHERIFF ETHAN CHRISTENSEN, BEING FIRST DULY SWORN, DEPOSE
AND SAY THAT I AM A DULY APPOINTED AND QUALIFIED DEPUTY SHERIFF IN AND FOR
SAID COUNTY OF HILLSBOROUGH, AND THAT I AM AUTHORIZED TO SERVE CIVIL
PROCESS BY THE LAW OF THE STATE OF NEW HAMPSHIRE THAT ON 02/09/2018, I MADE
SERVICE OF THE SUMMONS AND COMPLAINT UPON THE WITHIN NAMED DEFENDANT PLAN
BETA, LLC BY GIVING IN HAND TO BRYAN CLICKNER, REGISTERED AGENT BEING AT
152 S.MAST ST, GOFFSTOWN, NH, IN SAID COUNTY, A COPY OF SAID DOCUMENTS AT
09:53am.

DEPUTY SHERIFF ETHAN CHRISTENSEN

STATE OF NEW HAMPSHIRE
HILLSBOROUGH, SS

    SUBSCRIBED AND SWORN TO, BEFORE ME, ON 02/09/2018.

NOTARY PUBLIC

MARIE CARMEN
★ NOTARY PUBLIC - NEW HAMPSHIRE ★
My Commission Expires January 24, 2023

X03-DOCKET NO.: HHD-CV17-6086799-S
RETURN DATE: MARCH 13, 2018

| | | |
|---|---|---|
| ESTATE OF ASHLEY FERGUSON | : | SUPERIOR COURT |
| JONES BY MARSHALL JONES, | : | |
| ADMINISTRATOR, ET AL | : | J.D. OF HARTFORD |
| | : | AT HARTFORD |
| V. | : | |
| | : | |
| MGR FREIGHT SYSTEM, INC., | : | |
| NICOLAE MARCU AND | : | |
| PLAN BETA, LLC | : | FEBRUARY 5, 2018 |

## AMENDED COMPLAINT

**FIRST COUNT:**        **(Wrongful Death Action as to MGR Freight System, Inc.
and Nicolae Marcu Pursuant to § 52-555 of the
Connecticut General Statutes Brought By Estate of
Ashley Ferguson Jones)**

1.      On or about December 17, 2016, Marshall Jones was appointed the

Administrator of the Estate of Ashley Ferguson Jones, the Plaintiff's decedent, by the

Middletown Probate Court and acting as such Administrator brings this action for the

injuries and death of his wife, Ashley Ferguson Jones, pursuant to §52-555 of the

Connecticut General Statutes.

2.      On December 1, 2016, the Plaintiff's decedent was the operator of a motor

vehicle stopped within the emergency shoulder area of Interstate 95 near Old Lyme,

Connecticut, for an emergency involving her child.

1

3.    At the same time and place, the Defendant, Nicolae Marcu [hereinafter "Defendant Marcu"], was the operator of a tractor trailer truck traveling on Interstate 95 near Old Lyme, Connecticut.

4.    On December 1, 2016, and at all relevant times, the Defendant, MGR Freight System, Inc. [hereinafter "Defendant MGR"], was and is an Illinois Corporation with its principal place of business in Countryside, Illinois, which owned and operated a trucking company providing transportation and/or shipping services around the country, including in Connecticut.

5.    On December 1, 2016 and at all relevant times, the Defendant Marcu was and is an agent, apparent agent, servant and/or employee of the Defendant MGR and was acting within the scope of his agency, apparent agency, servitude and/or employment with the Defendant MGR by operating a tractor trailer truck in the State of Connecticut and on its roadways and highways.

6.    At the same time and place, the truck operated by the Defendant Marcu was owned by the Defendant MGR.

7.    At all times mentioned herein, the Defendant Marcu was operating said tractor trailer truck with the consent, knowledge, permission and/or authority of the Defendant MGR.

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

8.   At the same time and place, when the Plaintiff's decedent stopped her vehicle in the emergency shoulder area and exited it to attend to her small child who seated in her car seat in the rear of the vehicle experiencing an urgent sickness, the Defendant Marcu suddenly and without warning drove his tractor trailer truck into said shoulder area, striking the Plaintiff's decedent and her vehicle, causing the Plaintiff's decedent's body to be thrown through the air more than 70 feet, slamming her to the ground, and causing her to suffer traumatic injuries that resulted in her untimely death.

9.   Said collision and the resulting injuries and damages to the Plaintiff's decedent were caused by the negligence, carelessness, and statutory violations of the Defendant Marcu in that he:

a.  violated § 14-230 of the Connecticut General Statutes by failing to move his vehicle to the left hand lane when overtaking a parked and/or standing vehicle in the breakdown lane;

b.  violated § 14-240 of the Connecticut General Statutes by failing to drive a reasonable distance from other vehicles, including the Plaintiffs' vehicle;

c.  violated § 14-218a of the Connecticut General Statutes by operating his motor vehicle at an unreasonable rate of speed without due regard for the width, traffic and use of the roadway and the conditions then and there existing;

d.  violated § 14-222 of the Connecticut General Statutes by operating his vehicle recklessly without due regard for the width, traffic and use of the roadway and the conditions then and there existing;

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

e. violated § 14-80h of the Connecticut General Statutes by failing to equip or maintain his motor vehicle with adequate brakes;

f. violated § 14-81 of the Connecticut General Statutes by failing to equip his motor vehicle with an adequate braking system on all wheels;

g. violated § 14-98a of the Connecticut General Statutes by operating his motor vehicle with unsafe tires;

h. violated § 14-296aa(b) of the Connecticut General Statutes by operating an electronic device while operating a motor vehicle;

i. violated § 14-296aa(b)(1) of the Connecticut General Statutes by operating a motor vehicle while typing, sending, and/or reading text messages from his cellular telephone;

j. violated 49 C.F.R. § 392.3 of the by operating his motor vehicle while fatigued and/or ill;

k. violated 49 C.F.R. § 392.4 by operating his motor vehicle while under the influence of drugs and/or other substances;

l. violated 49 C.F.R. § 392.5 by operating his motor vehicle while under the influence of alcohol;

m. violated 49 C.F.R. § 392.7 by operating his motor vehicle with parts and/or accessories that were not in good working order;

n. violated 49 C.F.R. § 392.80 by operating his motor vehicle while texting;

o. violated 49 C.F.R. § 392.82 by operating his motor vehicle while using a hand-held mobile telephone;

p. violated 49 C.F.R. § 393.40 by operating his motor vehicle without adequate brakes;

q. violated 49 C.F.R. § 393.42 by operating his motor vehicle without brakes acting on all wheels;

r. violated 49 C.F.R. § 393.48 by operating his motor vehicle without operative brakes;

s. violated 49 C.F.R. § 393.75 by operating his motor vehicle with unsafe tires;

t. violated 49 C.F.R. § 393.81 by operating his motor vehicle with a horn that was not in such condition as to give an adequate and reliable warning signal;

u. violated 49 C.F.R. §391.41 by operating a commercial motor vehicle without being physically qualified to do so;

v. violated 49 C.F.R. § 392.2 by failing to obey the traffic laws of the state in which he was operating;

w. violated 49 C.F.R. § 395.3 by failing to comply with requirements regarding rest periods and maximum consecutive driving hours;

x. violated 49 C.F.R. §396.1 by failing to comply with the requirements of 49 C.F.R. Subtitle B, Chapter III, Subchapter B, Part 396 regarding inspection, repair and maintenance;

y. violated 49 C.F.R. § 396.7 by operating a motor vehicle in an unsafe condition;

z. failed to move his vehicle to the left hand lane when overtaking a parked and/or standing vehicle in the breakdown lane;

aa. failed to drive a reasonable distance from other vehicles on the roadway;

bb. operated his motor vehicle at an unreasonable rate of speed without due regard for the width, traffic and use of the roadway and the conditions then and there existing;

cc. operated his motor vehicle in a reckless and dangerous manner;

dd. failed to have and keep his vehicle under reasonable and proper control;

ee. failed to apply his brakes in a timely manner or otherwise turn his vehicle so as to avoid a collision;

ff. failed to sound his horn or otherwise warn of his impending approach;

gg. was inattentive and failed to keep a proper lookout while operating his motor vehicle when he knew said conduct was likely to cause a collision;

hh. failed to exercise due care and caution and drove his vehicle directly into the side of the Plaintiffs' vehicle thereby causing a collision;

ii. failed to make proper use of his faculties and senses so as to avoid a collision;

jj. failed to equip or maintain his motor vehicle with adequate brakes;

kk. failed to equip or maintain his motor vehicle with adequate and safe tires;

ll. operated his motor vehicle while operating a cellular telephone;

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

  mm.  operated his motor vehicle while typing, sending, and/or reading text messages from his cellular telephone;

  nn. failed under all the circumstances then and there existing to take reasonable and proper precautions to avoid the probability of harm to the Plaintiff;

  oo. failed to operate his vehicle so as to avoid endangering other lawful users of the roadway; and

  pp. struck the side of the Plaintiff's vehicle.

  10. As a result of the negligence, carelessness and statutory violations of the Defendant Marcu, the Plaintiff's decedent's body was thrown through the air and struck the pavement.  As a further result, she sustained multiple traumatic injuries, including dismemberment of her right leg, which was thrown from her body, lacerations, contusions and abrasions to her head, face, neck, chest, abdomen, liver, spleen, lungs and arms, fractures of the jaw, skull, pelvis, spine, ankle and shin, and hemorrhage of the scalp and brain.  As a further result, she experienced conscious pain and suffering before her death.

  11. As a result of the negligence, carelessness, and statutory violations of the Defendant, the Plaintiff's decedent was required to spend various sums of money for medical care and treatment necessitated by said injuries all to her loss and damage.

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

12.     As a result of the negligence, carelessness and statutory violations of the

Defendant, the Plaintiff's decedent suffered physical and mental pain, anguish and

anxiety, as well as conscious pain and suffering.

13.     As a further result of the negligence, carelessness and statutory violations

of the Defendant, the Plaintiff's decedent suffered the premature loss of the enjoyment

of all of life's activities.

14.     As a further result of the negligence, carelessness and statutory violations

of the Defendant, her Estate incurred funeral and/or burial expenses necessitated by his

death, all to its loss and damage.

15.     As a further result of the negligence, carelessness and statutory violations

of the Defendant, the Plaintiff's decedent suffered economic loss in the form of loss of

the ability to earn income throughout the course of her lifetime.

**SECOND COUNT:** **(Wrongful Death – Recklessness as to Nicolae Marcu Pursuant to § 14-295 of the Connecticut General Statutes Brought By Estate of Ashley Ferguson Jones)**

1-3.     Paragraphs One (1) through Three (3) of the First Count are incorporated

and hereby made Paragraphs One (1) through Three (3) of this the Second Count as if

more fully set forth herein.

4.      Paragraph Eight (8) of the First Count is incorporated and hereby made

Paragraph Four (4) of this the Second Count as if more fully set forth herein.

5.      The collision and resulting injuries and damages to the Plaintiff's decedent

were caused by the recklessness and misconduct of the Defendant Marcu in one or

more of the following respects, in that he:

a.      operated his vehicle deliberately or with reckless disregard for the safety
of others, in violation of § 14-218a of the Connecticut General Statutes by
driving at an unreasonable rate of speed on a heavily traveled roadway
without due regard for the width, traffic and use of said roadway, even
though he knew or should have known his actions presented a high
degree of danger, yet ignored said risk and danger resulting in the
Defendant driving his vehicle directly into the side of the Plaintiff's
decedent's vehicle; and

b.      operated his vehicle deliberately or with reckless disregard for the safety
of others, in violation of § 14-222 of the Connecticut General Statutes by
operating his motor vehicle recklessly by looking away from the roadway
while operating his vehicle at such a rate of speed as to endanger the life
of any person other than the operator, thereby causing a collision with the
Plaintiff's decedent's vehicle, even though he knew or should have known
his actions presented a high degree of danger, yet ignored said risk and
danger.

6.      Said reckless conduct and statutory violations were in violation of

Connecticut General Statutes § 14-295 and were a substantial factor in causing the

collision and the Plaintiff's decedent's injuries and damages resulting therefrom.

7.      As a result of the reckless conduct and statutory violations of the

Defendant Marcu, the Plaintiff's decedent's body was thrown through the air and struck

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

the pavement.  As a further result, she sustained multiple traumatic injuries, including dismemberment of her right leg, which was thrown from her body, lacerations, contusions and abrasions to her head, face, neck, chest, abdomen, liver, spleen, lungs and arms, fractures of the jaw, skull, pelvis, spine, ankle and shin, and hemorrhage of the scalp and brain.  As a further result, she experienced conscious pain and suffering before her death.

8.     As a result of the reckless conduct and statutory violations of the Defendant, the Plaintiff's decedent was required to spend various sums of money for medical care and treatment necessitated by said injuries all to her loss and damage.

9.     As a result of the reckless conduct and statutory violations of the Defendant, the Plaintiff's decedent suffered physical and mental pain, anguish and anxiety, as well as conscious pain and suffering.

10.     As a further result of the reckless conduct and statutory violations of the Defendant, the Plaintiff's decedent suffered the premature loss of the enjoyment of all of life's activities.

11.     As a further result of the reckless conduct and statutory violations of the Defendant, her Estate incurred funeral and/or burial expenses necessitated by his death, all to its loss and damage.

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

12.     As a further result of the reckless conduct and statutory violations of the

Defendant, the Plaintiff's decedent suffered economic loss in the form of loss of the

ability to earn income throughout the course of her lifetime.

**THIRD COUNT:**     **(Wrongful Death – Common Law Recklessness as to Nicolae**
                     **Marcu Brought By Estate of Ashley Ferguson Jones)**

1-3.     Paragraphs One (1) through Three (3) of the First Count are incorporated

and hereby made Paragraphs One (1) through Three (3) of this the Third Count as if

more fully set forth herein.

4.     Paragraph Eight (8) of the First Count is incorporated and hereby made

Paragraph Four (4) of this the Third Count as if more fully set forth herein.

5.     The collision and resulting injuries and damages to the Plaintiff's decedent

were caused by the recklessness and misconduct of the Defendant Marcu in one or

more of the following respects, in that he:

   a. operated his vehicle deliberately or with reckless disregard for the safety
      of others, including the Plaintiff's decedent, by driving at a high rate of
      speed and onto the shoulder of the roadway even though he knew or
      should have known that there was a stopped and/or disabled vehicle on
      the shoulder and that his actions presented a high degree of danger, yet
      ignored said risk and danger thereby driving his vehicle directly into the
      side of the Plaintiff's decedent's vehicle; and

   b. operated his vehicle deliberately or with reckless disregard for the safety
      of others, including the Plaintiff's decedent, by looking away from the
      roadway while accelerating and crossing over into the shoulder of the

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

roadway, even though he knew or should have known his actions presented a high degree of danger of striking a disabled vehicle on the shoulder of the roadway, yet ignored said risk and danger.

6.      The reckless and wanton conduct of the Defendant Marcu, as aforesaid, was a substantial factor in causing the collision and the Plaintiff's decedent's injuries and damages resulting therefrom.

7.      As a result of the reckless conduct of the Defendant Marcu, the Plaintiff's decedent's body was thrown through the air and struck the pavement.  As a further result, she sustained multiple traumatic injuries, including dismemberment of her right leg, which was thrown from her body, lacerations, contusions and abrasions to her head, face, neck, chest, abdomen, liver, spleen, lungs and arms, fractures of the jaw, skull, pelvis, spine, ankle and shin, and hemorrhage of the scalp and brain.  As a further result, she experienced conscious pain and suffering before her death.

8.      As a result of the reckless conduct of the Defendant, the Plaintiff's decedent was required to spend various sums of money for medical care and treatment necessitated by said injuries all to her loss and damage.

9.      As a result of the reckless conduct of the Defendant, the Plaintiff's decedent suffered physical and mental pain, anguish and anxiety, as well as conscious pain and suffering.

10.     As a further result of the reckless conduct of the Defendant, the Plaintiff's decedent suffered the premature loss of the enjoyment of all of life's activities.

11.     As a further result of the reckless conduct of the Defendant, her Estate incurred funeral and/or burial expenses necessitated by his death, all to its loss and damage.

12.     As a further result of the reckless conduct of the Defendant, the Plaintiff's decedent suffered economic loss in the form of loss of the ability to earn income throughout the course of her lifetime.

**FOURTH COUNT:**          **(Wrongful Death Action as to MGR Freight System, Inc. Brought By Estate of Ashley Ferguson Jones)**

1-8.     Paragraphs One (1) through Eight (8) of the First Count are incorporated and hereby made Paragraphs One (1) through Eight (8) of this the Fourth Count as if more fully set forth herein.

9.     The collision and resulting injuries were caused by the negligence, carelessness and statutory violations of the Defendant MGR and its agents, servants and/or employees, including the Defendant Marcu, in one or more of the following respects, in that they:

    a.     violated 49 C.F.R. § 390.3 by failing to teach the Defendant Marcu
           applicable regulations as provided in 49 C.F.R. Subtitle B, Chapter III,
           Subchapter B;

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

b.    violated 49 C.F.R. § 390.11 by failing to require observance of all applicable duties and prohibitions by the Defendant Marcu;

c.    violated 49 C.F.R. §391.11 by permitting an unqualified person to drive a commercial motor vehicle;

d.    violated 49 C.F.R. §391.23 by failing to check the Defendant Marcu's driver's history and references;

e.    violated 49 C.F.R. 391.25 by failing to do an annual inquiry and review of driving record for the Defendant Marcu;

f.    violated 49 C.F.R. § 392.3 by permitting the Defendant Marcu to operate a commercial motor vehicle with impaired ability and/or alertness;

g.    violated 49 C.F.R. § 392.6 by permitting and/or requiring the operation of a commercial motor vehicle in such a manner as would necessitate speeding;

h.    violated 49 C.F.R. § 392.80 by permitting the Defendant Marcu to engage in texting while driving a commercial motor vehicle;

i.    violated 49 C.F.R. § 392.82 by permitting the Defendant Marcu to use a hand-held mobile telephone while driving a commercial motor vehicle;

j.    violated 49 C.F.R. § 393.1 by failing to comply with the requirements and specifications of 49 C.F.R. Subtitle B, Chapter III, Subchapter B, Part 393, including but not limited to, Subpart C- Brakes;

k.    violated 49 C.F.R. 395.3 by permitting and/or requiring the Defendant Marcu to operate a motor vehicle without complying with requirements regarding rest periods and maximum consecutive driving hours;

l.    failed to properly train and supervise their employees, agents and/or servants, including the Defendant Marcu, regarding the requirements of 49 C.F.R. § 395.8 and the proper maintenance of a driver duty status record;

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

m.   violated 49 C.F.R. 396.1 by failing to comply with the requirements of 49 C.F.R. Subtitle B, Chapter III, Subchapter B, Part 396, regarding inspection, repair and maintenance;

n.   violated 49 C.F.R. §396.17 by failing to conduct periodic motor vehicle inspections of said commercial motor vehicle;

o.   failed to adequately evaluate and screen employees, agents and/or servants, including the Defendant Marcu, before permitting them to operate a tractor-trailer.

p.   failed to properly maintain and service their tractor-trailer vehicle;

q.   provided their employees, agents and/or servants with improperly maintained, improperly serviced and defective company motor vehicles;

r.   failed to hire an adequate number of employees, agents and/or servants as drivers to safely complete required tasks and responsibilities in a reasonable timeframe thereby preventing the need for said employees, agents and/or servants, including the Defendant Marcu, to rush from one task to another and to work fourteen hours without a break;

s.   allowed driver employees, agents and/or servants, including the Defendant Marcu, to operate company motor vehicles without proper instruction and training regarding the safe operation of a tractor-trailer;

t.   failed to obtain and review driving records for driver employees, agents and/or servants, including the Defendant Marcu, before permitting them to operate a company motor vehicle;

u.   entrusted the Defendant Marcu with a company owned tractor-trailer motor vehicle to operate while in the course of his employ without first verifying and evaluating his ability to operate said motor vehicle safely; and

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

v.   permitted the Defendant Marcu to drive a commercial motor vehicle without proper knowledge and/or training regarding securing cargo thereon.

10.   As a result of the negligence, carelessness and statutory violations of the Defendant MGR, the Plaintiff's decedent's body was thrown through the air and struck the pavement. As a further result, she sustained multiple traumatic injuries, including dismemberment of her right leg, which was thrown from her body, lacerations, contusions and abrasions to her head, face, neck, chest, abdomen, liver, spleen, lungs and arms, fractures of the jaw, skull, pelvis, spine, ankle and shin, and hemorrhage of the scalp and brain. As a further result, she experienced conscious pain and suffering before her death.

11.   As a result of the negligence, carelessness, and statutory violations of the Defendant MGR, the Plaintiff's decedent was required to spend various sums of money for medical care and treatment necessitated by said injuries all to her loss and damage.

12.   As a result of the negligence, carelessness and statutory violations of the Defendant MGR, the Plaintiff's decedent suffered physical and mental pain, anguish and anxiety, as well as conscious pain and suffering.

13.     As a further result of the negligence, carelessness and statutory violations of the Defendant MGR, the Plaintiff's decedent suffered the premature loss of the enjoyment of all of life's activities.

14.     As a further result of the negligence, carelessness and statutory violations of the Defendant MGR, her Estate incurred funeral and/or burial expenses necessitated by his death, all to its loss and damage.

15.     As a further result of the negligence, carelessness and statutory violations of the Defendant MGR, the Plaintiff's decedent suffered economic loss in the form of loss of the ability to earn income throughout the course of her lifetime.

**FIFTH COUNT:**          **(Loss of Consortium as to Nicolae Marcu Brought By Marshall Jones)**

1-15.   Paragraphs One (1) through Fifteen (15) of the First Count are incorporated and hereby made Paragraphs One (1) through Fifteen (15) of this the Fifth Count as if more fully set forth herein.

16.     As a result of the negligence and carelessness of the Defendant, as aforesaid, the Plaintiff, Marshall Jones, husband of the Plaintiff's decedent, Ashley Jones, has been and will be deprived of the love, comfort, association, companionship, support, services, care, affection, society and consortium of his wife and will continue to suffer such deprivation in the future.

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

**SIXTH COUNT:**          **(Loss of Consortium as to MGR Freight System, Inc. Brought By Marshall Jones)**

1-15.  Paragraphs One (1) through Fifteen (15) of the Fourth Count are incorporated and hereby made Paragraphs One (1) through Fifteen (15) of this the Sixth Count as if more fully set forth herein.

17.     As a result of the negligence and carelessness of the Defendant, as aforesaid, the Plaintiff, Marshall Jones, husband of the Plaintiff's decedent, Ashley Jones, has been and will be deprived of the love, comfort, association, companionship, support, services, care, affection, society and consortium of his wife and will continue to suffer such deprivation in the future.

**SEVENTH COUNT:**       **(Bystander Emotional Distress as to Nicolae Marcu and MGR Freight System, Inc. Brought By Aaliyah Jones, ppa Marshall Jones)**

1-15.  Paragraphs One (1) through Fifteen (15) of the First Count are incorporated and hereby made Paragraphs One (1) through Fifteen (15) of this the Seventh Count as if more fully set forth herein.

16-30. Paragraphs One (1) through Fifteen (15) of the Fourth Count are incorporated and hereby made Paragraphs Sixteen (6) through Thirty (30) of this the Seventh Count as if more fully set forth herein.

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

31.     At all times mentioned herein, the Plaintiff, Marshall Jones, was and is the father of the Plaintiff, Aaliyah Jones, who, at the time of this incident, was a minor child.

32.     At all times mentioned herein, the Plaintiff's decedent, Ashley Jones, was the mother of the Plaintiff, Aaliyah Jones, who, at the time of this incident, was a minor child.

33.     On December 1, 2016, when the Plaintiff's decedent was killed in a motor vehicle collision and her body from the side of the vehicle, her daughter, the Plaintiff, Aaliyah Jones, was in close proximity to her and contemporaneously witnessed get struck by a vehicle, get thrown a distance and land on the pavement, suffer fatal injuries, suffer conscious pain and suffering and die.  As a result, the Plaintiff, Aaliyah Jones, has suffered from nervous shock, extreme emotional turmoil and mental distress, all caused by the sight of her mother getting killed due to the negligence and carelessness of the Defendants.

34.     As a further result of the Defendants' conduct, the Plaintiff, Aaliyah Jones, has suffered painful psychiatric conditions requiring her to undergo mental health counseling, treatment and to receive prescription medications, and requiring her to spend various sums of money for these treatments.

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

35.     As a further result, the Plaintiff, Aaliyah Jones, will likely suffer emotional distress and mental pain for the rest of her life, requiring her to spend additional sums of money for psychiatric and psychological care, mental health care and treatment, and prescription medications, all to her loss and damage.

**EIGHTH COUNT:**          **(Loss of Consortium as to Nicolae Marcu and MGR Freight System, Inc. Brought By Michael Jones, ppa Marshall Jones)**

1-15.   Paragraphs One (1) through Fifteen (15) of the First Count are incorporated and hereby made Paragraphs One (1) through Fifteen (15) of this the Eighth Count as if more fully set forth herein.

16-30. Paragraphs One (1) through Fifteen (15) of the Fourth Count are incorporated and hereby made Paragraphs Sixteen (6) through Thirty (30) of this the Eighth Count as if more fully set forth herein.

31.     The Plaintiff, Michael Jones, at all times hereafter mentioned, was the minor child of Ashley Jones.

32.     As a result of the above incident and the negligence and carelessness of the Defendants, the Plaintiff, Michael Jones, was and will in the future be deprived of the financial support, services, care, affection, comfort, companionship, society and consortium of his mother, Ashley Jones, all to his loss and detriment.

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

**NINTH COUNT:**       **(Loss of Consortium as to Nicolae Marcu and MGR Freight System, Inc. Brought By Aaliyah Jones, ppa Marshall Jones)**

1-15.  Paragraphs One (1) through Fifteen (15) of the First Count are incorporated and hereby made Paragraphs One (1) through Fifteen (15) of this the Ninth Count as if more fully set forth herein.

16-30. Paragraphs One (1) through Fifteen (15) of the Fourth Count are incorporated and hereby made Paragraphs Sixteen (6) through Thirty (30) of this the Ninth Count as if more fully set forth herein.

31.    The Plaintiff, Aaliyah Jones, at all times hereafter mentioned, was the minor child of Ashley Jones.

32.    As a result of the above incident and the negligence and carelessness of the Defendants, the Plaintiff, Aaliyah Jones, was and will in the future be deprived of the financial support, services, care, affection, comfort, companionship, society and consortium of her mother, Ashley Jones, all to her loss and detriment.

**TENTH COUNT:**       **(Wrongful Death Action as to Plan Beta, LLC and Nicolae Marcu Pursuant to § 52-555 of the Connecticut General Statutes Brought By Estate of Ashley Ferguson Jones)**

21

1-3. Paragraphs One (1) through Three (3) of the First Count are incorporated and hereby made Paragraphs One (1) through Three (3) of this the Tenth Count as if more fully set forth herein.

4.    On December 1, 2016 and at all relevant times herein, the Defendant, Plan Beta, LLC, [hereinafter "Defendant Plan Beta"] was and is a New Hampshire Corporation with its principal place of business in Bedford, New Hampshire.

5.    On December 1, 2016 and at all relevant times herein, the Defendant Marcu was and is the principal and sole owner of the Defendant Plan Beta.

6.    On December 1, 2016 was and is an agent, apparent agent, servant and/or employee of the Defendant Plan Beta and was acting within the scope of his agency, apparent agency, servitude and/or employment with the Defendant Plan Beta by operating a tractor trailer truck in the State of Connecticut and on its roadways and highways.

7.    At the same time and place, when the Plaintiff's decedent stopped her vehicle in the emergency shoulder area and exited it to attend to her small child who seated in her car seat in the rear of the vehicle experiencing an urgent sickness, the Defendant Marcu suddenly and without warning drove his tractor trailer truck into said shoulder area, striking the Plaintiff's decedent and her vehicle, causing the Plaintiff's

decedent's body to be thrown through the air more than 70 feet, slamming her to the

ground, and causing her to suffer traumatic injuries that resulted in her untimely death.

      8.      Said collision and the resulting injuries and damages to the Plaintiff's

decedent were caused by the negligence, carelessness, and statutory violations of the

Defendant Marcu in that he:

     a. violated § 14-230 of the Connecticut General Statutes by failing to move his vehicle to the left hand lane when overtaking a parked and/or standing vehicle in the breakdown lane;

     b. violated § 14-240 of the Connecticut General Statutes by failing to drive a reasonable distance from other vehicles, including the Plaintiffs' vehicle;

     c. violated § 14-218a of the Connecticut General Statutes by operating his motor vehicle at an unreasonable rate of speed without due regard for the width, traffic and use of the roadway and the conditions then and there existing;

     d. violated § 14-222 of the Connecticut General Statutes by operating his vehicle recklessly without due regard for the width, traffic and use of the roadway and the conditions then and there existing;

     e. violated § 14-80h of the Connecticut General Statutes by failing to equip or maintain his motor vehicle with adequate brakes;

     f. violated § 14-81 of the Connecticut General Statutes by failing to equip his motor vehicle with an adequate braking system on all wheels;

     g. violated § 14-98a of the Connecticut General Statutes by operating his motor vehicle with unsafe tires;

THE REARDON LAW FIRM, P.C.

Attorneys at Law

160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

h. violated § 14-296aa(b) of the Connecticut General Statutes by operating an electronic device while operating a motor vehicle;

i. violated § 14-296aa(b)(1) of the Connecticut General Statutes by operating a motor vehicle while typing, sending, and/or reading text messages from his cellular telephone;

j. violated 49 C.F.R. § 392.3 of the by operating his motor vehicle while fatigued and/or ill;

k. violated 49 C.F.R. § 392.4 by operating his motor vehicle while under the influence of drugs and/or other substances;

l. violated 49 C.F.R. § 392.5 by operating his motor vehicle while under the influence of alcohol;

m. violated 49 C.F.R. § 392.7 by operating his motor vehicle with parts and/or accessories that were not in good working order;

n. violated 49 C.F.R. § 392.80 by operating his motor vehicle while texting;

o. violated 49 C.F.R. § 392.82 by operating his motor vehicle while using a hand-held mobile telephone;

p. violated 49 C.F.R. § 393.40 by operating his motor vehicle without adequate brakes;

q. violated 49 C.F.R. § 393.42 by operating his motor vehicle without brakes acting on all wheels;

r. violated 49 C.F.R. § 393.48 by operating his motor vehicle without operative brakes;

s. violated 49 C.F.R. § 393.75 by operating his motor vehicle with unsafe tires;

t.  violated 49 C.F.R. § 393.81 by operating his motor vehicle with a horn that was not in such condition as to give an adequate and reliable warning signal;

u.  violated 49 C.F.R. §391.41 by operating a commercial motor vehicle without being physically qualified to do so;

v.  violated 49 C.F.R. §  392.2 by failing to obey the traffic laws of the state in which he was operating;

w.  violated 49 C.F.R. § 395.3 by failing to comply with requirements regarding rest periods and maximum consecutive driving hours;

x.  violated 49 C.F.R. §396.1 by failing to comply with the requirements of 49 C.F.R. Subtitle B, Chapter III, Subchapter B, Part 396 regarding inspection, repair and maintenance;

y.  violated 49 C.F.R. § 396.7 by operating a motor vehicle in an unsafe condition;

z.  failed to move his vehicle to the left hand lane when overtaking a parked and/or standing vehicle in the breakdown lane;

aa. failed to drive a reasonable distance from other vehicles on the roadway;

bb. operated his motor vehicle at an unreasonable rate of speed without due regard for the width, traffic and use of the roadway and the conditions then and there existing;

cc. operated his motor vehicle in a reckless and dangerous manner;

dd. failed to have and keep his vehicle under reasonable and proper control;

ee. failed to apply his brakes in a timely manner or otherwise turn his vehicle so as to avoid a collision;

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

ff. failed to sound his horn or otherwise warn of his impending approach;

gg. was inattentive and failed to keep a proper lookout while operating his motor vehicle when he knew said conduct was likely to cause a collision;

hh. failed to exercise due care and caution and drove his vehicle directly into the side of the Plaintiffs' vehicle thereby causing a collision;

ii. failed to make proper use of his faculties and senses so as to avoid a collision;

jj. failed to equip or maintain his motor vehicle with adequate brakes;

kk. failed to equip or maintain his motor vehicle with adequate and safe tires;

ll. operated his motor vehicle while operating a cellular telephone;

mm.     operated his motor vehicle while typing, sending, and/or reading text messages from his cellular telephone;

nn. failed under all the circumstances then and there existing to take reasonable and proper precautions to avoid the probability of harm to the Plaintiff;

oo. failed to operate his vehicle so as to avoid endangering other lawful users of the roadway; and

pp. struck the side of the Plaintiff's vehicle.

9.      As a result of the negligence, carelessness and statutory violations of the Defendant Marcu, the Plaintiff's decedent's body was thrown through the air and struck the pavement.  As a further result, she sustained multiple traumatic injuries, including dismemberment of her right leg, which was thrown from her body, lacerations,

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

contusions and abrasions to her head, face, neck, chest, abdomen, liver, spleen, lungs and arms, fractures of the jaw, skull, pelvis, spine, ankle and shin, and hemorrhage of the scalp and brain.  As a further result, she experienced conscious pain and suffering before her death.

10.     As a result of the negligence, carelessness, and statutory violations of the Defendant, the Plaintiff's decedent was required to spend various sums of money for medical care and treatment necessitated by said injuries all to her loss and damage.

11.     As a result of the negligence, carelessness and statutory violations of the Defendant, the Plaintiff's decedent suffered physical and mental pain, anguish and anxiety, as well as conscious pain and suffering.

12.     As a further result of the negligence, carelessness and statutory violations of the Defendant, the Plaintiff's decedent suffered the premature loss of the enjoyment of all of life's activities.

13.     As a further result of the negligence, carelessness and statutory violations of the Defendant, her Estate incurred funeral and/or burial expenses necessitated by his death, all to its loss and damage.

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

14.     As a further result of the negligence, carelessness and statutory violations of the Defendant, the Plaintiff's decedent suffered economic loss in the form of loss of the ability to earn income throughout the course of her lifetime.

**ELEVENTH COUNT:**          **(Wrongful Death Action as to Plan Beta, LLC, Inc. Brought By Estate of Ashley Ferguson Jones)**

1-7.     Paragraphs One (1) through Seven (7) of the Tenth Count are incorporated and hereby made Paragraphs One (1) through Seven (7) of this the Eleventh Count as if more fully set forth herein.

8.     The collision and resulting injuries were caused by the negligence, carelessness and statutory violations of the Defendant Plan Beta and its agents, servants and/or employees, including the Defendant Marcu, in one or more of the following respects, in that they:

   a.     violated 49 C.F.R. § 390.3 by failing to teach the Defendant Marcu applicable regulations as provided in 49 C.F.R. Subtitle B, Chapter III, Subchapter B;

   b.     violated 49 C.F.R. § 390.11 by failing to require observance of all applicable duties and prohibitions by the Defendant Marcu;

   c.     violated 49 C.F.R. §391.11 by permitting an unqualified person to drive a commercial motor vehicle;

   d.     violated 49 C.F.R. §391.23 by failing to check the Defendant Marcu's driver's history and references;

28

e.    violated 49 C.F.R. 391.25 by failing to do an annual inquiry and review of driving record for the Defendant Marcu;

f.    violated 49 C.F.R. § 392.3 by permitting the Defendant Marcu to operate a commercial motor vehicle with impaired ability and/or alertness;

g.    violated 49 C.F.R. § 392.6 by permitting and/or requiring the operation of a commercial motor vehicle in such a manner as would necessitate speeding;

h.    violated 49 C.F.R. § 392.80 by permitting the Defendant Marcu to engage in texting while driving a commercial motor vehicle;

i.    violated 49 C.F.R. § 392.82 by permitting the Defendant Marcu to use a hand-held mobile telephone while driving a commercial motor vehicle;

j.    violated 49 C.F.R. § 393.1 by failing to comply with the requirements and specifications of 49 C.F.R. Subtitle B, Chapter III, Subchapter B, Part 393, including but not limited to, Subpart C- Brakes;

k.    violated 49 C.F.R. 395.3 by permitting and/or requiring the Defendant Marcu to operate a motor vehicle without complying with requirements regarding rest periods and maximum consecutive driving hours;

l.    failed to properly train and supervise their employees, agents and/or servants, including the Defendant Marcu, regarding the requirements of 49 C.F.R. § 395.8 and the proper maintenance of a driver duty status record;

m.    violated 49 C.F.R. 396.1 by failing to comply with the requirements of 49 C.F.R. Subtitle B, Chapter III, Subchapter B, Part 396, regarding inspection, repair and maintenance;

n.    violated 49 C.F.R. §396.17 by failing to conduct periodic motor vehicle inspections of said commercial motor vehicle;

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

o.  failed to adequately evaluate and screen employees, agents and/or servants, including the Defendant Marcu, before permitting them to operate a tractor-trailer.

p.  failed to properly maintain and service their tractor-trailer vehicle;

q.  provided their employees, agents and/or servants with improperly maintained, improperly serviced and defective company motor vehicles;

r.  failed to hire an adequate number of employees, agents and/or servants as drivers to safely complete required tasks and responsibilities in a reasonable timeframe thereby preventing the need for said employees, agents and/or servants, including the Defendant Marcu, to rush from one task to another and to work fourteen hours without a break;

s.  allowed driver employees, agents and/or servants, including the Defendant Marcu, to operate company motor vehicles without proper instruction and training regarding the safe operation of a tractor-trailer;

t.  failed to obtain and review driving records for driver employees, agents and/or servants, including the Defendant Marcu, before permitting them to operate a company motor vehicle;

u.  entrusted the Defendant Marcu with a company owned tractor-trailer motor vehicle to operate while in the course of his employ without first verifying and evaluating his ability to operate said motor vehicle safely; and

v.  permitted the Defendant Marcu to drive a commercial motor vehicle without proper knowledge and/or training regarding securing cargo thereon.

9.  As a result of the negligence, carelessness and statutory violations of the

Defendant Plan Beta, the Plaintiff's decedent's body was thrown through the air and

struck the pavement. As a further result, she sustained multiple traumatic injuries, including dismemberment of her right leg, which was thrown from her body, lacerations, contusions and abrasions to her head, face, neck, chest, abdomen, liver, spleen, lungs and arms, fractures of the jaw, skull, pelvis, spine, ankle and shin, and hemorrhage of the scalp and brain. As a further result, she experienced conscious pain and suffering before her death.

10.    As a result of the negligence, carelessness, and statutory violations of the Defendant Plan Beta, the Plaintiff's decedent was required to spend various sums of money for medical care and treatment necessitated by said injuries all to her loss and damage.

11.    As a result of the negligence, carelessness and statutory violations of the Defendant Plan Beta, the Plaintiff's decedent suffered physical and mental pain, anguish and anxiety, as well as conscious pain and suffering.

12.    As a further result of the negligence, carelessness and statutory violations of the Defendant Plan Beta, the Plaintiff's decedent suffered the premature loss of the enjoyment of all of life's activities.

13.     As a further result of the negligence, carelessness and statutory violations of the Defendant Plan Beta, her Estate incurred funeral and/or burial expenses necessitated by his death, all to its loss and damage.

14.     As a further result of the negligence, carelessness and statutory violations of the Defendant Plan Beta, the Plaintiff's decedent suffered economic loss in the form of loss of the ability to earn income throughout the course of her lifetime.

**TWELFTH COUNT:**          **(Loss of Consortium as to Plan Beta, LLC Brought By Marshall Jones)**

1-14.   Paragraphs One (1) through Fourteen (14) of the Eleventh Count are incorporated and hereby made Paragraphs One (1) through Fourteen (14) of this the Twelfth Count as if more fully set forth herein.

15.     As a result of the negligence and carelessness of the Defendant, as aforesaid, the Plaintiff, Marshall Jones, husband of the Plaintiff's decedent, Ashley Jones, has been and will be deprived of the love, comfort, association, companionship, support, services, care, affection, society and consortium of his wife and will continue to suffer such deprivation in the future.

**THIRTEENTH COUNT:**      **(Bystander Emotional Distress as to Nicolae Marcu and Plan Beta, LLC Brought By Aaliyah Jones, ppa Marshall Jones)**

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

1-14.  Paragraphs One (1) through Fourteen (14) of the Tenth Count are incorporated and hereby made Paragraphs One (1) through Fourteen (14) of this the Thirteenth Count as if more fully set forth herein.

15-28. Paragraphs One (1) through Fourteen (14) of the Eleventh Count are incorporated and hereby made Paragraphs Fifteen (15) through Twenty-Eight (28) of this the Thirteenth Count as if more fully set forth herein.

29.  At all times mentioned herein, the Plaintiff, Marshall Jones, was and is the father of the Plaintiff, Aaliyah Jones, who, at the time of this incident, was a minor child.

30.  At all times mentioned herein, the Plaintiff's decedent, Ashley Jones, was the mother of the Plaintiff, Aaliyah Jones, who, at the time of this incident, was a minor child.

31.  On December 1, 2016, when the Plaintiff's decedent was killed in a motor vehicle collision and her body from the side of the vehicle, her daughter, the Plaintiff, Aaliyah Jones, was in close proximity to her and contemporaneously witnessed get struck by a vehicle, get thrown a distance and land on the pavement, suffer fatal injuries, suffer conscious pain and suffering and die.  As a result, the Plaintiff, Aaliyah Jones, has suffered from nervous shock, extreme emotional turmoil and mental

33

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

distress, all caused by the sight of her mother getting killed due to the negligence and carelessness of the Defendants.

32.     As a further result of the Defendants' conduct, the Plaintiff, Aaliyah Jones, has suffered painful psychiatric conditions requiring her to undergo mental health counseling, treatment and to receive prescription medications, and requiring her to spend various sums of money for these treatments.

33.     As a further result, the Plaintiff, Aaliyah Jones, will likely suffer emotional distress and mental pain for the rest of her life, requiring her to spend additional sums of money for psychiatric and psychological care, mental health care and treatment, and prescription medications, all to her loss and damage.

**FOURTEENTH COUNT:**     **(Loss of Consortium as to Nicolae Marcu and Plan Beta, LLC Brought By Michael Jones, ppa Marshall Jones)**

1-14.   Paragraphs One (1) through Fourteen (14) of the Tenth Count are incorporated and hereby made Paragraphs One (1) through Fourteen (14) of this the Fourteenth Count as if more fully set forth herein.

15-28. Paragraphs One (1) through Fourteen (14) of the Eleventh Count are incorporated and hereby made Paragraphs Fifteen (15) through Twenty-Eight (28) of this the Fourteenth Count as if more fully set forth herein.

29.     The Plaintiff, Michael Jones, at all times hereafter mentioned, was the minor child of Ashley Jones.

30.     As a result of the above incident and the negligence and carelessness of the Defendants, the Plaintiff, Michael Jones, was and will in the future be deprived of the financial support, services, care, affection, comfort, companionship, society and consortium of his mother, Ashley Jones, all to his loss and detriment.

**FIFTEENTH COUNT:**      **(Loss of Consortium as to Nicolae Marcu and Plan Beta, LLC Brought By Aaliyah Jones, ppa Marshall Jones)**

1-14.   Paragraphs One (1) through Fourteen (14) of the Tenth Count are incorporated and hereby made Paragraphs One (1) through Fourteen (14) of this the Fifteenth Count as if more fully set forth herein.

15-28. Paragraphs One (1) through Fourteen (14) of the Eleventh Count are incorporated and hereby made Paragraphs Fifteen (15) through Twenty-Eight (28) of this the Fifteenth Count as if more fully set forth herein.

29.     The Plaintiff, Aaliyah Jones, at all times hereafter mentioned, was the minor child of Ashley Jones.

30      As a result of the above incident and the negligence and carelessness of the Defendants, the Plaintiff, Aaliyah Jones, was and will in the future be deprived of the

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

financial support, services, care, affection, comfort, companionship, society and consortium of her mother, Ashley Jones, all to her loss and detriment.

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

**WHEREFORE**, the Plaintiffs claim:

1.   Fair, just and reasonable money damages;

2.   Punitive and exemplary damages;

3.   Double or treble damages pursuant to § 14-295 of the Connecticut General Statutes; and

4.   Attorneys' fees and costs.

THE PLAINTIFFS,

By _____
Kelly E. Reardon, Esq.
**THE REARDON LAW FIRM, P.C.**
Their Attorneys

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

X03-DOCKET NO.: HHD-CV17-6086799-S
RETURN DATE: MARCH 13, 2018

| | | |
|---|---|---|
| ESTATE OF ASHLEY FERGUSON | : | SUPERIOR COURT |
| JONES BY MARSHALL JONES, | : | |
| ADMINISTRATOR, ET AL | : | J.D. OF HARTFORD |
| | : | AT HARTFORD |
| V. | : | |
| | : | |
| MGR FREIGHT SYSTEM, INC., | : | |
| NICOLAE MARCU AND | : | |
| PLAN BETA, LLC | : | FEBRUARY 5, 2018 |

## STATEMENT RE:  AMOUNT IN DEMAND

The amount, legal interest or property in demand is greater than Fifteen

Thousand and No/100 ($15,000.00) Dollars, exclusive of interest and costs.

THE PLAINTIFFS,

By _Kelly Reardon_

Kelly E. Reardon, Esq.
**THE REARDON LAW FIRM, P.C.**
Their Attorneys

38

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed, faxed or electronically delivered on this the 5th day of February 2018 to all counsel and pro se parties of record and that written consent for electronic delivery was received from all counsel and pro se parties of record who were electronically serviced as follows:

Bryn J. Haas, Esq.
Howd & Ludorf, LLC
65 Wethersfield Avenue
Hartford, CT 06114
P: 860-249-1361
F: 860-249-7665
Email: bhass@hl-law.com
*Counsel for Defendants*
*MGR Freight System and*
*Nicolae Marcu*

Commissioner of the Superior Court

39

ORDER   435703

DOCKET NO: HHDCV176086799S                SUPERIOR COURT

JONES, MARSHALL, ADMINISTRATOR            JUDICIAL DISTRICT OF HARTFORD
OF THE ESTATE OF AS Et Al                     AT HARTFORD
  V.
MGR FREIGHT SYSTEM, INC. Et Al            2/1/2018

## ORDER

ORDER REGARDING:
01/23/2018 123.00 MOTION TO CITE ADDITIONAL PARTY

The foregoing, having been considered by the Court, is hereby:

ORDER: GRANTED

The court conducted an initial status conference on January 31, 2018. Defendants, through their counsel, represented to the court that (1) they waive any claim that the certificate of service appended to the motion to cite-in is defective and (2) they have no objection to the granting of the motion.

For the reasons identified in the motion, the motion to cite-in Plan Beta, LLC as a party defendant is hereby granted. It is hereby ordered that plaintiffs amend their complaint and state facts showing the interest of Plan Beta, LLC in this action. Service of process shall be made on Plan Beta, LLC on or before March 1, 2018, with a return date of March 13, 2018.

Judicial Notice (JDNO) was sent regarding this order.

435703

Judge: INGRID L MOLL

X03-DOCKET NO.: HHD-CV17-6086799-S
RETURN DATE: MARCH 13, 2018

| | | |
|---|---|---|
| ESTATE OF ASHLEY FERGUSON | : | SUPERIOR COURT |
| JONES BY MARSHALL JONES, | : | |
| ADMINISTRATOR, ET AL | : | J.D. OF HARTFORD |
| | : | AT HARTFORD |
| V. | : | |
| | : | |
| MGR FREIGHT SYSTEM, INC., | : | |
| NICOLAE MARCU, PLAN BETA, LLC and | : | |
| TOTAL QUALITY LOGISTICS, LLC | : | FEBRUARY 14, 2018 |

## AMENDED COMPLAINT

**FIRST COUNT:**  **(Wrongful Death Action as to MGR Freight System, Inc. and Nicolae Marcu Pursuant to § 52-555 of the Connecticut General Statutes Brought By Estate of Ashley Ferguson Jones)**

1.  On or about December 17, 2016, Marshall Jones was appointed the Administrator of the Estate of Ashley Ferguson Jones, the Plaintiff's decedent, by the Middletown Probate Court and acting as such Administrator brings this action for the injuries and death of his wife, Ashley Ferguson Jones, pursuant to §52-555 of the Connecticut General Statutes.

2.  On December 1, 2016, the Plaintiff's decedent was the operator of a motor vehicle stopped within the emergency shoulder area of Interstate 95 near Old Lyme, Connecticut, for an emergency involving her child.

1

3.      At the same time and place, the Defendant, Nicolae Marcu [hereinafter "Defendant Marcu"], was the operator of a tractor trailer truck traveling on Interstate 95 near Old Lyme, Connecticut.

4.      On December 1, 2016, and at all relevant times, the Defendant, MGR Freight System, Inc. [hereinafter "Defendant MGR"], was and is an Illinois Corporation with its principal place of business in Countryside, Illinois, which owned and operated a trucking company providing transportation and/or shipping services around the country, including in Connecticut.

5.      On December 1, 2016 and at all relevant times, the Defendant Marcu was and is an agent, apparent agent, servant and/or employee of the Defendant MGR and was acting within the scope of his agency, apparent agency, servitude and/or employment with the Defendant MGR by operating a tractor trailer truck in the State of Connecticut and on its roadways and highways.

6.      At the same time and place, the truck operated by the Defendant Marcu was owned by the Defendant MGR.

7.      At all times mentioned herein, the Defendant Marcu was operating said tractor trailer truck with the consent, knowledge, permission and/or authority of the Defendant MGR.

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

8.    At the same time and place, when the Plaintiff's decedent stopped her

vehicle in the emergency shoulder area and exited it to attend to her small child who

seated in her car seat in the rear of the vehicle experiencing an urgent sickness, the

Defendant Marcu suddenly and without warning drove his tractor trailer truck into said

shoulder area, striking the Plaintiff's decedent and her vehicle, causing the Plaintiff's

decedent's body to be thrown through the air more than 70 feet, slamming her to the

ground, and causing her to suffer traumatic injuries that resulted in her untimely death.

9.    Said collision and the resulting injuries and damages to the Plaintiff's

decedent were caused by the negligence, carelessness, and statutory violations of the

Defendant Marcu in that he:

  a.  violated § 14-230 of the Connecticut General Statutes by failing to
      move his vehicle to the left hand lane when overtaking a parked
      and/or standing vehicle in the breakdown lane;

  b.  violated § 14-240 of the Connecticut General Statutes by failing to
      drive a reasonable distance from other vehicles, including the
      Plaintiffs' vehicle;

  c.  violated § 14-218a of the Connecticut General Statutes by
      operating his motor vehicle at an unreasonable rate of speed
      without due regard for the width, traffic and use of the roadway and
      the conditions then and there existing;

  d.  violated § 14-222 of the Connecticut General Statutes by operating
      his vehicle recklessly without due regard for the width, traffic and
      use of the roadway and the conditions then and there existing;

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

e. violated § 14-80h of the Connecticut General Statutes by failing to equip or maintain his motor vehicle with adequate brakes;

f. violated § 14-81 of the Connecticut General Statutes by failing to equip his motor vehicle with an adequate braking system on all wheels;

g. violated § 14-98a of the Connecticut General Statutes by operating his motor vehicle with unsafe tires;

h. violated § 14-296aa(b) of the Connecticut General Statutes by operating an electronic device while operating a motor vehicle;

i. violated § 14-296aa(b)(1) of the Connecticut General Statutes by operating a motor vehicle while typing, sending, and/or reading text messages from his cellular telephone;

j. violated 49 C.F.R. § 392.3 of the by operating his motor vehicle while fatigued and/or ill;

k. violated 49 C.F.R. § 392.4 by operating his motor vehicle while under the influence of drugs and/or other substances;

l. violated 49 C.F.R. § 392.5 by operating his motor vehicle while under the influence of alcohol;

m. violated 49 C.F.R. § 392.7 by operating his motor vehicle with parts and/or accessories that were not in good working order;

n. violated 49 C.F.R. § 392.80 by operating his motor vehicle while texting;

o. violated 49 C.F.R. § 392.82 by operating his motor vehicle while using a hand-held mobile telephone;

p. violated 49 C.F.R. § 393.40 by operating his motor vehicle without adequate brakes;

q. violated 49 C.F.R. § 393.42 by operating his motor vehicle without brakes acting on all wheels;

r. violated 49 C.F.R. § 393.48 by operating his motor vehicle without operative brakes;

s. violated 49 C.F.R. § 393.75 by operating his motor vehicle with unsafe tires;

t. violated 49 C.F.R. § 393.81 by operating his motor vehicle with a horn that was not in such condition as to give an adequate and reliable warning signal;

u. violated 49 C.F.R. §391.41 by operating a commercial motor vehicle without being physically qualified to do so;

v. violated 49 C.F.R. § 392.2 by failing to obey the traffic laws of the state in which he was operating;

w. violated 49 C.F.R. § 395.3 by failing to comply with requirements regarding rest periods and maximum consecutive driving hours;

x. violated 49 C.F.R. §396.1 by failing to comply with the requirements of 49 C.F.R. Subtitle B, Chapter III, Subchapter B, Part 396 regarding inspection, repair and maintenance;

y. violated 49 C.F.R. § 396.7 by operating a motor vehicle in an unsafe condition;

z. failed to move his vehicle to the left hand lane when overtaking a parked and/or standing vehicle in the breakdown lane;

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

aa. failed to drive a reasonable distance from other vehicles on the roadway;

bb. operated his motor vehicle at an unreasonable rate of speed without due regard for the width, traffic and use of the roadway and the conditions then and there existing;

cc. operated his motor vehicle in a reckless and dangerous manner;

dd. failed to have and keep his vehicle under reasonable and proper control;

ee. failed to apply his brakes in a timely manner or otherwise turn his vehicle so as to avoid a collision;

ff. failed to sound his horn or otherwise warn of his impending approach;

gg. was inattentive and failed to keep a proper lookout while operating his motor vehicle when he knew said conduct was likely to cause a collision;

hh. failed to exercise due care and caution and drove his vehicle directly into the side of the Plaintiffs' vehicle thereby causing a collision;

ii. failed to make proper use of his faculties and senses so as to avoid a collision;

jj. failed to equip or maintain his motor vehicle with adequate brakes;

kk. failed to equip or maintain his motor vehicle with adequate and safe tires;

ll. operated his motor vehicle while operating a cellular telephone;

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

mm.    operated his motor vehicle while typing, sending, and/or reading text messages from his cellular telephone;

nn. failed under all the circumstances then and there existing to take reasonable and proper precautions to avoid the probability of harm to the Plaintiff;

oo. failed to operate his vehicle so as to avoid endangering other lawful users of the roadway; and

pp. struck the side of the Plaintiff's vehicle.

10.    As a result of the negligence, carelessness and statutory violations of the Defendant Marcu, the Plaintiff's decedent's body was thrown through the air and struck the pavement. As a further result, she sustained multiple traumatic injuries, including dismemberment of her right leg, which was thrown from her body, lacerations, contusions and abrasions to her head, face, neck, chest, abdomen, liver, spleen, lungs and arms, fractures of the jaw, skull, pelvis, spine, ankle and shin, and hemorrhage of the scalp and brain. As a further result, she experienced conscious pain and suffering before her death.

11.    As a result of the negligence, carelessness, and statutory violations of the Defendant, the Plaintiff's decedent was required to spend various sums of money for medical care and treatment necessitated by said injuries all to her loss and damage.

12.     As a result of the negligence, carelessness and statutory violations of the Defendant, the Plaintiff's decedent suffered physical and mental pain, anguish and anxiety, as well as conscious pain and suffering.

13.     As a further result of the negligence, carelessness and statutory violations of the Defendant, the Plaintiff's decedent suffered the premature loss of the enjoyment of all of life's activities.

14.     As a further result of the negligence, carelessness and statutory violations of the Defendant, her Estate incurred funeral and/or burial expenses necessitated by his death, all to its loss and damage.

15.     As a further result of the negligence, carelessness and statutory violations of the Defendant, the Plaintiff's decedent suffered economic loss in the form of loss of the ability to earn income throughout the course of her lifetime.

**SECOND COUNT:** **(Wrongful Death – Recklessness as to Nicolae Marcu Pursuant to § 14-295 of the Connecticut General Statutes Brought By Estate of Ashley Ferguson Jones)**

1-3.     Paragraphs One (1) through Three (3) of the First Count are incorporated and hereby made Paragraphs One (1) through Three (3) of this the Second Count as if more fully set forth herein.

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

4.      Paragraph Eight (8) of the First Count is incorporated and hereby made

Paragraph Four (4) of this the Second Count as if more fully set forth herein.

5.      The collision and resulting injuries and damages to the Plaintiff's decedent

were caused by the recklessness and misconduct of the Defendant Marcu in one or

more of the following respects, in that he:

a.      operated his vehicle deliberately or with reckless disregard for the safety
of others, in violation of § 14-218a of the Connecticut General Statutes by
driving at an unreasonable rate of speed on a heavily traveled roadway
without due regard for the width, traffic and use of said roadway, even
though he knew or should have known his actions presented a high
degree of danger, yet ignored said risk and danger resulting in the
Defendant driving his vehicle directly into the side of the Plaintiff's
decedent's vehicle; and

b.      operated his vehicle deliberately or with reckless disregard for the safety
of others, in violation of § 14-222 of the Connecticut General Statutes by
operating his motor vehicle recklessly by looking away from the roadway
while operating his vehicle at such a rate of speed as to endanger the life
of any person other than the operator, thereby causing a collision with the
Plaintiff's decedent's vehicle, even though he knew or should have known
his actions presented a high degree of danger, yet ignored said risk and
danger.

6.      Said reckless conduct and statutory violations were in violation of

Connecticut General Statutes § 14-295 and were a substantial factor in causing the

collision and the Plaintiff's decedent's injuries and damages resulting therefrom.

7.      As a result of the reckless conduct and statutory violations of the

Defendant Marcu, the Plaintiff's decedent's body was thrown through the air and struck

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

the pavement.  As a further result, she sustained multiple traumatic injuries, including dismemberment of her right leg, which was thrown from her body, lacerations, contusions and abrasions to her head, face, neck, chest, abdomen, liver, spleen, lungs and arms, fractures of the jaw, skull, pelvis, spine, ankle and shin, and hemorrhage of the scalp and brain.  As a further result, she experienced conscious pain and suffering before her death.

8.      As a result of the reckless conduct and statutory violations of the Defendant, the Plaintiff's decedent was required to spend various sums of money for medical care and treatment necessitated by said injuries all to her loss and damage.

9.      As a result of the reckless conduct and statutory violations of the Defendant, the Plaintiff's decedent suffered physical and mental pain, anguish and anxiety, as well as conscious pain and suffering.

10.     As a further result of the reckless conduct and statutory violations of the Defendant, the Plaintiff's decedent suffered the premature loss of the enjoyment of all of life's activities.

11.     As a further result of the reckless conduct and statutory violations of the Defendant, her Estate incurred funeral and/or burial expenses necessitated by his death, all to its loss and damage.

12.     As a further result of the reckless conduct and statutory violations of the Defendant, the Plaintiff's decedent suffered economic loss in the form of loss of the ability to earn income throughout the course of her lifetime.

**THIRD COUNT:**        **(Wrongful Death – Common Law Recklessness as to Nicolae Marcu Brought By Estate of Ashley Ferguson Jones)**

1-3.     Paragraphs One (1) through Three (3) of the First Count are incorporated and hereby made Paragraphs One (1) through Three (3) of this the Third Count as if more fully set forth herein.

4.     Paragraph Eight (8) of the First Count is incorporated and hereby made Paragraph Four (4) of this the Third Count as if more fully set forth herein.

5.     The collision and resulting injuries and damages to the Plaintiff's decedent were caused by the recklessness and misconduct of the Defendant Marcu in one or more of the following respects, in that he:

    a.  operated his vehicle deliberately or with reckless disregard for the safety of others, including the Plaintiff's decedent, by driving at a high rate of speed and onto the shoulder of the roadway even though he knew or should have known that there was a stopped and/or disabled vehicle on the shoulder and that his actions presented a high degree of danger, yet ignored said risk and danger thereby driving his vehicle directly into the side of the Plaintiff's decedent's vehicle; and

    b.  operated his vehicle deliberately or with reckless disregard for the safety of others, including the Plaintiff's decedent, by looking away from the roadway while accelerating and crossing over into the shoulder of the

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street  •  P.O. Drawer 1430  •  New London, CT 06320  •  Tel. (860) 442-0444  •  Juris No. 102515

roadway, even though he knew or should have known his actions presented a high degree of danger of striking a disabled vehicle on the shoulder of the roadway, yet ignored said risk and danger.

6.  The reckless and wanton conduct of the Defendant Marcu, as aforesaid, was a substantial factor in causing the collision and the Plaintiff's decedent's injuries and damages resulting therefrom.

7.  As a result of the reckless conduct of the Defendant Marcu, the Plaintiff's decedent's body was thrown through the air and struck the pavement.  As a further result, she sustained multiple traumatic injuries, including dismemberment of her right leg, which was thrown from her body, lacerations, contusions and abrasions to her head, face, neck, chest, abdomen, liver, spleen, lungs and arms, fractures of the jaw, skull, pelvis, spine, ankle and shin, and hemorrhage of the scalp and brain.  As a further result, she experienced conscious pain and suffering before her death.

8.  As a result of the reckless conduct of the Defendant, the Plaintiff's decedent was required to spend various sums of money for medical care and treatment necessitated by said injuries all to her loss and damage.

9.  As a result of the reckless conduct of the Defendant, the Plaintiff's decedent suffered physical and mental pain, anguish and anxiety, as well as conscious pain and suffering.

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

10.     As a further result of the reckless conduct of the Defendant, the Plaintiff's decedent suffered the premature loss of the enjoyment of all of life's activities.

11.     As a further result of the reckless conduct of the Defendant, her Estate incurred funeral and/or burial expenses necessitated by his death, all to its loss and damage.

12.     As a further result of the reckless conduct of the Defendant, the Plaintiff's decedent suffered economic loss in the form of loss of the ability to earn income throughout the course of her lifetime.

**FOURTH COUNT:**          **(Wrongful Death Action as to MGR Freight System, Inc. Brought By Estate of Ashley Ferguson Jones)**

1-8.     Paragraphs One (1) through Eight (8) of the First Count are incorporated and hereby made Paragraphs One (1) through Eight (8) of this the Fourth Count as if more fully set forth herein.

9.     The collision and resulting injuries were caused by the negligence, carelessness and statutory violations of the Defendant MGR and its agents, servants and/or employees, including the Defendant Marcu, in one or more of the following respects, in that they:

a.     violated 49 C.F.R. § 390.3 by failing to teach the Defendant Marcu applicable regulations as provided in 49 C.F.R. Subtitle B, Chapter III, Subchapter B;

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

b.     violated 49 C.F.R. § 390.11 by failing to require observance of all applicable duties and prohibitions by the Defendant Marcu;

c.     violated 49 C.F.R. §391.11 by permitting an unqualified person to drive a commercial motor vehicle;

d.     violated 49 C.F.R. §391.23 by failing to check the Defendant Marcu's driver's history and references;

e.     violated 49 C.F.R. 391.25 by failing to do an annual inquiry and review of driving record for the Defendant Marcu;

f.     violated 49 C.F.R. § 392.3 by permitting the Defendant Marcu to operate a commercial motor vehicle with impaired ability and/or alertness;

g.     violated 49 C.F.R. § 392.6 by permitting and/or requiring the operation of a commercial motor vehicle in such a manner as would necessitate speeding;

h.     violated 49 C.F.R. § 392.80 by permitting the Defendant Marcu to engage in texting while driving a commercial motor vehicle;

i.     violated 49 C.F.R. § 392.82 by permitting the Defendant Marcu to use a hand-held mobile telephone while driving a commercial motor vehicle;

j.     violated 49 C.F.R. § 393.1 by failing to comply with the requirements and specifications of 49 C.F.R. Subtitle B, Chapter III, Subchapter B, Part 393, including but not limited to, Subpart C- Brakes;

k.     violated 49 C.F.R. 395.3 by permitting and/or requiring the Defendant Marcu to operate a motor vehicle without complying with requirements regarding rest periods and maximum consecutive driving hours;

l.     failed to properly train and supervise their employees, agents and/or servants, including the Defendant Marcu, regarding the requirements of 49 C.F.R. § 395.8 and the proper maintenance of a driver duty status record;

m.     violated 49 C.F.R. 396.1 by failing to comply with the requirements of 49 C.F.R. Subtitle B, Chapter III, Subchapter B, Part 396, regarding inspection, repair and maintenance;

n.     violated 49 C.F.R. §396.17 by failing to conduct periodic motor vehicle inspections of said commercial motor vehicle;

o.     failed to adequately evaluate and screen employees, agents and/or servants, including the Defendant Marcu, before permitting them to operate a tractor-trailer.

p.     failed to properly maintain and service their tractor-trailer vehicle;

q.     provided their employees, agents and/or servants with improperly maintained, improperly serviced and defective company motor vehicles;

r.     failed to hire an adequate number of employees, agents and/or servants as drivers to safely complete required tasks and responsibilities in a reasonable timeframe thereby preventing the need for said employees, agents and/or servants, including the Defendant Marcu, to rush from one task to another and to work fourteen hours without a break;

s.     allowed driver employees, agents and/or servants, including the Defendant Marcu, to operate company motor vehicles without proper instruction and training regarding the safe operation of a tractor-trailer;

t.     failed to obtain and review driving records for driver employees, agents and/or servants, including the Defendant Marcu, before permitting them to operate a company motor vehicle;

u.     entrusted the Defendant Marcu with a company owned tractor-trailer motor vehicle to operate while in the course of his employ without first verifying and evaluating his ability to operate said motor vehicle safely; and

THE REARDON LAW FIRM, P.C.

Attorneys at Law

160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

v.   permitted the Defendant Marcu to drive a commercial motor vehicle without proper knowledge and/or training regarding securing cargo thereon.

10.    As a result of the negligence, carelessness and statutory violations of the Defendant MGR, the Plaintiff's decedent's body was thrown through the air and struck the pavement.  As a further result, she sustained multiple traumatic injuries, including dismemberment of her right leg, which was thrown from her body, lacerations, contusions and abrasions to her head, face, neck, chest, abdomen, liver, spleen, lungs and arms, fractures of the jaw, skull, pelvis, spine, ankle and shin, and hemorrhage of the scalp and brain.  As a further result, she experienced conscious pain and suffering before her death.

11.    As a result of the negligence, carelessness, and statutory violations of the Defendant MGR, the Plaintiff's decedent was required to spend various sums of money for medical care and treatment necessitated by said injuries all to her loss and damage.

12.    As a result of the negligence, carelessness and statutory violations of the Defendant MGR, the Plaintiff's decedent suffered physical and mental pain, anguish and anxiety, as well as conscious pain and suffering.

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

13.     As a further result of the negligence, carelessness and statutory violations of the Defendant MGR, the Plaintiff's decedent suffered the premature loss of the enjoyment of all of life's activities.

14.     As a further result of the negligence, carelessness and statutory violations of the Defendant MGR, her Estate incurred funeral and/or burial expenses necessitated by his death, all to its loss and damage.

15.     As a further result of the negligence, carelessness and statutory violations of the Defendant MGR, the Plaintiff's decedent suffered economic loss in the form of loss of the ability to earn income throughout the course of her lifetime.

**FIFTH COUNT:**              **(Loss of Consortium as to Nicolae Marcu Brought By Marshall Jones)**

1-15.   Paragraphs One (1) through Fifteen (15) of the First Count are incorporated and hereby made Paragraphs One (1) through Fifteen (15) of this the Fifth Count as if more fully set forth herein.

16.     As a result of the negligence and carelessness of the Defendant, as aforesaid, the Plaintiff, Marshall Jones, husband of the Plaintiff's decedent, Ashley Jones, has been and will be deprived of the love, comfort, association, companionship, support, services, care, affection, society and consortium of his wife and will continue to suffer such deprivation in the future.

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

**SIXTH COUNT:**          **(Loss of Consortium as to MGR Freight System, Inc. Brought By Marshall Jones)**

1-15.   Paragraphs One (1) through Fifteen (15) of the Fourth Count are incorporated and hereby made Paragraphs One (1) through Fifteen (15) of this the Sixth Count as if more fully set forth herein.

17.     As a result of the negligence and carelessness of the Defendant, as aforesaid, the Plaintiff, Marshall Jones, husband of the Plaintiff's decedent, Ashley Jones, has been and will be deprived of the love, comfort, association, companionship, support, services, care, affection, society and consortium of his wife and will continue to suffer such deprivation in the future.

**SEVENTH COUNT:**          **(Bystander Emotional Distress as to Nicolae Marcu and MGR Freight System, Inc. Brought By Aaliyah Jones, ppa Marshall Jones)**

1-15.   Paragraphs One (1) through Fifteen (15) of the First Count are incorporated and hereby made Paragraphs One (1) through Fifteen (15) of this the Seventh Count as if more fully set forth herein.

16-30. Paragraphs One (1) through Fifteen (15) of the Fourth Count are incorporated and hereby made Paragraphs Sixteen (6) through Thirty (30) of this the Seventh Count as if more fully set forth herein.

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

31.     At all times mentioned herein, the Plaintiff, Marshall Jones, was and is the father of the Plaintiff, Aaliyah Jones, who, at the time of this incident, was a minor child.

32.     At all times mentioned herein, the Plaintiff's decedent, Ashley Jones, was the mother of the Plaintiff, Aaliyah Jones, who, at the time of this incident, was a minor child.

33.     On December 1, 2016, when the Plaintiff's decedent was killed in a motor vehicle collision and her body from the side of the vehicle, her daughter, the Plaintiff, Aaliyah Jones, was in close proximity to her and contemporaneously witnessed get struck by a vehicle, get thrown a distance and land on the pavement, suffer fatal injuries, suffer conscious pain and suffering and die.  As a result, the Plaintiff, Aaliyah Jones, has suffered from nervous shock, extreme emotional turmoil and mental distress, all caused by the sight of her mother getting killed due to the negligence and carelessness of the Defendants.

34.     As a further result of the Defendants' conduct, the Plaintiff, Aaliyah Jones, has suffered painful psychiatric conditions requiring her to undergo mental health counseling, treatment and to receive prescription medications, and requiring her to spend various sums of money for these treatments.

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

35.     As a further result, the Plaintiff, Aaliyah Jones, will likely suffer emotional distress and mental pain for the rest of her life, requiring her to spend additional sums of money for psychiatric and psychological care, mental health care and treatment, and prescription medications, all to her loss and damage.

**EIGHTH COUNT:**          **(Loss of Consortium as to Nicolae Marcu and MGR Freight System, Inc. Brought By Michael Jones, ppa Marshall Jones)**

1-15.   Paragraphs One (1) through Fifteen (15) of the First Count are incorporated and hereby made Paragraphs One (1) through Fifteen (15) of this the Eighth Count as if more fully set forth herein.

16-30. Paragraphs One (1) through Fifteen (15) of the Fourth Count are incorporated and hereby made Paragraphs Sixteen (6) through Thirty (30) of this the Eighth Count as if more fully set forth herein.

31.     The Plaintiff, Michael Jones, at all times hereafter mentioned, was the minor child of Ashley Jones.

32.     As a result of the above incident and the negligence and carelessness of the Defendants, the Plaintiff, Michael Jones, was and will in the future be deprived of the financial support, services, care, affection, comfort, companionship, society and consortium of his mother, Ashley Jones, all to his loss and detriment.

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

**NINTH COUNT:**                  **(Loss of Consortium as to Nicolae Marcu and MGR Freight System, Inc. Brought By Aaliyah Jones, ppa Marshall Jones)**

1-15.   Paragraphs One (1) through Fifteen (15) of the First Count are incorporated and hereby made Paragraphs One (1) through Fifteen (15) of this the Ninth Count as if more fully set forth herein.

16-30. Paragraphs One (1) through Fifteen (15) of the Fourth Count are incorporated and hereby made Paragraphs Sixteen (6) through Thirty (30) of this the Ninth Count as if more fully set forth herein.

31.   The Plaintiff, Aaliyah Jones, at all times hereafter mentioned, was the minor child of Ashley Jones.

32.   As a result of the above incident and the negligence and carelessness of the Defendants, the Plaintiff, Aaliyah Jones, was and will in the future be deprived of the financial support, services, care, affection, comfort, companionship, society and consortium of her mother, Ashley Jones, all to her loss and detriment.

**TENTH COUNT:**                  **(Wrongful Death Action as to Plan Beta, LLC and Nicolae Marcu Pursuant to § 52-555 of the Connecticut General Statutes Brought By Estate of Ashley Ferguson Jones)**

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

1-3. Paragraphs One (1) through Three (3) of the First Count are incorporated and hereby made Paragraphs One (1) through Three (3) of this the Tenth Count as if more fully set forth herein.

4.     On December 1, 2016 and at all relevant times herein, the Defendant, Plan Beta, LLC, [hereinafter "Defendant Plan Beta"] was and is a New Hampshire Corporation with its principal place of business in Bedford, New Hampshire.

5.     On December 1, 2016 and at all relevant times herein, the Defendant Marcu was and is the principal and sole owner of the Defendant Plan Beta.

6.      On December 1, 2016 was and is an agent, apparent agent, servant and/or employee of the Defendant Plan Beta and was acting within the scope of his agency, apparent agency, servitude and/or employment with the Defendant Plan Beta by operating a tractor trailer truck in the State of Connecticut and on its roadways and highways.

7.     At the same time and place, when the Plaintiff's decedent stopped her vehicle in the emergency shoulder area and exited it to attend to her small child who seated in her car seat in the rear of the vehicle experiencing an urgent sickness, the Defendant Marcu suddenly and without warning drove his tractor trailer truck into said shoulder area, striking the Plaintiff's decedent and her vehicle, causing the Plaintiff's

decedent's body to be thrown through the air more than 70 feet, slamming her to the

ground, and causing her to suffer traumatic injuries that resulted in her untimely death.

     8.    Said collision and the resulting injuries and damages to the Plaintiff's

decedent were caused by the negligence, carelessness, and statutory violations of the

Defendant Marcu in that he:

    a.  violated § 14-230 of the Connecticut General Statutes by failing to move his vehicle to the left hand lane when overtaking a parked and/or standing vehicle in the breakdown lane;

    b.  violated § 14-240 of the Connecticut General Statutes by failing to drive a reasonable distance from other vehicles, including the Plaintiffs' vehicle;

    c.  violated § 14-218a of the Connecticut General Statutes by operating his motor vehicle at an unreasonable rate of speed without due regard for the width, traffic and use of the roadway and the conditions then and there existing;

    d.  violated § 14-222 of the Connecticut General Statutes by operating his vehicle recklessly without due regard for the width, traffic and use of the roadway and the conditions then and there existing;

    e.  violated § 14-80h of the Connecticut General Statutes by failing to equip or maintain his motor vehicle with adequate brakes;

    f.  violated § 14-81 of the Connecticut General Statutes by failing to equip his motor vehicle with an adequate braking system on all wheels;

    g.  violated § 14-98a of the Connecticut General Statutes by operating his motor vehicle with unsafe tires;

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

h.  violated § 14-296aa(b) of the Connecticut General Statutes by operating an electronic device while operating a motor vehicle;

i.  violated § 14-296aa(b)(1) of the Connecticut General Statutes by operating a motor vehicle while typing, sending, and/or reading text messages from his cellular telephone;

j.  violated 49 C.F.R. § 392.3 of the by operating his motor vehicle while fatigued and/or ill;

k.  violated 49 C.F.R. § 392.4 by operating his motor vehicle while under the influence of drugs and/or other substances;

l.  violated 49 C.F.R. § 392.5 by operating his motor vehicle while under the influence of alcohol;

m. violated 49 C.F.R. § 392.7 by operating his motor vehicle with parts and/or accessories that were not in good working order;

n.  violated 49 C.F.R. § 392.80 by operating his motor vehicle while texting;

o.  violated 49 C.F.R. § 392.82 by operating his motor vehicle while using a hand-held mobile telephone;

p.  violated 49 C.F.R. § 393.40 by operating his motor vehicle without adequate brakes;

q.  violated 49 C.F.R. § 393.42 by operating his motor vehicle without brakes acting on all wheels;

r.  violated 49 C.F.R. § 393.48 by operating his motor vehicle without operative brakes;

s.  violated 49 C.F.R. § 393.75 by operating his motor vehicle with unsafe tires;

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

t.  violated 49 C.F.R. § 393.81 by operating his motor vehicle with a horn that was not in such condition as to give an adequate and reliable warning signal;

u.  violated 49 C.F.R. §391.41 by operating a commercial motor vehicle without being physically qualified to do so;

v.  violated 49 C.F.R. § 392.2 by failing to obey the traffic laws of the state in which he was operating;

w.  violated 49 C.F.R. § 395.3 by failing to comply with requirements regarding rest periods and maximum consecutive driving hours;

x.  violated 49 C.F.R. §396.1 by failing to comply with the requirements of 49 C.F.R. Subtitle B, Chapter III, Subchapter B, Part 396 regarding inspection, repair and maintenance;

y.  violated 49 C.F.R. § 396.7 by operating a motor vehicle in an unsafe condition;

z.  failed to move his vehicle to the left hand lane when overtaking a parked and/or standing vehicle in the breakdown lane;

aa. failed to drive a reasonable distance from other vehicles on the roadway;

bb. operated his motor vehicle at an unreasonable rate of speed without due regard for the width, traffic and use of the roadway and the conditions then and there existing;

cc. operated his motor vehicle in a reckless and dangerous manner;

dd. failed to have and keep his vehicle under reasonable and proper control;

ee. failed to apply his brakes in a timely manner or otherwise turn his vehicle so as to avoid a collision;

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

ff.  failed to sound his horn or otherwise warn of his impending approach;

gg. was inattentive and failed to keep a proper lookout while operating his motor vehicle when he knew said conduct was likely to cause a collision;

hh. failed to exercise due care and caution and drove his vehicle directly into the side of the Plaintiffs' vehicle thereby causing a collision;

ii.  failed to make proper use of his faculties and senses so as to avoid a collision;

jj.  failed to equip or maintain his motor vehicle with adequate brakes;

kk. failed to equip or maintain his motor vehicle with adequate and safe tires;

ll.  operated his motor vehicle while operating a cellular telephone;

mm.      operated his motor vehicle while typing, sending, and/or reading text messages from his cellular telephone;

nn. failed under all the circumstances then and there existing to take reasonable and proper precautions to avoid the probability of harm to the Plaintiff;

oo. failed to operate his vehicle so as to avoid endangering other lawful users of the roadway; and

pp. struck the side of the Plaintiff's vehicle.

9.    As a result of the negligence, carelessness and statutory violations of the Defendant Marcu, the Plaintiff's decedent's body was thrown through the air and struck the pavement.  As a further result, she sustained multiple traumatic injuries, including dismemberment of her right leg, which was thrown from her body, lacerations,

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

contusions and abrasions to her head, face, neck, chest, abdomen, liver, spleen, lungs and arms, fractures of the jaw, skull, pelvis, spine, ankle and shin, and hemorrhage of the scalp and brain.  As a further result, she experienced conscious pain and suffering before her death.

10.     As a result of the negligence, carelessness, and statutory violations of the Defendant, the Plaintiff's decedent was required to spend various sums of money for medical care and treatment necessitated by said injuries all to her loss and damage.

11.     As a result of the negligence, carelessness and statutory violations of the Defendant, the Plaintiff's decedent suffered physical and mental pain, anguish and anxiety, as well as conscious pain and suffering.

12.     As a further result of the negligence, carelessness and statutory violations of the Defendant, the Plaintiff's decedent suffered the premature loss of the enjoyment of all of life's activities.

13.     As a further result of the negligence, carelessness and statutory violations of the Defendant, her Estate incurred funeral and/or burial expenses necessitated by his death, all to its loss and damage.

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

14.     As a further result of the negligence, carelessness and statutory violations

of the Defendant, the Plaintiff's decedent suffered economic loss in the form of loss of

the ability to earn income throughout the course of her lifetime.

**ELEVENTH COUNT:**     **(Wrongful Death Action as to Plan Beta, LLC, Inc.
Brought By Estate of Ashley Ferguson Jones)**

1-7.     Paragraphs One (1) through Seven (7) of the Tenth Count are

incorporated and hereby made Paragraphs One (1) through Seven (7) of this the

Eleventh Count as if more fully set forth herein.

8.     The collision and resulting injuries were caused by the negligence,

carelessness and statutory violations of the Defendant Plan Beta and its agents,

servants and/or employees, including the Defendant Marcu, in one or more of the

following respects, in that they:

a.     violated 49 C.F.R. § 390.3 by failing to teach the Defendant Marcu
applicable regulations as provided in 49 C.F.R. Subtitle B, Chapter III,
Subchapter B;

b.     violated 49 C.F.R. § 390.11 by failing to require observance of all
applicable duties and prohibitions by the Defendant Marcu;

c.     violated 49 C.F.R. §391.11 by permitting an unqualified person to drive a
commercial motor vehicle;

d.     violated 49 C.F.R. §391.23 by failing to check the Defendant Marcu's
driver's history and references;

28

e.     violated 49 C.F.R. 391.25 by failing to do an annual inquiry and review of driving record for the Defendant Marcu;

f.     violated 49 C.F.R. § 392.3 by permitting the Defendant Marcu to operate a commercial motor vehicle with impaired ability and/or alertness;

g.     violated 49 C.F.R. § 392.6 by permitting and/or requiring the operation of a commercial motor vehicle in such a manner as would necessitate speeding;

h.     violated 49 C.F.R. § 392.80 by permitting the Defendant Marcu to engage in texting while driving a commercial motor vehicle;

i.     violated 49 C.F.R. § 392.82 by permitting the Defendant Marcu to use a hand-held mobile telephone while driving a commercial motor vehicle;

j.     violated 49 C.F.R. § 393.1 by failing to comply with the requirements and specifications of 49 C.F.R. Subtitle B, Chapter III, Subchapter B, Part 393, including but not limited to, Subpart C- Brakes;

k.     violated 49 C.F.R. 395.3 by permitting and/or requiring the Defendant Marcu to operate a motor vehicle without complying with requirements regarding rest periods and maximum consecutive driving hours;

l.     failed to properly train and supervise their employees, agents and/or servants, including the Defendant Marcu, regarding the requirements of 49 C.F.R. § 395.8 and the proper maintenance of a driver duty status record;

m.     violated 49 C.F.R. 396.1 by failing to comply with the requirements of 49 C.F.R. Subtitle B, Chapter III, Subchapter B, Part 396, regarding inspection, repair and maintenance;

n.     violated 49 C.F.R. §396.17 by failing to conduct periodic motor vehicle inspections of said commercial motor vehicle;

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

o.     failed to adequately evaluate and screen employees, agents and/or servants, including the Defendant Marcu, before permitting them to operate a tractor-trailer.

p.     failed to properly maintain and service their tractor-trailer vehicle;

q.     provided their employees, agents and/or servants with improperly maintained, improperly serviced and defective company motor vehicles;

r.     failed to hire an adequate number of employees, agents and/or servants as drivers to safely complete required tasks and responsibilities in a reasonable timeframe thereby preventing the need for said employees, agents and/or servants, including the Defendant Marcu, to rush from one task to another and to work fourteen hours without a break;

s.     allowed driver employees, agents and/or servants, including the Defendant Marcu, to operate company motor vehicles without proper instruction and training regarding the safe operation of a tractor-trailer;

t.     failed to obtain and review driving records for driver employees, agents and/or servants, including the Defendant Marcu, before permitting them to operate a company motor vehicle;

u.     entrusted the Defendant Marcu with a company owned tractor-trailer motor vehicle to operate while in the course of his employ without first verifying and evaluating his ability to operate said motor vehicle safely; and

v.     permitted the Defendant Marcu to drive a commercial motor vehicle without proper knowledge and/or training regarding securing cargo thereon.

9.     As a result of the negligence, carelessness and statutory violations of the

Defendant Plan Beta, the Plaintiff's decedent's body was thrown through the air and

struck the pavement.  As a further result, she sustained multiple traumatic injuries, including dismemberment of her right leg, which was thrown from her body, lacerations, contusions and abrasions to her head, face, neck, chest, abdomen, liver, spleen, lungs and arms, fractures of the jaw, skull, pelvis, spine, ankle and shin, and hemorrhage of the scalp and brain.  As a further result, she experienced conscious pain and suffering before her death.

10.    As a result of the negligence, carelessness, and statutory violations of the Defendant Plan Beta, the Plaintiff's decedent was required to spend various sums of money for medical care and treatment necessitated by said injuries all to her loss and damage.

11.    As a result of the negligence, carelessness and statutory violations of the Defendant Plan Beta, the Plaintiff's decedent suffered physical and mental pain, anguish and anxiety, as well as conscious pain and suffering.

12.    As a further result of the negligence, carelessness and statutory violations of the Defendant Plan Beta, the Plaintiff's decedent suffered the premature loss of the enjoyment of all of life's activities.

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

13.     As a further result of the negligence, carelessness and statutory violations of the Defendant Plan Beta, her Estate incurred funeral and/or burial expenses necessitated by his death, all to its loss and damage.

14.     As a further result of the negligence, carelessness and statutory violations of the Defendant Plan Beta, the Plaintiff's decedent suffered economic loss in the form of loss of the ability to earn income throughout the course of her lifetime.

**TWELFTH COUNT:**          **(Loss of Consortium as to Plan Beta, LLC Brought By Marshall Jones)**

1-14.   Paragraphs One (1) through Fourteen (14) of the Eleventh Count are incorporated and hereby made Paragraphs One (1) through Fourteen (14) of this the Twelfth Count as if more fully set forth herein.

15.     As a result of the negligence and carelessness of the Defendant, as aforesaid, the Plaintiff, Marshall Jones, husband of the Plaintiff's decedent, Ashley Jones, has been and will be deprived of the love, comfort, association, companionship, support, services, care, affection, society and consortium of his wife and will continue to suffer such deprivation in the future.

**THIRTEENTH COUNT:**       **(Bystander Emotional Distress as to Nicolae Marcu and Plan Beta, LLC Brought By Aaliyah Jones, ppa Marshall Jones)**

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

1-14.  Paragraphs One (1) through Fourteen (14) of the Tenth Count are incorporated and hereby made Paragraphs One (1) through Fourteen (14) of this the Thirteenth Count as if more fully set forth herein.

15-28. Paragraphs One (1) through Fourteen (14) of the Eleventh Count are incorporated and hereby made Paragraphs Fifteen (15) through Twenty-Eight (28) of this the Thirteenth Count as if more fully set forth herein.

29.  At all times mentioned herein, the Plaintiff, Marshall Jones, was and is the father of the Plaintiff, Aaliyah Jones, who, at the time of this incident, was a minor child.

30.  At all times mentioned herein, the Plaintiff's decedent, Ashley Jones, was the mother of the Plaintiff, Aaliyah Jones, who, at the time of this incident, was a minor child.

31.  On December 1, 2016, when the Plaintiff's decedent was killed in a motor vehicle collision and her body from the side of the vehicle, her daughter, the Plaintiff, Aaliyah Jones, was in close proximity to her and contemporaneously witnessed get struck by a vehicle, get thrown a distance and land on the pavement, suffer fatal injuries, suffer conscious pain and suffering and die.  As a result, the Plaintiff, Aaliyah Jones, has suffered from nervous shock, extreme emotional turmoil and mental

distress, all caused by the sight of her mother getting killed due to the negligence and carelessness of the Defendants.

32.     As a further result of the Defendants' conduct, the Plaintiff, Aaliyah Jones, has suffered painful psychiatric conditions requiring her to undergo mental health counseling, treatment and to receive prescription medications, and requiring her to spend various sums of money for these treatments.

33.     As a further result, the Plaintiff, Aaliyah Jones, will likely suffer emotional distress and mental pain for the rest of her life, requiring her to spend additional sums of money for psychiatric and psychological care, mental health care and treatment, and prescription medications, all to her loss and damage.

**FOURTEENTH COUNT:   (Loss of Consortium as to Nicolae Marcu and Plan Beta, LLC Brought By Michael Jones, ppa Marshall Jones)**

1-14.  Paragraphs One (1) through Fourteen (14) of the Tenth Count are incorporated and hereby made Paragraphs One (1) through Fourteen (14) of this the Fourteenth Count as if more fully set forth herein.

15-28. Paragraphs One (1) through Fourteen (14) of the Eleventh Count are incorporated and hereby made Paragraphs Fifteen (15) through Twenty-Eight (28) of this the Fourteenth Count as if more fully set forth herein.

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

29.    The Plaintiff, Michael Jones, at all times hereafter mentioned, was the minor child of Ashley Jones.

30.    As a result of the above incident and the negligence and carelessness of the Defendants, the Plaintiff, Michael Jones, was and will in the future be deprived of the financial support, services, care, affection, comfort, companionship, society and consortium of his mother, Ashley Jones, all to his loss and detriment.

**FIFTEENTH COUNT:**        **(Loss of Consortium as to Nicolae Marcu and Plan Beta, LLC Brought By Aaliyah Jones, ppa Marshall Jones)**

1-14.   Paragraphs One (1) through Fourteen (14) of the Tenth Count are incorporated and hereby made Paragraphs One (1) through Fourteen (14) of this the Fifteenth Count as if more fully set forth herein.

15-28. Paragraphs One (1) through Fourteen (14) of the Eleventh Count are incorporated and hereby made Paragraphs Fifteen (15) through Twenty-Eight (28) of this the Fifteenth Count as if more fully set forth herein.

29.    The Plaintiff, Aaliyah Jones, at all times hereafter mentioned, was the minor child of Ashley Jones.

30    As a result of the above incident and the negligence and carelessness of the Defendants, the Plaintiff, Aaliyah Jones, was and will in the future be deprived of the

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

financial support, services, care, affection, comfort, companionship, society and

consortium of her mother, Ashley Jones, all to her loss and detriment.

**SIXTEENTH COUNT:**          **(Wrongful Death Action as to Total Quality Logistics, LLC and Nicolae Marcu Pursuant to § 52-555 of the Connecticut General Statutes Brought By Estate of Ashley Ferguson Jones)**

1-3. Paragraphs One (1) through Three (3) of the First Count are incorporated

and hereby made Paragraphs One (1) through Three (3) of this the Sixteenth Count as

if more fully set forth herein.

4.      On December 1, 2016 and at all relevant times herein, the Defendant,

Total Quality Logistics, LLC, [hereinafter "Defendant TQL"] was and is an Ohio

Corporation with its principal place of business in Cincinnati, Ohio.

5.      On December 1, 2016 and at all relevant times herein, the Defendant,

Nichoae Marcu, was and is an agent, apparent agent, servant and/or employee of the

Defendant TQL and was acting within the scope of his agency, apparent agency,

servitude and/or employment with the Defendant TQL by operating a tractor trailer truck

in the State of Connecticut and on its roadways and highways.

6.      At the same time and place, when the Plaintiff's decedent stopped her

vehicle in the emergency shoulder area and exited it to attend to her small child who

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

seated in her car seat in the rear of the vehicle experiencing an urgent sickness, the

Defendant Marcu suddenly and without warning drove his tractor trailer truck into said

shoulder area, striking the Plaintiff's decedent and her vehicle, causing the Plaintiff's

decedent's body to be thrown through the air more than 70 feet, slamming her to the

ground, and causing her to suffer traumatic injuries that resulted in her untimely death.

7.    Said collision and the resulting injuries and damages to the Plaintiff's

decedent were caused by the negligence, carelessness, and statutory violations of the

Defendant Marcu in that he:

  a. violated § 14-230 of the Connecticut General Statutes by failing to move
     his vehicle to the left hand lane when overtaking a parked and/or standing
     vehicle in the breakdown lane;

  b. violated § 14-240 of the Connecticut General Statutes by failing to drive a
     reasonable distance from other vehicles, including the Plaintiffs' vehicle;

  c. violated § 14-218a of the Connecticut General Statutes by operating his
     motor vehicle at an unreasonable rate of speed without due regard for the
     width, traffic and use of the roadway and the conditions then and there
     existing;

  d. violated § 14-222 of the Connecticut General Statutes by operating his
     vehicle recklessly without due regard for the width, traffic and use of the
     roadway and the conditions then and there existing;

  e. violated § 14-80h of the Connecticut General Statutes by failing to equip
     or maintain his motor vehicle with adequate brakes;

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

f.   violated § 14-81 of the Connecticut General Statutes by failing to equip his motor vehicle with an adequate braking system on all wheels;

g.   violated § 14-98a of the Connecticut General Statutes by operating his motor vehicle with unsafe tires;

h.   violated § 14-296aa(b) of the Connecticut General Statutes by operating an electronic device while operating a motor vehicle;

i.   violated § 14-296aa(b)(1) of the Connecticut General Statutes by operating a motor vehicle while typing, sending, and/or reading text messages from his cellular telephone;

j.   violated 49 C.F.R. § 392.3 of the by operating his motor vehicle while fatigued and/or ill;

k.   violated 49 C.F.R. § 392.4 by operating his motor vehicle while under the influence of drugs and/or other substances;

l.   violated 49 C.F.R. § 392.5 by operating his motor vehicle while under the influence of alcohol;

m.   violated 49 C.F.R. § 392.7 by operating his motor vehicle with parts and/or accessories that were not in good working order;

n.   violated 49 C.F.R. § 392.80 by operating his motor vehicle while texting;

o.   violated 49 C.F.R. § 392.82 by operating his motor vehicle while using a hand-held mobile telephone;

p.   violated 49 C.F.R. § 393.40 by operating his motor vehicle without adequate brakes;

q.   violated 49 C.F.R. § 393.42 by operating his motor vehicle without brakes acting on all wheels;

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

r.  violated 49 C.F.R. § 393.48 by operating his motor vehicle without operative brakes;

s.  violated 49 C.F.R. § 393.75 by operating his motor vehicle with unsafe tires;

t.  violated 49 C.F.R. § 393.81 by operating his motor vehicle with a horn that was not in such condition as to give an adequate and reliable warning signal;

u.  violated 49 C.F.R. §391.41 by operating a commercial motor vehicle without being physically qualified to do so;

v.  violated 49 C.F.R. §  392.2 by failing to obey the traffic laws of the state in which he was operating;

w.  violated 49 C.F.R. § 395.3 by failing to comply with requirements regarding rest periods and maximum consecutive driving hours;

x.  violated 49 C.F.R. §396.1 by failing to comply with the requirements of 49 C.F.R. Subtitle B, Chapter III, Subchapter B, Part 396 regarding inspection, repair and maintenance;

y.  violated 49 C.F.R. § 396.7 by operating a motor vehicle in an unsafe condition;

z.  failed to move his vehicle to the left hand lane when overtaking a parked and/or standing vehicle in the breakdown lane;

aa. failed to drive a reasonable distance from other vehicles on the roadway;

bb. operated his motor vehicle at an unreasonable rate of speed without due regard for the width, traffic and use of the roadway and the conditions then and there existing;

cc. operated his motor vehicle in a reckless and dangerous manner;

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

dd. failed to have and keep his vehicle under reasonable and proper control;

ee. failed to apply his brakes in a timely manner or otherwise turn his vehicle so as to avoid a collision;

ff. failed to sound his horn or otherwise warn of his impending approach;

gg. was inattentive and failed to keep a proper lookout while operating his motor vehicle when he knew said conduct was likely to cause a collision;

hh. failed to exercise due care and caution and drove his vehicle directly into the side of the Plaintiffs' vehicle thereby causing a collision;

ii. failed to make proper use of his faculties and senses so as to avoid a collision;

jj. failed to equip or maintain his motor vehicle with adequate brakes;

kk. failed to equip or maintain his motor vehicle with adequate and safe tires;

ll. operated his motor vehicle while operating a cellular telephone;

mm.    operated his motor vehicle while typing, sending, and/or reading text messages from his cellular telephone;

nn. failed under all the circumstances then and there existing to take reasonable and proper precautions to avoid the probability of harm to the Plaintiff;

oo. failed to operate his vehicle so as to avoid endangering other lawful users of the roadway; and

pp. struck the side of the Plaintiff's vehicle.

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

8.      As a result of the negligence, carelessness and statutory violations of the Defendant Marcu, the Plaintiff's decedent's body was thrown through the air and struck the pavement.  As a further result, she sustained multiple traumatic injuries, including dismemberment of her right leg, which was thrown from her body, lacerations, contusions and abrasions to her head, face, neck, chest, abdomen, liver, spleen, lungs and arms, fractures of the jaw, skull, pelvis, spine, ankle and shin, and hemorrhage of the scalp and brain.  As a further result, she experienced conscious pain and suffering before her death.

9.      As a result of the negligence, carelessness, and statutory violations of the Defendant, the Plaintiff's decedent was required to spend various sums of money for medical care and treatment necessitated by said injuries all to her loss and damage.

10.     As a result of the negligence, carelessness and statutory violations of the Defendant, the Plaintiff's decedent suffered physical and mental pain, anguish and anxiety, as well as conscious pain and suffering.

11.     As a further result of the negligence, carelessness and statutory violations of the Defendant, the Plaintiff's decedent suffered the premature loss of the enjoyment of all of life's activities.

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

12.     As a further result of the negligence, carelessness and statutory violations

of the Defendant, her Estate incurred funeral and/or burial expenses necessitated by his

death, all to its loss and damage.

13.     As a further result of the negligence, carelessness and statutory violations

of the Defendant, the Plaintiff's decedent suffered economic loss in the form of loss of

the ability to earn income throughout the course of her lifetime.

**SEVENTEENTH COUNT: (Wrongful Death Action as to Total Quality Logistics,
                              LLC, Inc. Brought By Estate of Ashley Ferguson Jones)**

1-6.    Paragraphs One (1) through Six (6) of the Sixteenth Count are

incorporated and hereby made Paragraphs One (1) through Six (6) of this the

Seventeenth Count as if more fully set forth herein.

7.     The collision and resulting injuries were caused by the negligence,

carelessness and statutory violations of the Defendant Plan Beta and its agents,

servants and/or employees, including the Defendant Marcu, in one or more of the

following respects, in that they:

   a.     violated 49 C.F.R. § 390.3 by failing to teach the Defendant Marcu
          applicable regulations as provided in 49 C.F.R. Subtitle B, Chapter III,
          Subchapter B;

   b.     violated 49 C.F.R. § 390.11 by failing to require observance of all
          applicable duties and prohibitions by the Defendant Marcu;

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

c.    violated 49 C.F.R. §391.11 by permitting an unqualified person to drive a commercial motor vehicle;

d.    violated 49 C.F.R. §391.23 by failing to check the Defendant Marcu's driver's history and references;

e.    violated 49 C.F.R. 391.25 by failing to do an annual inquiry and review of driving record for the Defendant Marcu;

f.    violated 49 C.F.R. § 392.3 by permitting the Defendant Marcu to operate a commercial motor vehicle with impaired ability and/or alertness;

g.    violated 49 C.F.R. § 392.6 by permitting and/or requiring the operation of a commercial motor vehicle in such a manner as would necessitate speeding;

h.    violated 49 C.F.R. § 392.80 by permitting the Defendant Marcu to engage in texting while driving a commercial motor vehicle;

i.    violated 49 C.F.R. § 392.82 by permitting the Defendant Marcu to use a hand-held mobile telephone while driving a commercial motor vehicle;

j.    violated 49 C.F.R. § 393.1 by failing to comply with the requirements and specifications of 49 C.F.R. Subtitle B, Chapter III, Subchapter B, Part 393, including but not limited to, Subpart C- Brakes;

k.    violated 49 C.F.R. 395.3 by permitting and/or requiring the Defendant Marcu to operate a motor vehicle without complying with requirements regarding rest periods and maximum consecutive driving hours;

l.    failed to properly train and supervise their employees, agents and/or servants, including the Defendant Marcu, regarding the requirements of 49 C.F.R. § 395.8 and the proper maintenance of a driver duty status record;

THE REARDON LAW FIRM, P.C.

Attorneys at Law

160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

m.    violated 49 C.F.R. 396.1 by failing to comply with the requirements of 49
      C.F.R. Subtitle B, Chapter III, Subchapter B, Part 396, regarding
      inspection, repair and maintenance;

n.    violated 49 C.F.R. §396.17 by failing to conduct periodic motor vehicle
      inspections of said commercial motor vehicle;

o.    failed to adequately evaluate and screen employees, agents and/or
      servants, including the Defendant Marcu, before permitting them to
      operate a tractor-trailer.

p.    failed to properly maintain and service their tractor-trailer vehicle;

q.    provided their employees, agents and/or servants with improperly
      maintained, improperly serviced and defective company motor vehicles;

r.    failed to hire an adequate number of employees, agents and/or servants
      as drivers to safely complete required tasks and responsibilities in a
      reasonable timeframe thereby preventing the need for said employees,
      agents and/or servants, including the Defendant Marcu, to rush from one
      task to another and to work fourteen hours without a break;

s.    allowed driver employees, agents and/or servants, including the
      Defendant Marcu, to operate company motor vehicles without proper
      instruction and training regarding the safe operation of a tractor-trailer;

t.    failed to obtain and review driving records for driver employees, agents
      and/or servants, including the Defendant Marcu, before permitting them to
      operate a company motor vehicle;

u.    entrusted the Defendant Marcu with a company owned tractor-trailer
      motor vehicle to operate while in the course of his employ without first
      verifying and evaluating his ability to operate said motor vehicle safely;
      and

   v.  permitted the Defendant Marcu to drive a commercial motor vehicle without proper knowledge and/or training regarding securing cargo thereon.

   8.  As a result of the negligence, carelessness and statutory violations of the Defendant TQL, the Plaintiff's decedent's body was thrown through the air and struck the pavement.  As a further result, she sustained multiple traumatic injuries, including dismemberment of her right leg, which was thrown from her body, lacerations, contusions and abrasions to her head, face, neck, chest, abdomen, liver, spleen, lungs and arms, fractures of the jaw, skull, pelvis, spine, ankle and shin, and hemorrhage of the scalp and brain.  As a further result, she experienced conscious pain and suffering before her death.

   9.  As a result of the negligence, carelessness, and statutory violations of the Defendant TQL, the Plaintiff's decedent was required to spend various sums of money for medical care and treatment necessitated by said injuries all to her loss and damage.

   10.  As a result of the negligence, carelessness and statutory violations of the Defendant TQL, the Plaintiff's decedent suffered physical and mental pain, anguish and anxiety, as well as conscious pain and suffering.

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

11.     As a further result of the negligence, carelessness and statutory violations of the Defendant TQL, the Plaintiff's decedent suffered the premature loss of the enjoyment of all of life's activities.

12.     As a further result of the negligence, carelessness and statutory violations of the Defendant TQL, her Estate incurred funeral and/or burial expenses necessitated by his death, all to its loss and damage.

13.     As a further result of the negligence, carelessness and statutory violations of the Defendant TQL, the Plaintiff's decedent suffered economic loss in the form of loss of the ability to earn income throughout the course of her lifetime.

**EIGHTEENTH COUNT:     (Loss of Consortium as to Total Quality Logistics, LLC Brought By Marshall Jones)**

1-13.   Paragraphs One (1) through Thirteen (13) of the Seventeenth Count are incorporated and hereby made Paragraphs One (1) through Thirteen (13) of this the Eighteenth Count as if more fully set forth herein.

14.     As a result of the negligence and carelessness of the Defendant, as aforesaid, the Plaintiff, Marshall Jones, husband of the Plaintiff's decedent, Ashley Jones, has been and will be deprived of the love, comfort, association, companionship, support, services, care, affection, society and consortium of his wife and will continue to suffer such deprivation in the future.

**NINETEENTH COUNT:** **(Bystander Emotional Distress as to Nicolae Marcu and Total Quality Logistics, LLC Brought By Aaliyah Jones, ppa Marshall Jones)**

1-13.  Paragraphs One (1) through Thirteen (13) of the Sixteenth Count are incorporated and hereby made Paragraphs One (1) through Thirteen (13) of this the Nineteenth Count as if more fully set forth herein.

14-26. Paragraphs One (1) through Thirteen (13) of the Seventeenth Count are incorporated and hereby made Paragraphs Fourteen (14) through Twenty-Six (26) of this the Nineteenth Count as if more fully set forth herein.

27.  At all times mentioned herein, the Plaintiff, Marshall Jones, was and is the father of the Plaintiff, Aaliyah Jones, who, at the time of this incident, was a minor child.

28.  At all times mentioned herein, the Plaintiff's decedent, Ashley Jones, was the mother of the Plaintiff, Aaliyah Jones, who, at the time of this incident, was a minor child.

29.  On December 1, 2016, when the Plaintiff's decedent was killed in a motor vehicle collision and her body from the side of the vehicle, her daughter, the Plaintiff, Aaliyah Jones, was in close proximity to her and contemporaneously witnessed get struck by a vehicle, get thrown a distance and land on the pavement, suffer fatal injuries, suffer conscious pain and suffering and die.  As a result, the Plaintiff, Aaliyah

Jones, has suffered from nervous shock, extreme emotional turmoil and mental distress, all caused by the sight of her mother getting killed due to the negligence and carelessness of the Defendants.

30.    As a further result of the Defendants' conduct, the Plaintiff, Aaliyah Jones, has suffered painful psychiatric conditions requiring her to undergo mental health counseling, treatment and to receive prescription medications, and requiring her to spend various sums of money for these treatments.

31.    As a further result, the Plaintiff, Aaliyah Jones, will likely suffer emotional distress and mental pain for the rest of her life, requiring her to spend additional sums of money for psychiatric and psychological care, mental health care and treatment, and prescription medications, all to her loss and damage.

**TWENTIETH COUNT:**      **(Loss of Consortium as to Nicolae Marcu and Total Quality Logistics, LLC Brought By Michael Jones, ppa Marshall Jones)**

1-13.    Paragraphs One (1) through Thirteen (13) of the Sixteenth Count are incorporated and hereby made Paragraphs One (1) through Thirteen (13) of this the Twentieh Count as if more fully set forth herein.

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

14-26. Paragraphs One (1) through Thirteen (13) of the Seventeenth Count are incorporated and hereby made Paragraphs Fourteen (14) through Twenty-Six (26) of this the Twentieth Count as if more fully set forth herein.

27.    The Plaintiff, Michael Jones, at all times hereafter mentioned, was the minor child of Ashley Jones.

28.    As a result of the above incident and the negligence and carelessness of the Defendants, the Plaintiff, Michael Jones, was and will in the future be deprived of the financial support, services, care, affection, comfort, companionship, society and consortium of his mother, Ashley Jones, all to his loss and detriment.

**TWENTY-FIRST COUNT: (Loss of Consortium as to Nicolae Marcu and Total Quality Logistics, LLC Brought By Aaliyah Jones, ppa Marshall Jones)**

1-13.   Paragraphs One (1) through Thirteen (13) of the Sixteenth Count are incorporated and hereby made Paragraphs One (1) through Thirteen (13) of this the Twenty-First Count as if more fully set forth herein.

14-26. Paragraphs One (1) through Thirteen (13) of the Seventeenth Count are incorporated and hereby made Paragraphs Fourteen (14) through Twenty-Six (26) of this the Twenty-First Count as if more fully set forth herein.

27.   The Plaintiff, Aaliyah Jones, at all times hereafter mentioned, was the minor child of Ashley Jones.

28   As a result of the above incident and the negligence and carelessness of the Defendants, the Plaintiff, Aaliyah Jones, was and will in the future be deprived of the financial support, services, care, affection, comfort, companionship, society and consortium of her mother, Ashley Jones, all to her loss and detriment.

**WHEREFORE**, the Plaintiffs claim:

1.  Fair, just and reasonable money damages;

2.  Punitive and exemplary damages;

3.  Double or treble damages pursuant to § 14-295 of the Connecticut General Statutes; and

4.  Attorneys' fees and costs.

THE PLAINTIFFS,

By _____ ,
Kelly E. Reardon, Esq.
**THE REARDON LAW FIRM, P.C.**
Their Attorneys

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

X03-DOCKET NO.: HHD-CV17-6086799-S
RETURN DATE: MARCH 13, 2018

| | | |
|---|---|---|
| ESTATE OF ASHLEY FERGUSON | : | SUPERIOR COURT |
| JONES BY MARSHALL JONES, | : | |
| ADMINISTRATOR, ET AL | : | J.D. OF HARTFORD |
| | : | AT HARTFORD |
| V. | : | |
| | : | |
| MGR FREIGHT SYSTEM, INC., | : | |
| NICOLAE MARCU, PLAN BETA, LLC and | : | |
| TOTAL QUALITY LOGISTICS, LLC | : | FEBRUARY 14, 2018 |

### STATEMENT RE:  AMOUNT IN DEMAND

The amount, legal interest or property in demand is greater than Fifteen

Thousand and No/100 ($15,000.00) Dollars, exclusive of interest and costs.

THE PLAINTIFFS,

By _Kelly Reardon_

Kelly E. Reardon, Esq.
**THE REARDON LAW FIRM, P.C.**
Their Attorneys

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed, faxed or electronically delivered on this the 14th day of February 2018 to all counsel and pro se parties of record and that written consent for electronic delivery was received from all counsel and pro se parties of record who were electronically serviced as follows:

Bryn J. Haas, Esq.
Howd & Ludorf, LLC
65 Wethersfield Avenue
Hartford, CT 06114
P:  860-249-1361
F:  860-249-7665
Email:  bhass@hl-law.com
*Counsel for Defendants*
*MGR Freight System and*
*Nicolae Marcu*

Commissioner of the Superior Court

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

ORDER   435703

DOCKET NO: HHDCV176086799S

SUPERIOR COURT

JONES, MARSHALL, ADMINISTRATOR
OF THE ESTATE OF AS Et Al
   V.
MGR FREIGHT SYSTEM, INC. Et Al

JUDICIAL DISTRICT OF HARTFORD
   AT HARTFORD

2/9/2018

<u>ORDER</u>

ORDER REGARDING:
02/05/2018 127.00 MOTION TO CITE ADDITIONAL PARTY

The foregoing, having been considered by the Court, is hereby:

ORDER: GRANTED

Absent objection, and for the reasons identified in the motion, the motion to cite-in Total Quality
Logistics, LLC as a party defendant is hereby granted. It is hereby ordered that plaintiffs amend their
complaint and state facts showing the interest of Total Quality Logistics, LLC in this action. Service of
process shall be made on Total Quality Logistics, LLC on or before March 1, 2018, with a return date of
March 13, 2018.

Judicial Notice (JDNO) was sent regarding this order.

435703
_____

Judge: INGRID L MOLL

## OFFICER'S RETURN

STATE OF CONNECTICUT

                          ss: Hartford,                      February 20, 2018

COUNTY OF HARTFORD

Then and there by virtue hereof, on February 20, 2018, I served the within named out of state defendant four (4) **Total Quality Logistics, LLC,** pursuant to C.G.S. 34-275a, by leaving two true and attested copies of original WRIT, SUMMONS, AND AMENDED COMPLAINT, and a fee of $50.00 with its Agent for Service, **Secretary of State, 30 Trinity Street, Hartford, CT 06106,** with my endorsements thereon.

Then on February 20, 2018, I served the within named out of state defendant four (4) **Total Quality Logistics, LLC,** by leaving a true and attested copy of original WRIT, SUMMONS, AND AMENDED COMPLAINT, and a fee of $20.00, with its Agent for Service, **Department of Motor Vehicle, 60 State Street, Wethersfield, CT 06109,** with my endorsements thereon.

Then on February 20, 2018, I served the within named out of state defendant four (4) **Total Quality Logistics, LLC,** by depositing at the Wethersfield Post Office, via certified mail, return receipt requested, a true and attested copy of the original WRIT, SUMMONS, AND AMENDED COMPLAINT, addressed to: **The Secretary, Total Quality Logistics, LLC 4289 Ivy Pointe Boulevard, Cincinnati, OH 45245,** with my endorsements thereon.

Then on February 20, 2018, I served the within named out of state defendant four (4) **Total Quality Logistics, LLC,** by depositing at the Wethersfield Post Office, via certified mail, return receipt requested, a true and attested copy of the original WRIT, SUMMONS, AND AMENDED COMPLAINT, addressed to: **Total Quality Logistics, LLC, c/o KMK Service Corp., One East Fourth Street, Suite 1400, Cincinnati, OH 45202,** with my endorsements thereon.

The within and foregoing is original WRIT, SUMMONS, AND AMENDED COMPLAINT, with my doings hereon endorsed.

Supplemental Return to Follow

ATTEST:

PETER J. PRIVITERA
CT STATE MARSHAL
HARTFORD COUNTY

Service Fee  $  40.00
Copy          275.00
Endorsements   8.40
Secy of State (pd) 50.00
DMV (pd)      20.00
Cert Mail (pd)   18.18
Travel        15.00
        $ 426.58

**SUMMONS - CIVIL**

JD-CV-1  Rev. 10-15
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259,  P.B. §§ 3-1 through 3-21, 8-1, 10-13

STATE OF CONNECTICUT
**SUPERIOR COURT**
www.jud.ct.gov

See other side for instructions

☐ "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.
☒ "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.
☐ "X" if claiming other relief in addition to or in lieu of money or damages.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| Address of court clerk where writ and other papers shall be filed *(Number, street, town and zip code)* *(C.G.S. §§ 51-346, 51-350)* | Telephone number of clerk *(with area code)* | Return Date *(Must be a Tuesday)* | | |
|---|---|---|---|---|
| **95 Washington Street, Hartford, CT 06106** | ( **860** )**548-2700** | **March** Month | **13** Day | **2** 0**18** Year |
| ☒ Judicial District ☐ Housing Session | ☐ G.A. Number: | At *(Town in which writ is returnable) (C.G.S. §§ 51-346, 51-349)* **Hartford** | Case type code *(See list on page 2)* Major: **V**  Minor: **01** | |

For the Plaintiff(s) please enter the appearance of:

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)* | Juris number *(to be entered by attorney only)* |
|---|---|
| **The Reardon Law Firm, P.C., 160 Hempstead Street, New London, CT 06320** | **102515** |

| Telephone number *(with area code)* | Signature of Plaintiff *(If self-represented)* |
|---|---|
| ( **860** ) **442-0444** | |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. | ☐ Yes ☐ No | Email address for delivery of papers under Section 10-13 *(if agreed to)* |
|---|---|---|

| Number of Plaintiffs: **4** | Number of Defendants: **4** | ☒ Form JD-CV-2 attached for additional parties |
|---|---|---|

| Parties | Name *(Last, First, Middle Initial)* and Address of Each party *(Number; Street; P.O. Box; Town; State; Zip; Country, if not USA)* | |
|---|---|---|
| First Plaintiff | Name:  **Estate of Ashley Ferguson Jones, by Marshall Jones** Address: **2 Walnut Street, Middletown, CT 06457** | P-01 |
| Additional Plaintiff | Name:  **Jones, Marshall** Address: **2 Walnut Street, Middletown, CT 06457** | P-02 |
| First Defendant | Name:  **MGR Freight System, Inc.** Address: **500 West Plainfield Road, Countryside, IL 60525** | D-01 |
| Additional Defendant | Name:  **Marcu, Nicolae** Address: **453 Route 101, Bedford, NH 03110** | D-02 |
| Additional Defendant | Name:  **Plan Beta, LLC** Address: **453 Route 101, Bedford, NH 03110** | D-03 |
| Additional Defendant | Name:  **Total Quality Logistics, LLC** Address: **4289 Ivy Pointe Boulevard, Cincinnati, OH 45245** | D-04 |

## Notice to Each Defendant

1. **YOU ARE BEING SUED**. This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at *www.jud.ct.gov*  under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at *www.jud.ct.gov*  under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly.  **The Clerk of Court is not allowed to give advice on legal questions.**

| Signed *(Sign and "X" proper box)* | ☒ Commissioner of the Superior Court ☐ Assistant Clerk | Name of Person Signing at Left **Kelly E. Reardon, Esq.** | Date signed **02/14/2018** |
|---|---|---|---|

| If this Summons is signed by a Clerk: | | For Court Use Only |
|---|---|---|
| a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts. b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law. c. The Clerk is not permitted to give any legal advice in connection with any lawsuit. d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint. | | File Date |

| I certify I have read and understand the above: | Signed *(Self-Represented Plaintiff)* | Date | Docket Number |
|---|---|---|---|

**CIVIL SUMMONS**
**CONTINUATION OF PARTIES**
JD-CV-2   Rev. 9-12

STATE OF CONNECTICUT
**SUPERIOR COURT**

First named Plaintiff *(Last, First, Middle Initial)*
**Estate of Ashley Ferguson Jones, by Marshall Jones**

First named Defendant *(Last, First, Middle Initial)*
**MGR Freight System, Inc.**

## Additional Plaintiffs

| Name *(Last, First, Middle Initial, if individual)* | Address *(Number, Street, Town and Zip Code)* | CODE |
|---|---|---|
| **Jones, Aaliyah, ppa Marshall Jones, 2 Walnut Street, Middletown, CT 06457** | | 03 |
| **Jones, Michael, ppa Marshall Jones, 2 Walnut Street, Middletown, CT 06457** | | 04 |
| | | 05 |
| | | 06 |
| | | 07 |
| | | 08 |
| | | 09 |
| | | 10 |
| | | 11 |
| | | 12 |
| | | 13 |

## Additional Defendants

| Name *(Last, First, Middle Initial, if individual)* | Address *(Number, Street, Town and Zip Code)* | CODE |
|---|---|---|
| | | 05 |
| | | 06 |
| | | 07 |
| | | 08 |
| | | 09 |
| | | 10 |
| | | 11 |
| | 12 | *FOR COURT USE ONLY - File Date* |
| | 13 | |
| | 14 | Docket number |

**CIVIL SUMMONS-Continuation**

Print Form     Reset Form

## OFFICER'S SUPPLEMENTAL RETURN

RETURN DATE: March 13, 2018  :  **SUPERIOR COURT**

**Estate of Ashley Ferguson Jones,
by Marshall Jones, et.al.**  :  **J.D. OF HARTFORD**

VS.  :  **AT HARTFORD**

**MGR Freight System, Inc., et.al.**

**Re: Service for
To: The Secretary
Total Quality Logistics, LLC
4289 Ivy Pointe Boulevard
Cincinnati, OH 45245**

**STATE OF CONNECTICUT:**

:ss: Wethersfield,  **February 26, 2018**

**COUNTY OF HARTFORD:**

At said Town of Wethersfield, on February 20, 2018, I deposited in a U.S. Post Office a letter certified, postage pre-paid, return receipt requested, in which letter contained a verified true and attested copy of the original civil process in this action.

And on February 26, 2018, the signed receipt hereto attached was returned to me.



PRIVITERA
MARSHAL
D COUNTY

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:
*To: The Secretary,
Total Quality Logistics, LLc
4289 Ivy Pointe Boulevard
Cincinnati, OH 45245*

9590 9402 3099 7124 2796 12

2. Article Number (Transfer from service label)
7016 1970 0000 5325 7908

PS Form **3811**, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Carlen Gregen_  ☐ Agent  ☐ Addressee

B. Received by (Printed Name) _Carley Gregen_  C. Date of Delivery 2/23/18

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

## OFFICER'S SUPPLEMENTAL RETURN

RETURN DATE: March 13, 2018     :     **SUPERIOR COURT**

**Estate of Ashley Ferguson Jones,**    :     **J.D. OF HARTFORD**
**by Marshall Jones, et.al.**

VS.     :     **AT HARTFORD**

**MGR Freight System, Inc., et.al.**

**Re: Service for**
**Total Quality Logistics, LLC**
**c/o KMK Service Corp.**
**One East Fourth Street**
**Suite 1400**
**Cincinnati, OH 45202**


**STATE OF CONNECTICUT:**

              **:ss: Wethersfield,**       **February 28, 2018**

**COUNTY OF HARTFORD:**


At said Town of Wethersfield, on February 20, 2018, I deposited in a U.S. Post Office a letter certified, postage pre-paid, return receipt requested, in which letter contained a verified true and attested copy of the original civil process in this action.

And on February 28, 2018, the signed receipt hereto attached was returned to me.