UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARSHALL JONES, *Administrator of the Estate of Ashley Ferguson*, MARSHALL JONES, AALIYAH JONES, *PPA Marshall Jones*, and MICHAEL JONES, *PPA Marshall Jones*, *Plaintiffs*, <br><br> v. <br><br> NICHOLAS MARCU, MGR FREIGHT SYSTEM, INC., PLAN BETA, LLC, and TOTAL QUALITY LOGISTICS, LLC, *Defendants*. | No. 3:18-cv-485 (VAB) |

**RULING AND ORDER ON MOTION FOR PROTECTIVE ORDER**

On November 13, 2018, Defendant MGR Freight System, Inc. ("MGR Freight") moved for a protective order to prevent Marshall Jones, Administrator of the Estate of Ashley Ferguson, Marshall Jones, Aaliyah Jones, PPA Marshall Jones, and Michael Jones, PPA Michael Jones (collectively "Plaintiffs") from conducting a deposition of MGR Freight's Chief Executive Officer ("CEO"), Radomir Dobrosinovic. Motion for Protective Order, dated Nov. 13, 2018 ("Mot."), ECF No. 50.

The deposition is currently scheduled to be held on November 19, 2018 at MGR Freight's corporate headquarters in Countryside, Illinois. Memorandum of Law in Support of Mot., dated Nov. 13, 2018 ("MGR Mem."), ECF No. 50-1, at 1, 3.

For the following reasons, MGR Freight's motion is **GRANTED IN PART AND DENIED IN PART**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Facts Relevant to this Dispute

This action seeks recovery of damages related to a motor vehicle accident on December 1, 2016 on I-95 in Old Lyme, Connecticut. A tractor trailer driven by another Defendant, Nicolae Marcu, allegedly struck and killed Ashley Ferguson Jones. Plaintiffs sued MGR Freight and the other named Defendants in this action for wrongful death, loss of consortium, and bystander emotional distress.

MGR Freight is alleged to have owned the tractor trailer. Documents produced during discovery, however, have raised questions about ownership of the tractor trailer at the time of the accident: whether MGR Freight, or some related entity controlled by MGR Freight's CEO, Radomir Dobrosinovic, owns the tractor trailer. Similarly, documents produced have raised questions as to whether Mr. Marcu was—as he contends—an independent contractor or an employee.

On November 8, 2018, Plaintiffs noticed a deposition duces tecum of Mr. Dobrosinovic for November 19, 2018. *See* Re-Notice of Deposition Duces Tecum, annexed as Ex. A. to Mot., ECF No. 50-3. The deposition sought, inter alia, a "complete inventory of all assets" owned by MGR Freight and by fourteen other entities: MGR Express, Inc., MGR Freight, Inc., MGR Expedited, Inc., MGR Expedited1, LLC, MGR Freight, LLC, MGR Lease, LLC, MGR Auto Lease, LLC, MGR Truck Rental, LLC, MGR Truck Sale, Inc., MGR Logistics, Inc., MGR 016, LLC, MGR 017, LLC, MGR Truck Repair, Inc., and Plainfield 014, LLC. *Id.* ¶ 15.

### B. Procedural History

On November 13, 2018, MGR Freight moved for a protective order to prevent the deposition of Mr. Dobrosinovic. Mot. The Court held a telephone conference on the motion on

November 14, 2018, and set an expedited briefing schedule for Plaintiffs' opposition. Minute Entry, dated Nov. 14, 2018, ECF No. 54; Notice, dated Nov. 14, 2018, ECF No. 53. Plaintiffs filed an opposition the following day. First Objection to Mot., dated Nov. 15, 2018 ("Pls.' Opp."), ECF No. 55.

On November 16, 2018, the Court held a hearing by telephone on the motion. Minute Entry, dated Nov. 16, 2018, ECF No. 57.

## II. STANDARD OF REVIEW

When a party moves for a protective order related to discovery in a civil action, "[t]he court may, on good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including "specifying terms, including time and place or the allocation of expenses, for the disclosure of discovery" and "designating the persons who may be present while the discovery is conducted." FED. R. CIV. P. 26(c)(1).

The "proponent of a protective order bears the burden of demonstrating good cause for imposing limitations on discovery." *Haber v. ASN 50th Street, LLC*, 272 F.R.D. 377, 383 (2011) (citing *Penn Grp., LLC v. Slater*, No. 07-cv-729 (MHD), 2007 WL 2020099, at *13 (S.D.N.Y. June 13, 2007)); *see also Spreadmark, Inc. v. Federated Dep't Stores, Inc.*, 176 F.R.D. 116, 118 (S.D.N.Y. 1997) ("It is the party seeking such an order that bears the burden of proving that the proposed deponent has nothing to contribute.") (citing *Naftchi v. N.Y.U. Med. Ctr.*, 172 F.R.D. 130, 132 (S.D.N.Y. 1997)).

## III. DISCUSSION

### A. Initial Burden

Because the proponent of a protective order to prevent the deposition of a corporate executive bears the burden of showing good cause, they also bear the initial burden of

3

demonstrating that the executive has no unique, relevant knowledge of facts giving rise to the allegations in the litigation. *See, e.g.*, *Haber,* 272 F.R.D. at 383. Typically, that initial burden can be satisfied through the submission of an affidavit from the executive. *See id.* ("The submission of an affidavit by a high-level executive has been found to satisfy a moving party's initial burden of demonstrating that the executive has no unique, relevant knowledge of facts giving rise to the allegations."); *Retail Brand Alliance, Inc. v. Factory Mut. Ins. Co.*, No. 05 Civ. 1031 (RJH)(HBP), 2008 WL 622810, at *6 (S.D.N.Y. Mar. 7, 2008) ("Mr. del Vecchio has submitted an affidavit in which he states that he has no unique personal knowledge of the claims raised in this matter and that any testimony he could give would be duplicative of the testimony already given by other employees of plaintiff . . . . This affidavit satisfies Mr. del Vecchio's initial burden of demonstrating a lack of relevant knowledge."); *Bouchard v. New York Archdiocese*, No. 04 Civ. 9978 (CSH)(HBP), 2007 WL 2728666, at *2–4 (S.D.N.Y. Sept. 19, 2007) ("Cardinal Egan's affidavit satisfies his initial burden of demonstrating a lack of relevant knowledge."); *see also Thomas v. Int'l Bus. Machs.*, 48 F.3d 478, 483 (10th Cir. 1995) (finding district court's protective order justified where IBM Board Chair submitted affidavit stating that he lacked personal knowledge of plaintiff and was unaware of her age, her performance ranking, any work evaluations that she might have received, or that she even worked for IBM).

Where no such affidavit has been submitted, however, courts may still find the initial burden satisfied if the face of the motion demonstrates that the deponent would lack relevant, discoverable information. *See, e.g.*, *Burns v. Bank of Am.*, No. 03 Civ. 1685 (RMB)(JCF), 2007 WL 1589437, at *5 (S.D.N.Y. June 4, 2007) (initial burden satisfied and protective order granted, despite lack of affidavit, where the executive did not work for the company when the

disputed transactions at issue in the case occurred and therefore could not have direct knowledge of relevant facts).

Here, MGR Freight has not submitted an affidavit from Mr. Dobrosinovic. Nevertheless, because Plaintiffs seek discovery of information of corporate entities that are not parties in this litigation, and such information is not, on its face, relevant to this litigation, MGR Freight has met its initial burden.

### B. The Need for Dobrosinovic Testimony

MGR Freight argues that Mr. Dobrosinovic's testimony is not necessary because two other corporate officials, Goca Tomovic and Maya Jesovic, are available to be deposed and have greater relevant firsthand knowledge "of all the facts and issues bearing on liability to MGR Freight System, Inc." than Mr. Dobrosinovic. MGR Mem. at 3. Ms. Tomovic allegedly handles claim prevention and management for MGR Freight, while Ms. Jesovic is allegedly responsible for all safety issues. *Id.* MGR Freight therefore insists that "these depositions should be taken before any effort is made to go forward with a deposition of the CEO of the company." *Id.*

Plaintiffs contend, however, that neither of these officials has the same level of knowledge regarding the issue of the ownership of the tractor trailer, or of Mr. Marcu's employment status, as Mr. Dobrosinovic. In particular, Plaintiffs note that Mr. Dobrosinovic personally "signed the title to the Great Dane trailer that was involved in the collision under the corporate name MGR Lease LLC," and also personally signed "a lease agreement between Mr. Marcu's company, Plan Beta, LLC, a Defendant in this action, and MGR Freight System, Inc. for said trailer." Pls.' Opp. at 4. Plaintiffs have submitted these documents in support of their motion. *See* Certificate of Title, annexed as Ex. A to Pls.' Opp.; Lease Agreement, annexed as Ex. B to Pls.' Opp.

5

The Court agrees with Plaintiffs—to a point—and finds that MGR has not satisfied its ultimate burden of showing good cause to block Mr. Dobrosinovic's deposition.

The Court agrees that this documentary evidence indicates Mr. Dobrosinovic may have relevant information, and that MGR has failed to put forward evidence that meets its burden in proving that he has no such relevant information. MGR's motion for a protective order therefore is **DENIED IN PART**, insofar as it seeks to block the deposition of Mr. Dobrosinovic altogether.

However, an open-ended, searching inquiry into corporate entities not named in this litigation does not seem either warranted, appropriate, or proportional to the needs of this litigation. *See* FED. R. CIV. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action . . . the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."); *Metcalf v. Yale Univ.*, No. 15-cv-1696 (VAB), 2017 WL 6614255, at *2 (D. Conn. Dec. 27, 2017) ("Under this standard, this Court must determine whether the discovery sought is proportional to the needs of the case.").

This action involves a single motor vehicle accident. To permit discovery into every related corporate entity allegedly controlled by Mr. Dobrosinovic—who is himself not a party— would result in discovery neither relevant nor proportional to the needs of this case.

As a result, MGR Freight's motion is **GRANTED IN PART**—to the extent that it seeks to limit discovery into entities that are not parties to this litigation—subject to the following conditions.

The Court finds that the deposition of Mr. Dobrosinovic may only address his role as MGR Freight CEO and any knowledge he may have regarding MGR Freight's ownership of the relevant tractor trailer, the one involved in this accident. To the extent that documents produced in discovery identify corporate entities that are not parties to this case, Plaintiffs may question Mr. Dobrosinovic as CEO of MGR Freight about MGR Freight's relationship with those entities and the extent to which that relationship affects the ownership of the relevant tractor trailer. Mr. Dobrosinovic also may be questioned about his knowledge of Mr. Marcu's employment relationship with MGR Freight.

At this time, without more, no further questioning of Mr. Dobrosinovic will be permitted.[1] In the interest of efficiency, the Court also orders that the depositions of Ms. Tomovic and Ms. Jesovic proceed before Mr. Dobrosinovic's deposition to avoid any redundancy. *See Meisch v. Fifth Transoceanic Shipping Co., Ltd.*, No. 94 Civ 0683 (DAB), 1994 WL 582960, at *1 (S.D.N.Y. Oct. 21, 1994) ("While under the Federal Rules a discovery priority is not established based upon which party notices a deposition or serves interrogatories first, Rule 26(d) authorizes the court to order the sequence of discovery upon motion . . . . An order regarding the sequence of discovery is at the discretion of the trial judge.") (citing *Cruden v. Bank of N.Y.*, 957 F.2d 961, 972 (2d Cir. 1992) ("A trial court enjoys wide discretion in its handling of pre-trial discovery . . . ."); *Gen. Houses v. Marloch Mfg. Corp.*, 239 F.2d 510, 514 (2d Cir. 1956) ("The order of examination is at the discretion of the trial judge . . . .")).

---

[1] Indeed, while the Court need not address the issue at this time, to the extent Plaintiffs believe that additional testimony from Mr. Dobrosinovic may become relevant at some later time for some other reason, the Court is not inclined to permit a second deposition of Mr. Dobrosinovic. *See Dietz v. Bouldin*, 136 S. Ct. 1885, 1889 (2016) ("[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases."). Of course, if Plaintiffs decided to only take the depositions of the other two corporate witnesses from MGR Freight on Monday, November 16, 2018 and not Mr. Dobrosinovic, then a more complete record may allow for a more expansive deposition of him later, if it is warranted.

7

## IV. CONCLUSION

For the reasons stated above, MGR Freight's motion is **GRANTED IN PART AND DENIED IN PART**, as detailed in the ruling set forth above.

**SO ORDERED** this 16th day of November, 2018 at Bridgeport, Connecticut.

      /s/ Victor A. Bolden
Victor A. Bolden
United States District Judge