UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MARSHALL JONES, *Administrator of the Estate of Ashley Ferguson*,
MARSHALL JONES,
AALIYAH JONES, *PPA Marshall Jones*,
and MICHAEL JONES, *PPA Marshall Jones*,
    *Plaintiffs*,

v.

NICHOLAS MARCU, MGR FREIGHT SYSTEM, INC., PLAN BETA, LLC, and TOTAL QUALITY LOGISTICS, LLC,
    *Defendants*.

No. 3:18-cv-485 (VAB)

**RULING AND ORDER ON MOTION TO STAY ALL PROCEEDINGS**

On March 7, 2019, Defendant Total Quality Logistics, LLC moved for an order administratively staying this case and all deadlines for 180 days. Motion to Stay, dated Mar. 7, 2019, ECF No. 66.

For the reasons explained below, the Court **GRANTS** the motion and stays all proceedings in this action until September 6, 2019.

    **I.**    **FACTUAL AND PROCEDURAL BACKGROUND**

In this action, Marshall Jones, Administrator of the Estate of Ashley Ferguson, Marshall Jones, Aaliyah Jones, PPA Marshall Jones, and Michael Jones, PPA Michael Jones (collectively "Plaintiffs") seek to recover damages related to a motor vehicle accident on December 1, 2016 on I-95 in Old Lyme, Connecticut. *See* Notice of Removal, filed Mar. 22, 2018, ECF No. 1, ¶ 1. A tractor trailer, driven by Defendant Nicolae Marcu, allegedly struck and killed Ashley Ferguson Jones. *Id.* ¶ 15.

Plaintiffs sued Mr. Marcu, MGR Freight System, Inc., Plan Beta, LLC, and Total Quality Logistics, LLC in the Connecticut Superior Court for the Judicial District of Hartford, alleging multiple causes of action including wrongful death, loss of consortium, and bystander emotional distress. *Id.*; *see also* Amended Complaint, dated Feb. 14, 2018 ("Am. Compl."), annexed to Notice of Removal, ECF No. 1-2, at 150.

On March 22, 2018, Total Quality Logistics removed the action to this Court. *See* Notice of Removal, dated Mar. 22, 2018, ECF No. 1.

On May 9, 2018, the Court held a telephonic scheduling conference with the parties and entered a pre-trial schedule, with discovery to close by April 19, 2019. *See* Scheduling Order, dated May 9, 2018, ECF No. 26.

On February 8, 2019, Total Quality Logistics moved for an order administratively staying this case and all deadlines for 180 days. Motion to Stay, dated Feb. 8, 2019, ECF No. 61.

On February 28, 2019, Total Quality Logistics filed a supplemental submission informing the Court that "All Defendants are in agreement with Defendant Total Quality Logistics, LLC's motion to stay all proceedings pending outcome of receivership and the Plaintiffs have represented that they will not file an opposition to the motion." Supplement to Motion to Stay, dated Feb. 28, 2019, ECF No. 64.

On March 5, 2019, the Court denied the stay without prejudice to refiling a new motion. *See* Order, dated Mar. 5, 2019, ECF No. 65 ("Spirit is not a party to this action, and it is not clearly stated in the motion what its relationship is to Total Quality Logistics, or to the claims in this action--though it appears that Spirit may be an insurance carrier for Total Quality Logistics . . . . The motion to stay therefore is denied, without prejudice to refiling a new motion that explains Spirit's relationship to Total Quality Logistics and the claims in this action.").

On March 7, 2019, Total Quality Logistics filed a new motion to stay, clarifying that "Spirit is the insurer for [Defendants] MGR and Marcu," and therefore is defending MGR and Mr. Marcu in this action, as well as Total Quality Logistics as an additional insured. Memorandum in Support of Motion to Stay, dated Mar. 7, 2019 ("TQL Mem."), ECF No. 66-1.

## II.    STANDARD OF REVIEW

"'[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012) (quoting *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936)) (citations omitted); *accord Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.") (citing *Landis*, 299 U.S. at 254); *see also Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016) ("[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases.") (citations omitted); *Hicks v. City of N.Y.*, 268 F. Supp. 2d 238, 241 (E.D.N.Y. 2003) ("It is well established that district courts have discretionary authority to stay a case when the interests of justice so require.") (citations omitted).

"The person seeking a stay 'bears the burden of establishing its need.'" *Louis Vuitton*, 676 F.3d at 97 (quoting *Jones*, 520 U.S. at 708).

## III.    DISCUSSION

Total Quality Logistics argues this stay is warranted because on January 18, 2019, Spirit Commercial Auto Risk Retention Group, Inc. ("Spirit"), an insurance company based in Nevada, was placed into temporary receivership by the Eighth Judicial District Court of the State of Nevada in Clark County, Nevada. TQL Mem. at 4. That court appointed Nevada State Insurance

Commissioner Barbara Richardson as Temporary Receiver for Spirit, pending further orders by that court. *See* Order, annexed as Ex. A to TQL Mem, ECF No. 66-2.

Spirit is not a party to this action, but is defending three of the Defendants: Mr. Marcu, MGR Freight System, Inc., and Total Quality Logistics. *See* TQL Mem. at 4.

Because the motion to stay all proceedings is unopposed, and because the receivership may ultimately affect Defendants' ability to settle the case or withstand a judgment, a stay of these proceedings is appropriate at this time.

### IV. CONCLUSION

For the reasons stated above, the Court **GRANTS** Total Quality Logistics's motion and **STAYS** all proceedings in this action until September 6, 2019.

The Court will convene a telephonic scheduling conference on September 5, 2019 at 10:00 a.m. to set new pre-trial deadlines as needed.

Finally, Mr. Marcu's first name appears to be incorrectly spelled in the case caption. *See, e.g.*, Notices of Appearance on behalf of Nicolae Marcu and Plan Beta, LLC, ECF Nos. 14–15; Rule 26(f) Report, dated May 1, 2018, ECF No. 21; TQL Mem. at 3; Am. Compl., ECF No. 1-2, at 150. Accordingly, the Clerk of the Court is respectfully directed to amend the docket and case caption to replace "Nicholas Marcu" with "Nicolae Marcu."

**SO ORDERED** this 8th day of March, 2019 at Bridgeport, Connecticut.

　　　　　　　　　　　　　　　　　　　　　　/s/ Victor A. Bolden
　　　　　　　　　　　　　　　　　　　　　　Victor A. Bolden
　　　　　　　　　　　　　　　　　　　　　　United States District Judge