UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ESTATE OF ASHLEY FERGUSON | : | NO.: 3:18-CV-00485 |
| JONES BY MARSHALL JONES, | : | |
| ADMINISTRATOR, MARSHALL JONES, | : | |
| INDIVIDUALLY, AALIYAH JONES | : | |
| AND MICHAEL JONES, PPA | : | |
| MARSHALL JONES | : | |
| | : | |
| V. | : | |
| | : | |
| NICOLAE MARCU, MGR FREIGHT | : | |
| SYSTEM, INC., PLAN BETTA LLC, | : | |
| AND TOTAL QUALITY LOGISTICS | : | DECEMBER 4, 2019 |

## SUPPLEMENTAL MOTION FOR RELIEF FROM STAY

The Plaintiffs in the above referenced matter, hereby submit this Supplemental Motion for Relief from Stay, in response to the Court's order (Document No. 78). For the reasons discussed below, the Plaintiffs respectfully request this Court to lift the stay to the extent necessary to permit them to proceed with and prosecute to judgment their personal injury claims.

**I.  Introduction**

This action arises out of an incident that occurred on December 1, 2016 on Interstate 95 in Old Lyme Connecticut. The decedent Plaintiff, Ashley Ferguson, was violently struck by a tractor trailer operated by Nicolae Marcu while she was stopped

outside her vehicle tending to a medical emergency of her small child. As a result of the collision, the decedent Plaintiff was thrown more than 70 feet in the air before she was slammed to the ground, causing traumatic injuries that resulted in her untimely death.

On September 8, 2017, the Plaintiffs filed suit against all Defendants in the Superior Court of New London, Connecticut, which was subsequently transferred to the Complex Litigation Docket in the Judicial District of Hartford. On March 22, 2018, the case was transferred to the United States District Court, District of Connecticut. On March 7, 2019, the Defendant Total Quality Logistics, LLC moved for an order administratively staying the case and all deadlines for 180 days stating that an insurance carrier for some Defendants, Spirit Commercial Auto Risk Retention, was in temporary receivership. Shortly thereafter, the Court granted the Motion on March 8, 2019.

## II.   No Cause Exists to Warrant a Stay

As previously argued in the Plaintiffs' Motion for Relief from Stay, dated May 29, 2019, the Nevada State Court's order of receivership has no jurisdiction over the currently pending matter. Furthermore, the bankruptcy courts lack jurisdiction to liquidate a personal injury claim. In re United States Lines, Inc., No. 97 Civ. 6727 (MBM), 1998 WL 382023, at *4 (S.D.N.Y. July 9, 1998), aff'd, 216 F.3d 228 (2d. Cir.

2000).  However, the abundance of case law regarding stays of litigation are created by bankruptcy courts and allow relief from stays for "cause."  The party opposing stay relief has the ultimate burden of disproving the existence of "cause", *but the movant has the initial burden to show that "cause" exists.*  11 U.S.C. Section 362(g)(2); Mazzeo v. Lenhart, 167 F.3d 139, 142 (2d. Cir. 1999); (emphasis added).  Here, the movant, Total Quality, has failed to demonstrate that any good cause exists to warrant a stay of the proceedings against their insured.  As such, the Court should discontinue the stay and allow the Plaintiffs to litigate their claims.

In <u>Sonnax Industry Incorporated v. Tri Component Product Corporation</u>, the Second Circuit listed several factors to consider when determining whether litigation should proceed in a district court with a pending bankruptcy action: (1) whether relief would result in a partial or complete resolution of the issues, (2) whether litigation in another forum would prejudice the interests of other creditors, (3) the interests of judicial economy and the expeditious and economical resolution of litigation, (4) whether the parties are ready for trial in other proceedings, and (5) impact of the stay on the parties and balance of the harms.  907 F.2d 1280, 1286 (2d Cir. 1990).

Here, relief from the stay will ultimately result in the complete resolution of the issues because the Plaintiffs will continue to prosecute their action, including

participating in discovery with the Defendants to determine the extent of insurance coverages for each corporation. Further, in spite of the fact that resolution of the litigation may affect the distributions, the litigation itself will not interfere with the receivership and has the potential to uncover additional coverages that may shift damages to additional policies. Moreover, the stay will result in judicial economy because this action will proceed, along with the Plaintiffs' second action arising out of the same incident that involves various corporate entities owned by the same individual. The continuation of the stay will only further hinder the Plaintiffs' ability to recover compensation by preventing the Plaintiffs from obtaining evidence and deposing witnesses before their recollection is stale.

### III.     The Non-party Insurer's Liquidation Cannot Stay Discovery

As the Defendant, Total Quality, argued in their Motion to Stay the proceedings on March 7, 2019, the Uniform Insurers Rehabilitation and Liquidation Act governs the types of proceedings that may continue when insurance companies, and in this case, risk retention groups, are in receivership. Connecticut's codified version to the Uniform Insurers Rehabilitation and Liquidation Act does not prohibit the prosecution of matters against policyholders, like the Defendant, Total Quality. Rather, our statute prohibits only the prosecution or institution of actions against the insurer, Spirit Commercial,

itself. See Conn. Gen. Stat. Section 38a-907(a)(1)(F) ("an application or petition…shall operate as an automatic stay applicable to all persons…which shall prohibit…the institution or further prosecution of any actions or proceedings in <u>which the insurer is a party</u>") (emphasis added). Spirit is not a party to this action, their policyholder is. As such, the Plaintiffs are not barred from prosecuting their claims against the Defendants because one insurer of a Defendant is in receivership.

The Uniform Act may be construed to prohibit the Plaintiffs from collecting a judgment against a policyholder of an insurer, pursuant to Conn. Gen. Stat. Section 38a-907(a)(1)(G). However, the law does not preclude the Plaintiffs in any way from pursuing discovery and preparing for trial. Therefore, the Court should grant the Plaintiffs' Motion for Relief because there is no legal justification for the stay to continue.

## IV. Conclusion

For the reasons discussed herein, the Plaintiffs respectfully request this Court to enter an Order granting them relief from the automatic stay, to permit them to litigate their federal case currently pending.

THE PLAINTIFFS


By:   /s/ Kelly E. Reardon., Esq.
Kelly E. Reardon, Esq. (ct28441)
THE REARDON LAW FIRM, P.C.
Their Attorneys
160 Hempstead St., PO Drawer 1430
New London, CT   06320
Phone: (860)442-0444
Fax: (860)444-6445
Email: kreardon@reardonlaw.com

## **CERTIFICATION**

I hereby certify that a copy of this **Memorandum** was mailed, faxed or electronically delivered on this 4th day of December, 2019 to all counsel and pro se parties of record and that written consent for electronic delivery was received from all counsel and pro se parties of record who were electronically serviced as follows:

Bryn J. Haas, Esq.
Howd & Ludorf, LLC
65 Wethersfield Avenue
Hartford, CT 06114

Kevin R. Kratzer, Esq.
BoyleShaughnessy Law, PC
280 Trumbull Street
22nd Floor
Hartford, CT 06103

Lawrence L. Connelii, Esq.
Rebecca A. Hartley, Esq.
Regnier Taylor Curran & Eddy
100 Pearl Street
4th Floor
Hartford, CT 06103

Robert D. Moseley, Jr., Esq.
Smith, Moore & Leatherwood
2 West Washington Street
Suite 1100
Greenville, SC 29601

/s/ Kelly E. Reardon, Esq.

Commissioner of the Superior Court